IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARRY MACLEOD | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:15-cv-477 |
| MICHAEL CULVER, HULL | § | |
| TRUCKING, INC., RILEY ANDREW | § | |
| RANSOM and LORRIE LYNN | § | |
| JACKSON-BURSEY | § | |
|     Defendants. | § | |

## NOTICE OF REMOVAL

Defendants Michael Culver and Hull Trucking, Inc. hereby file their Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Northern District of Texas, Dallas Division, of the action numbered and styled *Barry MacLeod v. Michael Culver, Hull Trucking, Inc., Riley Andrew Ransom, and Lorrie Lynn Jackson-Bursey, Cause No. CC-15-00010-A in County Court at Law No. 1, Dallas County, Texas*, (the "Dallas County Case"). A copy of the entire file, including all pleadings filed to date in the Dallas County Case, is attached to this Notice of Removal as Exhibit A and is incorporated by reference. Culver was served with citation on January 12, 2015, and Hull Trucking was also served with citation on January 12, 2015. [*Citations* (Exs. A-9, A-10), APP 88-95]. As set forth below, MacLeod is a citizen of a completely different state from Defendants Culver and Hull Trucking and MacLeod's alleged amount in controversy exceeds $75,000. Furthermore, MacLeod has improperly joined Defendants Ransom and Jackson-Bursey, who were involved in a completely unrelated motor vehicle accident. Therefore, the Court has diversity subject matter jurisdiction over this action.

# I.
# REMOVAL IS TIMELY

1. Defendant Michael Culver ("Culver") and Hull Trucking, Inc. ("Hull Trucking") were served with Plaintiff's Original Petition on January 12, 2015. This Notice of Removal is filed within thirty (30) days of service of the Petition and is timely filed under 28 U.S.C. § 1446(b). Defendants Culver and Hull Trucking both consent to this removal. Culver and Hull Trucking are permitted to remove this case without the consent of Defendant Riley Andrew Ransom ("Ransom") and Defendant Lorrie Lynn Jackson-Bursey ("Jackson-Bursey"), both of whom should be disregarded based on the doctrine of fraudulent or improper joinder. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

# II.
# COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

2. The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties. Plaintiff Barry MacLeod ("MacLeod") is a citizen of a different state from Defendants Culver and Hull Trucking, and neither Defendant Culver nor Defendant Hull Trucking is a citizen of Texas. As a result, complete diversity exists under 28 U.S.C. § 1332.

3. Plaintiff MacLeod was a citizen of Plano, Collin County, Texas at the time this action was filed. Consequently, Plaintiff MacLeod was at the time this action was commenced, and is currently, a citizen of the State of Texas. [*Petition* (Ex. A-1), p. 1, ¶ 1.1, APP 4].

4. Defendant Michael Culver was a citizen of Cape Girardeau County, Missouri at the time this action was filed. Consequently, Defendant Michael Culver was at the time this action commenced, and is currently, a citizen of the State of Missouri. [*Petition* (Ex. A-1), pp. 1-2, ¶ 1.2, APP 4-5, and *Citation* (Ex. A-10), APP 92-95].

5. Defendant Hull Trucking, Inc. is a corporation incorporated under the laws of the State of Missouri, having its principal place of business in Missouri. Consequently, Defendant Hull Trucking, Inc. was at the time this action was commenced, and is currently, a citizen of the State of Missouri and no other state. [*Petition* (Ex. A-1), p. 2, ¶ 1.3, APP 5, and *Citation* (Ex. A-9), APP 88-91].

### III.
### IMPROPER JOINDER

6. Removal cannot be defeated by Plaintiff MacLeod's fraudulent or improper joinder. Under the doctrine of fraudulent or improper joinder, the court can disregard a nondiverse defendant when (1) the plaintiff has fraudulently pleaded jurisdictional facts to add the nondiverse or local defendant, and (2) the plaintiff has no possibility of establishing a cause of action against the nondiverse or local defendant. *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).

7. However, a party can be improperly joined without being fraudulently joined, if the claims against the nondiverse or local defendant have no real connection to the claims against the other defendants. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006). Under both federal and Texas law, defendants are properly joined if (1) "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences", and (2) "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a); *see also* TEX. R. CIV. P. 40(a). *Id.* If these requirements are not met, joinder is improper even if there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants. *Id.* (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir.1996)).

8. Defendants Culver and Hull Trucking assert that Plaintiff MacLeod has engaged in improper joinder, because no real connection exists between (1) MacLeod's claims against Defendants Ransom and Jackson-Bursey, and (2) MacLeod's claims against completely diverse Defendants Culver and Hull Trucking. Nondiverse Defendants Ransom and Jackson-Bursey can be disregarded under the improper joinder doctrine, because (1) there is no joint, several or alternative liability between the diverse Defendants Culver and Hull Trucking and the nondiverse Defendants Ransom and Jackson-Bursey, and (2) the claim against the the diverse Defendants Culver and Hull Trucking has no real connection to the claim against the nondiverse Defendants Ransom and Jackson-Bursey. A court may use Rule 21 to cure improperly joined parties. *MyMail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455, 456 (E.D. Tex. 2004).

9. This lawsuit arises from two separate and unrelated motor vehicle accidents. The first accident occurred on January 30, 2014 in Frisco, Collin County, Texas. Plaintiff MacLeod alleges that he was traveling in a silver-colored 2008 Subaru Legacy and was driving on SH-121 when Culver allegedly made a wide right hand turn and crossed into MacLeod's lane. MacLeod further alleges that he did not have time to react to avoid the collision and collided with Culver's tractor trailer, which was a Hull Trucking vehicle. [*Petition* (Ex. A-1), p. 3, ¶ 4.1, APP 6].

10. More than seven months after the first accident, Plaintiff MacLeod was involved in a second wreck in Denton County, Texas on August 12, 2014. Plaintiff MacLeod alleges that at the time of the second collision, MacLeod was driving his red 2014 Toyota Corolla southbound on SH-121 Business, when his vehicle was impacted from behind while stopped at a red light at the intersection of SH-121 Business and I-35E. The vehicle was a 2000 Ford ZX2 owned by Jackson-Bursey and driven by Ransom. [*Petition* (Ex. A-1), pp. 3-4, ¶ 4.2, APP 6-7].

11. During the time period in between the two accidents, on June 27, 2014, MacLeod filed an Original Petition in the 429th District Court in Collin County, Texas, naming Culver and Hull Trucking as the sole defendants. Because the parties to that Collin County case were completely diverse, Culver and Hull Trucking exercised their Constitutional right to have the matter heard in federal court, and removed MacLeod's cause of action to the United States District Court for the Eastern District of Texas on August 21, 2014 pursuant to 28 U.S.C. § 1332. [*Collin County Notice of Removal* (Exhibit A-11(1)), APP 108-187; *Collin County Civil Docket Sheet for Civil Action No. 4:14-cv-00550* (Exhibit A-11(2)), APP 188-192]. After Culver and Hull Trucking exercised their right to remove the case to federal court, MacLeod voluntarily dismissed the case. [*Collin County Notice of Voluntary Dismissal* (Exhibit A-11(3)), APP 193-196].

12. Now, Plaintiff MacLeod attempts to subvert Culver and Hull Trucking's removal rights by combining the previously-dismissed and completely diverse case with a completely unrelated accident. The claims against Culver and Hull Trucking regarding the January 2014 accident include (1) negligence, (2) negligence per se, (3) negligent entrustment, (4) negligent hiring, supervising, training and/or retention, and (5) respondeat superior. [*Petition* (Ex. A-1), pp. 4-5, ¶¶ 5.1, 5.2, 7.1, 8.1, 9.1, 10.1, APP 7-10]. The claims against Ransom and Jackson-Bursey regarding the August 2014 accident include (1) negligence against Ransom, and (2) negligent entrustment against Jackson-Bursey. [*Petition* (Ex. A-1), pp. 5-7, ¶¶ 6.1, 6.2, 11.1, APP 8-10]. Because the incidents are completely unrelated, the proof regarding liability against the two sets of defendants will likewise be completely unrelated. These lawsuits should have been brought separately, and Plaintiff MacLeod has improperly joined Defendants Ransom and Jackson-Bursey.

13. The parties have no common facts, and each accident must be analyzed separately. Proportionate responsibility will be inapplicable between the two separate accidents. TEX. CIV. PRAC. & REM. CODE § 33.003. Ransom and Jackson-Bursey cannot be assigned any percentage of fault for the first accident. Culver and Hull Trucking cannot be assigned any responsibility with regard to the second accident. Plaintiff MacLeod's portion of responsibility will need to be assessed separately for each accident. Moreover, Plaintiff has not pled, and cannot plead, joint and several liability between the two separate accidents. TEX. CIV. PRAC. & REM. CODE § 33.013.

14. The evidence regarding damages will differ. With regard to damages allegedly caused by Ransom and Jackson-Bursey, Plaintiff MacLeod will not be entitled to damages resulting solely from a pre-existing condition and will be permitted damages only for the aggravation of such pre-existing condition. Texas PJC 28.9; *Dallas Ry. & Terminal Co. v. Ector*, 131 Tex. 505, 507, 116 S.W.2d 683, 685 (Comm'n App. 1938); *Davis v. Moreno*, 579 S.W.2d 309, 312 (Tex. Civ. App.—Corpus Christi 1979). Likewise, Culver and Hull Trucking cannot be charged with any damages resulting from the subsequent accident. Texas PJC 28.8 ("Do not include any amount for any condition that did not result from the occurrence in question.").

15. MacLeod has alleged exemplary damages which are unrelated to each other and must be specifically proven as to each separate defendant and in relation to the facts of the two separate accidents. Texas PJC 28.7C; TEX. CIV. PRAC. & REM. CODE § 41.006 (there should be separate question and answer blank for each defendant against whom exemplary damages are sought). Factors to consider in determining whether an award of exemplary damages are fact-specific and include: (1) the nature of the wrong, (2) the character of the conduct involved, (3) the degree of culpability of the wrongdoer, (4) the situation and sensibilities of the parties

concerned, and (5) the extent to which such conduct offends a public sense of justice and propriety. *Alamo Nat. Bank v. Kraus*, 616 S.W.2d 908, 910 (Tex. 1981). Thus, all exemplary damage inquiries will be fact-specific, accident-specific, and defendant-specific.

16. Allowing Plaintiff MacLeod to proceed against all of his improperly joined defendants precludes Culver and Hull Trucking from removing this case to federal court as is their Constitutional right as parties diverse from Plaintiff MacLeod. U.S. Const. Art. 3, § 2. Neither Culver nor Hull Trucking is a citizen of Dallas County, or for that matter, of Texas. Culver is a resident of Cape Girardeau, Missouri, and Hull Trucking is a corporation incorporated under the laws of the State of Missouri and having its principal place of business in Missouri. Of course, Plaintiff MacLeod already knows these facts supporting diversity, because (1) he non-suited the prior case filed in Collin County after removal to federal court [APP 108-196], and because (2) he alleged those facts below in this action in Dallas County [APP 4-5]. Clearly, MacLeod has added these unrelated claims and parties in an attempt to fraudulently or improperly destroy diversity.

## IV.
## AMOUNT IN CONTROVERSY

17. In assessing whether removal is proper, the Court must first determine whether it is facially apparent that the amount in controversy exceeds $75,000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995); *HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593 (E.D. Tex. 1996). Generally, the amount in controversy is determined from the face of the plaintiff's pleadings. *Lopez v. Trujillo*, 475 B.R. 550, 555 (N.D. Tex. 2012). Consequently, for diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *Id.*; *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998). Therefore, although

Defendants Culver and Hull Trucking of course dispute that MacLeod is entitled to any recovery of damages, Culver and Hull Trucking utilize MacLeod's damages as pled as a basis for federal jurisdiction.

18.     When the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if alleged in good faith. *Allen*, 63 F.3d at 1335; *Williams v. State Farm Mut. Auto. Ins. Co.*, 931 F. Supp. 469, 471 (S.D. Tex. 1995).  Plaintiff's Original Petition specifically asserts that he is seeking an amount greater than $200,000.00 but less than $1,000,000.00. [*Petition* (Ex. A-1), p. 8, ¶ 12.1(k), APP 11].  In his previous petition filed solely against Defendants Culver and Hull Trucking, Plaintiff MacLeod specifically asserted that he was seeking an amount greater than $100,000.00 but less than $200,000.00.  [*Collin County Petition* (Ex. A-11(1)), ¶ 10.1(k), APP 128].  As such, Plaintiff MacLeod has admitted that the amount in controversy requirement is met in this case.

## V.
## PROCEDURAL REQUIREMENTS

19.     Removal of this action is proper under 28 U.S.C. § 1441, because it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because: (1) Plaintiff MacLeod and Defendants Culver and Hull Trucking are diverse in citizenship, and (2) the asserted amount in controversy exceeds $75,000.00.

20.     By virtue of filing this Notice of Removal, Defendants Culver and Hull Trucking do not waive their rights to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted by the applicable Rules of Civil Procedure.  In fact, Defendants Culver and Hull Trucking deny that venue is proper in the Dallas Division of the Northern District of Texas

and plan to seek transfer of their severed claims related to the January 30, 2014 accident to the Sherman Division of the Eastern District of Texas pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).

21. All of the papers on file in the State Court case at the time of removal are attached hereto as Exhibit "A." Those papers include a copy of the Court's Docket Sheet.

22. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

23. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Clerk of County Court at Law No. 1 in Dallas County, Texas promptly after the filing of this Notice.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Defendants Michael Culver and Hull Trucking, Inc., pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from County Court at Law No. 1 in Dallas County, Texas to this Court, on this 11th day of February, 2015.

Respectfully submitted,


By: */s/ Christina Gratke Nason*
    **DAVID L SARGENT**
    State Bar No. 17648700
    david.sargent@hsblaw.com
    **CHRISTINA GRATKE NASON**
    State Bar No. 00798012
    christina.nason@hsblaw.com
    **ANDREW L. PETERSEN**
    State Bar No. 24059226
    andrew.petersen@hsblaw.com

HERMES SARGENT BATES, LLP
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: 214.749.6516
Facsimile: 214.749.6316

**ATTORNEYS FOR DEFENDANTS MICHAEL CULVER AND HULL TRUCKING, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 11th day of February 2015, a true and correct copy of the foregoing document was forwarded electronically and via certified mail return receipt requested, to the following counsel of record:

***Via CMRRR No. 7014 1200 0000 2050 3090***
Christopher Rehmet
Tate Rehmet Law Office, P.C.
2902 North U.S. Highway 75
Sherman, TX  75090
service@tatelawoffices.com

***Via CMRRR No. 7014 1200 0000 2050 3106***
Nathan Majors
815 T.L. Townsend, Suite 111
Rockwall, Texas 75087
nmajors@themajorsfirm.com

*/s/ Christina Gratke Nason*
**CHRISTINA GRATKE NASON**