**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **BARRY MACLEOD** §| |
| *Plaintiff* § | |
| § | |
| **vs.** § | **CIVIL ACTION NO. 3:15-cv-477** |
| § | |
| **MICHAEL CULVER, HULL** § | |
| **TRUCKING, INC., RILEY ANDREW** § | |
| **RANSOM and LORRIE LYNN** § | |
| **JACKSON-BURSEY** § | |
| *Defendants* § | |

## INDEX TO NOTICE OF REMOVAL

| TAB | FILED | DOCUMENT | APP |
|---|---|---|---|
| A | 2/11/2015 | County Court of Dallas Docket | APP 1-2 |
| A-1 | 1/2/2015 | Plaintiff's Original Petition and Requests for Written Discovery to Defendants | APP 3-13 |
| | | Exhibit "A"   Plaintiff's Request for Production to Defendant Michael Culver | APP 14-21 |
| | | Exhibit "B"   Plaintiff's First Set of Interrogatories to Defendant Michael Culver | APP 22-27 |
| | | Exhibit "C"   Plaintiff's Request for Production to Defendant Hull Trucking, Inc. | APP 28-43 |
| | | Exhibit "D"   Plaintiffs' First Set of Interrogatories to Defendant Hull Trucking, Inc. | APP 44-50 |
| | | Exhibit "E"   Plaintiff's First Request for Production to Defendant Riley Andrew Ransom | APP 51-58 |
| | | Exhibit "F"   Plaintiffs' First Set of Interrogatories to Defendant Riley Andrew Ransom | APP 59-63 |
| A-2 | 1/2/2015 | Citation to Hull Trucking, Inc. | APP 64-66 |
| A-3 | 1/2/2015 | Citation to Michael Culver | APP 67-69 |
| A-4 | 1/2/2014 | Citation to Riley Andrew Ransom | APP 70-72 |
| A-5 | 1/2/2015 | Citation to Lorrie Lynn Jackson-Bursey | APP 73-75 |
| A-6 | 1/12/2015 | Return of Service for Lorrie Lynn Jackson-Bursey | APP 76-79 |
| A-7 | 1/13/2015 | Return of Service for Riley Andrew Ransom | APP 80-83 |

1869861

| A-8 | 1/19/2015 | Original Answer for Defendants Riley Andrew Ransom and Lorrie Lynn Jackson-Bursey | APP 84-87 |
| A-9 | 1/21/2015 | Return of Service for Hull Trucking | APP 88-91 |
| A-10 | 1/21/2015 | Return of Service for Barry Macleod | APP 92-95 |
| A-11 | 1/30/2015 | Defendants Michael Culver and Hull Trucking, Inc.'s Motion to Sever and Transfer Venue and Answer Subject Thereto | APP 96-107 |
| A-11(1) | 8/21/2014 | <u>Exhibit 1</u>:  Notice of Removal, Collin County, Civil Action No. 4:14-cv-00550 | APP 108-187 |
| A-11(2) | | <u>Exhibit 2</u>:  Civil Docket Sheet, Collin County, Civil Action No. 4:14-cv-00550 | APP 188-192 |
| A-11(3) | 10/14/14 | <u>Exhibit 3</u>:  Plaintiff MacLeod's Notice of Voluntary Dismissal, Collin County, Civil Action No. 4:14-cv-00550 | APP 193-196 |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BARRY MACLEOD** | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3:15-cv-477** |
| | § | |
| **MICHAEL CULVER, HULL** | § | |
| **TRUCKING, INC., RILEY ANDREW** | § | |
| **RANSOM and LORRIE LYNN** | § | |
| **JACKSON-BURSEY** | § | |
| *Defendants* | § | |

### INDEX OF STATE COURT FILE

| TAB | FILED | DOCUMENT | APP |
|---|---|---|---|
| A | 2/11/2015 | County Court of Dallas Docket | APP 1-2 |
| A-1 | 1/2/2015 | Plaintiff's Original Petition and Requests for Written Discovery to Defendants | APP 3-13 |
| | | Exhibit "A"   Plaintiff's Request for Production to Defendant Michael Culver | APP 14-21 |
| | | Exhibit "B"   Plaintiff's First Set of Interrogatories to Defendant Michael Culver | APP 22-27 |
| | | Exhibit "C"   Plaintiff's Request for Production to Defendant Hull Trucking, Inc. | APP 28-43 |
| | | Exhibit "D"   Plaintiffs' First Set of Interrogatories to Defendant Hull Trucking, Inc. | APP 44-50 |
| | | Exhibit "E"   Plaintiff's First Request for Production to Defendant Riley Andrew Ransom | APP 51-58 |
| | | Exhibit "F"   Plaintiffs' First Set of Interrogatories to Defendant Riley Andrew Ransom | APP 59-63 |
| A-2 | 1/2/2015 | Citation to Hull Trucking, Inc. | APP 64-66 |
| A-3 | 1/2/2015 | Citation to Michael Culver | APP 67-69 |
| A-4 | 1/2/2014 | Citation to Riley Andrew Ransom | APP 70-72 |
| A-5 | 1/2/2015 | Citation to Lorrie Lynn Jackson-Bursey | APP 73-75 |
| A-6 | 1/12/2015 | Return of Service for Lorrie Lynn Jackson-Bursey | APP 76-79 |
| A-7 | 1/13/2015 | Return of Service for Riley Andrew Ransom | APP 80-83 |

| A-8 | 1/19/2015 | Original Answer for Defendants Riley Andrew Ransom and Lorrie Lynn Jackson-Bursey | APP 84-87 |
|---|---|---|---|
| A-9 | 1/21/2015 | Return of Service for Hull Trucking | APP 88-91 |
| A-10 | 1/21/2015 | Return of Service for Barry Macleod | APP 92-95 |
| A-11 | 1/30/2015 | Defendants Michael Culver and Hull Trucking, Inc.'s Motion to Sever and Transfer Venue and Answer Subject Thereto | APP 96-107 |
| A-11(1) | 8/21/2014 | <u>Exhibit 1</u>:  Notice of Removal, Collin County, Civil Action No. 4:14-cv-00550 | APP 108-187 |
| A-11(2) | | <u>Exhibit 2</u>:  Civil Docket Sheet, Collin County, Civil Action No. 4:14-cv-00550 | APP 188-192 |
| A-11(3) | 10/14/14 | <u>Exhibit 3</u>:  Plaintiff MacLeod's Notice of Voluntary Dismissal, Collin County, Civil Action No. 4:14-cv-00550 | APP 193-196 |

1869861

# Exhibit A

APP 001

# REGISTER OF ACTIONS

## CASE No. CC-15-00010-A

| | | |
|---|---|---|
| BARRY MACLEOD vs. MICHAEL CULVER, HULL TRUCKING, INC., RILEY ANDREW RANSOM, LORRIE LYNN JACKSON-BURSEY.et al | §<br>§<br>§<br>§ | **Case Type:** DAMAGES (COLLISION)<br>**Date Filed:** 01/02/2015<br>**Location:** County Court at Law No. 1 |

## PARTY INFORMATION

|  |  | Lead Attorneys |
|---|---|---|
| **DEFENDANT** | CULVER, MICHAEL | DAVID LYNN SARGENT<br>*Retained*<br>214-749-6100(W) |
| **DEFENDANT** | HULL TRUCKING, INC. | DAVID LYNN SARGENT<br>*Retained*<br>214-749-6100(W) |
| **DEFENDANT** | JACKSON-BURSEY, LORRIE LYNN | NATHAN MAJORS<br>*Retained*<br>469-402-0246(W) |
| **DEFENDANT** | RANSOM, RILEY ANDREW  JACKSON-BURSEY, LORRIE LYNN | NATHAN MAJORS<br>*Retained*<br>469-402-0246(W) |
| **PLAINTIFF** | MACLEOD, BARRY | CHRISTOPHER REHMET<br>*Retained*<br>903-892-4440(W) |

## EVENTS & ORDERS OF THE COURT

|  | OTHER EVENTS AND HEARINGS | | |
|---|---|---|---|
| 01/02/2015 | NEW CASE FILED (OCA) | | |
| 01/02/2015 | ORIGINAL PETITION | | |
| | *Plaintiff's Original Petition* | | |
| 01/02/2015 | ISSUE CITATION | | |
| | *PLACED IN ATTORNEY PU BOX SONYETTA* | | |
| 01/02/2015 | JURY TRIAL DEMAND | | |
| 01/05/2015 | CITATION (SERVICE) | | |
| | CULVER, MICHAEL | Served | 01/12/2015 |
| | | Returned | 01/21/2015 |
| | HULL TRUCKING, INC. | Served | 01/12/2015 |
| | | Returned | 01/21/2015 |
| | RANSOM, RILEY ANDREW | Served | 01/12/2015 |
| | | Returned | 01/13/2015 |
| | JACKSON-BURSEY, LORRIE LYNN | Served | 01/09/2015 |
| | | Returned | 01/12/2015 |
| 01/12/2015 | RETURN OF SERVICE | | |
| | *CITATION SERVED 1/9/15@ 10:25AM* | | |
| 01/13/2015 | RETURN OF SERVICE | | |
| | *CITATION SERVED 1/12/15 @ 11:10AM* | | |
| 01/19/2015 | ORIGINAL ANSWER - GENERAL DENIAL | | |
| | *DEFENDANTS ANSWER AND JURY DEMAND* | | |
| 01/20/2015 | JURY TRIAL DEMAND | | |
| 01/30/2015 | MOTION - TRANSFER | | |
| | *DEFENDANTS MICHAEL CULVER AND HULL TRUCKING, INC.'S MOTION TO SEVER AND TRANSFER VENUE AND AN<br>THERETO* | | |

## FINANCIAL INFORMATION

**APP 002**

# Exhibit A-1

APP 003

FILED
1/2/2015 1:15:48 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-15-00010-A
CAUSE NO. _____

| | | |
|---|---|---|
| BARRY MACLEOD | § | IN  COUNTY COURT |
| *PLAINTIFF* | § | |
| | § | |
| VS. | § | AT LAW NO. _____ |
| | § | |
| MICHAEL CULVER, HULL | § | |
| TRUCKING, INC., RILEY ANDREW | § | |
| RANSOM and LORRIE LYNN | § | |
| JACKSON-BURSEY | § | |
| *DEFENDANTS* | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND
## REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANTS

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, COMES NOW, BARRY MACLEOD ("Plaintiff") complaining of MICHAEL CULVER ("Defendant Culver"), HULL TRUCKING, INC. ("Defendant Hull Trucking"), RILEY ANDREW RANSOM ("Defendant Ransom") and LORRIE LYNN JACKSON-BURSEY ("Defendant Jackson-Bursey"), (collectively hereinafter referred to as "Defendants") to recover damages owed to BARRY MACLEOD and for cause of action would respectfully show unto the Court as follows:

Discovery is intended to be conducted under Level 3 of TEXAS RULES OF CIVIL PROCEDURE 190.

### I. PARTIES

1.1     Plaintiff BARRY MACLEOD is an individual and resident of Plano, Texas.  The last three digits of Plaintiff's Driver's License Number are 594.  The last three digits of Plaintiff's Social Security Number are 151.

1.2     Defendant MICHAEL CULVER, is an individual and a resident of Cape Girardeau, Missouri, and may be served with citation at his place of residence, 3000 Pioneer

APP 004

Trailer 41 St., Cape Girardeau, Missouri 637037, and may be served by anyone over the age of eighteen (18) who is not a party of this suit.

     1.3     Defendant HULL TRUCKING, INC., is a corporation incorporated under the laws of the State of Missouri and having its principal place of business in Missouri, and may be served with citation by serving its registered agent for service, Larry Hull, at its registered office, 17224 US Hwy 61, Old Appleton, MO 63770.

     1.4     Defendant RILEY ANDREW RANSOM, is an individual and a resident of Hutchins, Dallas County, Texas, and may be served with citation at his place of residence, 300 Chatman Street, Hutchins, Texas 75141, and may be served by anyone over the age of eighteen (18) who is not a party of this suit.

     1.5     Defendant LORRIE LYNN JACKSON-BURSEY, is an individual and a resident of Hutchins, Dallas County, Texas, and may be served with citation at her place of residence, 300 Chatman Street, Hutchins, Texas 75141, and may be served by anyone over the age of eighteen (18) who is not a party of this suit.

## II. JURISDICTION

     2.1     The Court has jurisdiction over Defendants Michael Culver and Hull Trucking, Inc. because Defendants were hauling goods through the State of Texas at the time of the occurrence in questions and, thereby, submitted themselves to the jurisdiction of the Court.

     2.2     The Court has jurisdiction over Defendant Riley Andrew Ransom and Defendant Lorrie Lynn Jackson-Bursey because both Defendants are Texas residents.

     2.3     The Court has jurisdiction over the amount in controversy because the damages are within the jurisdictional limits of the Court.

### III. VENUE

3.1     Venue is proper in Dallas County, Texas because at least one of the defendants resides in Dallas County.

### IV. BACKGROUND

4.1     Plaintiff brings this suit to recover damages for personal injuries sustained in two related auto collisions.  The first collision occurred in Frisco, Collin County, Texas on or about January 30, 2014 which collision was proximately caused by the negligence of the Defendant Culver.  At the time of the collision, Mr. MacLeod was traveling in a silver colored 2008 Subaru Legacy and was driving on SH-121 in Frisco, Collin County, Texas.  Defendant Culver, who was driving a brown colored 2007 Peterbilt Tractor Trailer, pulling a multi-colored 2005 Benson Truck Bodies Trailer, was also driving on SH-121 in Collin County, Texas.  Mr. MacLeod was traveling in the middle lane when Mr. Culver, who had moved his 18 wheeler from the far right hand lane into the middle lane, directly in front of Mr. MacLeod, turned on his left signal indicating he was going to move into the far left hand lane.  As Mr. Culver moved the trailer into the left lane he then began making a wide right-hand turn, crossing back over the middle lane, so that he could enter into a private drive located on Independence Parkway.  Once Mr. MacLeod realized that Mr. Culver was not going to make a left turn, but was making a wide right turn, Mr. McLeod did not have time to react and, despite efforts to avoid the collision, Mr. MacLeod's vehicle collided with Mr. Culver's tractor trailer.  Mr. MacLeod sustained serious bodily injury including a burst type compression fracture of the L5 vertebral body.

4.2     Plaintiff McLeod was involved in a second wreck that occurred in Denton County, Texas on or about August 12, 2014, which collision was proximately caused by the negligence of the Defendant Riley Andrew Ransom.  At the time of the collision, Plaintiff was driving his red 2014 Toyota Corolla headed southbound on SH-121 Business in Denton County,

Texas.  While Plaintiff was completely stopped at a red light located at SH-121 Business and I35-E, his vehicle was impacted from behind by Defendant Riley Andrew Ransom who was driving a red 2000 Ford ZX2, owned by Defendant Lorrie Lynn Jackson-Bursey.  As a result of this collision, Plaintiff McLeod re-fractured his lumbar spine at L5.  The re-fracture of Mr. McLeod's L5 vertebra necessitated additional medical care which would not have been necessary if Defendant Ransom had not rear-ended Mr. McLeod.  Mr. McLeod has, however, also been informed by his treating physicians that the impact t from the second wreck would, in all medical probability,  not have fractured the L5 vertebra but for the fact the vertebra was previously fractured by Defendant Culver in the first collision.  Both collisions were the cause in fact and proximate cause of the re-injury to Mr. McLeod's spine which occurred on August 12, 2014.

4.4     Prior to the collision, Defendant Lorrie Lynn Jackson-Bursey entrusted the use of her vehicle to Defendant Riley Andrew Ransom when she knew, or should have known, that Defendant Riley Andrew Ransom was an incompetent and/or reckless driver.

## V. FIRST CLAIM FOR RELIEF – NEGLIGENCE
## AGAINST DEFENDANT MICHAEL CULVER

5.1     Plaintiff would show that on the occasion in question, Defendant Culver failed to use ordinary care by various acts and omissions, including the following, each of which, singularly or in combination with others, was a proximate cause of the occurrence in question:

a.      In traveling at an excessive rate of speed;

b.      In failing to keep a proper lookout;

c.      In failing to make a timely application of the brakes;

d.      In failing to turn the vehicle in order to avoid the collision;

APP 007

e.      In failing to yield the right-of-way;

f.      In failing to safely park or stop the vehicle;

g.      In failing to obey traffic signs warning of approaching hazard or a traffic sign regulating the speed and movement of traffic;

h.      In failing to maintain an assured clear distance between the vehicles; and

i.      In all things failing to act as a reasonable person using ordinary care in the same or similar circumstances.

5.2     Each of such acts or omissions, singularly or in combination with others, constitutes negligence on the part of Defendant Culver which proximately caused the injuries and damages which Plaintiff now suffers.

## VI. NEGLIGENCE AGAINST
## DEFENDANT RILEY ANDREW RANSOM

6.1     Plaintiff would show that on the occasion in question, Defendant Riley Andrew Ransom failed to use ordinary care by various acts and omissions, including the following, each of which, singularly or in combination with others, was a proximate cause of the occurrence in question:

a.      In failing to keep the vehicle under control;

b.      In failing to keep a proper lookout;

c.      In failing to make a timely application of the brakes;

d.      In failing to turn the vehicle in order to avoid the collision;

e.      In failing to yield the right-of-way;

f.      In failing to safely park or stop the vehicle; and

g.      In failing to maintain an assured clear distance between the vehicles.

APP 008

6.2     Each of such acts or omissions, singularly or in combination with others, constitutes negligence on the part of the Defendant Riley Andrew Ransom which proximately caused the injuries and damages which Plaintiff now suffers.

### VII. CAUSE OF ACTION – NEGLIGENCE PER SE

7.1     By failing to signal a right turn, Defendant Culver was negligent *per se* in violation of the TEX. TRANSP. CODE ANN. § 545.104(a) and (b), and such negligence *per se* was a proximate cause of the occurrence in question.  In addition, Defendant Culver was negligent per se by violating TEX. TRANSP. CODE ANN. § 545.060(a) (1) and (2).

### VIII. NEGLIGENT ENTRUSTMENT – HULL TRUCKING

8.1     At the time and on the occasion in question, and immediately prior thereto, Defendant Hull Trucking was guilty of negligent entrustment, in that Defendant Hull Trucking knew or should have known that Defendant Culver was an unlicensed, incompetent, and/or reckless driver.

### IX. NEGLIGENT HIRING, SUPERVISING, TRAINING AND/OR RETAINING AN EMPLOYEE

9.1     Defendant Hull Trucking owed Plaintiff Barry MacLeod a legal duty to hire, supervise, train, and/or retain competent employees and/or agents. Defendant Hull Trucking breached this duty and the breach proximately caused the Plaintiff's injuries and damages. Prior to the occasion in question. Defendant Culver had failed to follow applicable policies and procedures of Defendant Hull Trucking and federal regulations, including but not limited to: (I) 49 CFR §396.13, (2) 49 CFR §392.7, (3) 49 CFR §392.8, (4) 49 CFR §396.7 and (5) 49 CFR §396.11.  These violations were known to Defendant Hull Trucking prior to the date of the accident.  Additionally, Defendant Hull Trucking either knew of or should have known about Defendant Culver's previous driving history, suspensions and/or driving violations.

## X. CAUSES OF ACTION AGAINST DEFENDANT HULL TRUCKING

10.1    At the time of the collision in question, Defendant Culver was within the course and scope of his employment with Defendant Hull Trucking.  Defendant Hull Trucking is responsible for the negligent acts of their employee pursuant to the doctrines of Respondeat Superior, Joint Venture and Agency.

## XI. NEGLIGENT ENTRUSTMENT
## AGAINST DEFENDANT LORRIE LYNN JACKSON-BURSEY

11.1.    At the time and on the occasion in question, and immediately prior thereto, Defendant Lorrie Lynn Jackson-Bursey was guilty of negligent entrustment, in that Defendant Lorrie Lynn Jackson-Bursey knew or should have known that Defendant Riley Andrew Ransom was an incompetent and/or reckless driver.  As a direct result of this negligent entrustment, Defendant Riley Andrew Ransom caused the collision in question.  Defendant Riley Andrew Ransom was subsequently negligent in his operation of the vehicle, and such negligence was reasonably foreseeable at the time Defendant Lorrie Lynn Jackson-Bursey gave Defendant Riley Andrew Ransom permission to drive her vehicle.

11.2    Each of such acts or omissions, singularly or in combination with others, constitutes negligence on the part of Defendant Lorrie Lynn Jackson-Bursey which proximately caused the injuries and damages which Plaintiff now suffers.

## XII. DAMAGES AND RELIEF SOUGHT

12.1    By reason of the foregoing, Plaintiff seeks compensation for the following damages:

      a.    Physical pain and suffering sustained in the past and, in all reasonable probability, that will be sustained in the future;

b.      Mental anguish and suffering sustained in the past and, in all reasonable probability, that will be sustained in the future;

c.      Past and future physical impairment resulting from the accident;

d.      Medical expenses the Plaintiffs have incurred in the past;

e.      Medical expenses the Plaintiffs will, in all reasonable probability, incur in the future;

f.      Loss of past earning capacity and loss of future earning capacity;

g.      Past and future disfigurement and scarring;

h.      Exemplary damages;

i.      All other elements of damage to which Plaintiff may be entitled to under the law; and

k.      Plaintiff is required pursuant to Texas Rules of Procedure 47 to state a range of damages they are seeking.  Plaintiff states he is seeking monetary relief over $200,000.00 but not more than $1,000,000.00.  Plaintiff defers to the jury regarding what dollar figure to include in their verdict.

## XIII. REQUEST FOR DISCLOSURE

13.1    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff hereby requests Defendants disclose within fifty (50) days of service of this request the information and materials described in Rule 194.2 (a) – (l), including "the name, address, and telephone number of any person who may be designated as a responsible third party."

## XIV. DISCOVERY

14.1    Plaintiff's Request for Production to Defendant Culver.  See attached Exhibit "A".

14.2    Plaintiff's First Set of Interrogatories to Defendant Culver.  See attached Exhibit "B".

14.3     Plaintiff's Request for Production to Defendant Hull Trucking.   See attached Exhibit "C".

14.4     Plaintiff's First Set of Interrogatories to Defendant Hull Trucking.   See attached Exhibit "D".

14.5     Plaintiff's Request for Production to Defendant Ransom.   See attached Exhibit "E".

14.6     Plaintiff's First Set of Interrogatories to Defendant Ransom.   See attached Exhibit "F".

## XV. REQUEST FOR TRIAL BY JURY

15.1     Plaintiff respectfully requests a trial by jury in the above matter.

## XVI. PRAYER

16.1     By reason of the above and foregoing, Plaintiff has been damaged in a sum within the jurisdictional limits of this Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that Defendants be cited to appear and answer, and that upon final trial Plaintiff recover:

a.       Judgment against Defendants for Plaintiff's damages as set forth above;

b.       Interest on the judgment at the legal rate from date of judgment;

c.       Prejudgment interest on Plaintiff's damages as allowed by law;

d.       Costs of court; and

e.       Such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself justly entitled.

APP 012

Respectfully submitted,

**TATE REHMET LAW OFFICE, P.C.**

2902 North U.S. Highway 75

Sherman, Texas  75090

Phn:  (903) 892-4440

Fax:  (903) 893-5558

Email:  service@tatelawoffices.com

By:  _____

**CHRISTOPHER REHMET**

State Bar No.:  24035414

**ATTORNEY FOR PLAINTIFF**

APP 013

# EXHIBIT "A"

APP 014

CAUSE NO. _____

| | | |
|---|---|---|
| BARRY MACLEOD | § | IN  COUNTY COURT |
|    *PLAINTIFF* | § | |
| | § | |
| VS. | § | AT LAW NO. _____ |
| | § | |
| MICHAEL CULVER, HULL | § | |
| TRUCKING, INC., RILEY ANDREW | § | |
| RANSOM and LORRIE LYNN | § | |
| JACKSON-BURSEY | § | |
|    *DEFENDANTS* | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT MICHAEL CULVER

**TO**:   Defendant, Michael Culver.

COMES NOW, BARRY MACLEOD, Plaintiff in the above-entitled and numbered cause, and submits the following Request for Production of Documents and tangible things to Defendant MICHAEL CULVER ("Defendant") pursuant to Rules 192 and 196 of the TEXAS RULES OF CIVIL PROCEDURE, requiring Defendant MICHAEL CULVER, to produce the items described below within fifty (50) days from the date of service.

## DEFINITIONS AND INSTRUCTIONS

(a)   As used herein the terms "you" or "yours" refer to MICHAEL CULVER, his agents, representatives, employees, servants, attorneys, investigators and anyone else acting on Defendant's behalf.

(b)   As used herein, the "Plaintiff" shall refer to BARRY MACLEOD.

(c)   As used herein, the terms "document" or "documents" mean every writing of every type of description, and every other thing constituting any medium by which, through which, or on which any type of communication, information, or knowledge has been transmitted, recorded or preserved.  The terms "document" or "documents" also mean every copy of a document or such copy that is not an identical duplicate of the original.

APP 015

(d)     As used herein, the terms "person" or "persons" mean any natural person, firm, governmental entity or subdivision thereof, proprietorship, partnership, joint venture, corporation or any other form of organization or association.

(e)     This request shall be deemed continuing so as to require further and supplemental production if Defendant produces, generates or personally discovers additional documents within the scope of this request following compliance herewith.

(f)     With respect to each item produced, identify which request number each item responds to.

(g)     If any documents or answer responsive to this Request for Production is withheld or objected to under the claim of attorney-client privilege, under a qualified privilege pursuant to TEXAS RULES OF CIVIL PROCEDURE or for any other reason, the following is to be identified as to any such document or answer:

(1)     the relevant date;

(2)     the relevant person;

(3)     the author or addressee;

(4)     all persons indicated as recipients of the copies;

(5)     all persons known to you to have received the documents and/or information or to have learned the substance of its contents;

(6)     the subject matter of the document and/or information;

(7)     the specific privilege or objection alleged to be applicable or other reasons for its being withheld or not answered;

(8)     if you had, at any time, possession or control of the document requested and such document has been lost, destroyed or purged and is not presently in your possession or control, identify such document and describe the circumstances surrounding the loss, destruction, purge or separation from your possession or control, indicating the date of which that circumstance occurred;

(9)     OBJECTIONS - If you object to any of the production requests contained herein, you are requested to identify with specificity, the specific procedural rule(s) or substantive law(s) upon which you base your objections.

APP 016

(h)     As used herein, all words used in their singular forms shall be deemed to include the words in their plural forms.

<div align="center">

**REQUEST FOR PRODUCTION AND DISCOVERY**

</div>

The following documents are to be produced for inspection, examination and copying, within fifty (50) days after receipt of this request at Tate Rehmet Law Offices, 2902 North U.S. Highway 75, Sherman, Texas  75090.

**REQUEST FOR PRODUCTION NO. 1:**   A copy of Defendant's driver's license (front and back).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**   A copy of the title to the vehicle which Defendant was driving at the time in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**   A complete copy of the policy of insurance for the vehicle in which Defendant was driving at the time of the occurrence in question made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**   A complete copy of any policy of insurance covering Defendant at the time of the collision in made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**   Any and all photographs that Defendant has of the vehicles, parties, and scene in question following the collision made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**   A copy of any damage appraisal made of the Defendant's vehicle following the collision made the basis of this suit.

**RESPONSE:**

**APP 017**

**REQUEST FOR PRODUCTION NO. 7:**   A copy of any damage appraisal made of the Plaintiff's vehicle following the collision made the basis of this suit which is subject to and under the control of Defendant, his agents or representatives.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**   Copies of any and all statements previously made by the Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by the Plaintiff hereto and contemporaneously recorded.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**   Any and all drawings, maps or sketches of the scene of the collision which has been made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**   All photographs and/or video recordings of the vehicles involved in the collision made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**   All photographs and/or video recordings of the collision scene.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**   A copy of any contract of employment that would govern relationship with any other party or bear on the issue of scope of employment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**   A copy of any letter, memo or document relating to any settlement agreement between Defendants, where multiple Defendants.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**   A copy of any surveillance movies, photographs, video tape recordings, audio recordings or other tangible recording of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**   All documents reflecting statements or communications between Plaintiff and/or Plaintiff's representatives, and Defendant and/or Defendant's representatives.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**  Copies of all newspaper articles, magazine articles, news releases, news items, videotapes, out-takes, recordings, electronic recordings, and similar documents discussing, describing, mentioning or referring to the collision made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**   A copy of the declaration page of Defendant's policy of insurance under which any person may be liable to satisfy part or all of a judgment rendered in this action or to indemnify or reimburse for payments made to satisfy a judgment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**  Copies of any written statement of any person with knowledge of relevant facts regardless of when the statement is made in Defendant's, and/or his agent's or representative's possession or subject to Defendant's control.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**  For each and every expert witness that may testify at trial in this cause, please produce a copy of the following items in Defendant's possession, custody or control:

    a.      All notes, drafts, or written reports setting out opinions that the witness will express in this case.

    b.      Copies of all billing statements, receipts, writings, records or memorandums reflecting the amount of professional time spent by the witness on this case, and the amount of the witness's charges to date for work performed.

    c.      All correspondence to or from the witness (or otherwise), reports, telephone memorandums, preliminary reports, letters, notes, margin notations, or their like,

APP 019

with regard to any involvement of the witness in the subject made the basis of this lawsuit, preliminary or otherwise, and whensoever produced. This is intended to include any contracts or financial agreements between the witness and the lawyer, and between the witness and any expert witness service.

d.      Copies of any and all learned treatises, textbooks, or other reference materials which the witness reviewed or relied on, in whole or in part, in forming their opinions regarding the care and treatment of the plaintiff in this case.

e.      Any depositions given by the witness in any case brought by a patient against a health care provider.

f.      Any petitions, pleadings, or other materials in the witnesses' possession relating to any cases in which the witness was named as a defendant in a malpractice action.

g.      Any interrogatory answers and/or depositions in the witnesses' possession relating to any lawsuit in which they were named as a defendant in a malpractice action.

h.      Copies of any medical articles, papers, or outlines prepared by the witness in connection with any publications or presentations to medical groups, societies, or organizations which involved issues, standards or teachings which are related to the issues raised in this case.

i.      A copy of the expert's current and complete bibliography or curriculum vitae, including all bibliographies of completed works which he/she has contributed, whether or not such works have been generally published;

j.      All reports, including but not limited to, all drafts and revisions or such reports (whether on hard copy or electronically stored).  The term report as used herein includes all documents (memoranda, notes, correspondence, charts, and graphics) containing the experts factual observations, as well as all opinions, and all supporting data or material which the expert has reviewed and/or relied upon in formulating his/her opinions and mental impressions relevant to the subject matter of this lawsuit.  In this regard, the term report also encompasses all learned treatises (works of scientific value in the field of the expert's area of expertise) the expert has reviewed and/or relied upon in forming his/her opinions relevant to the subject matter of this lawsuit;

k.      All tests, photographs, movies, and/or videotapes, films and/or image-recording films of any nature, diagrams, sketches, graphs, computer-assisted calculations

APP 020

and recreations and/or models and mock-ups generated by or provided to the expert relevant to his/her involvement in the instant case and/or relevant to the testimony he/she may give at trial;

**REQUEST FOR PRODUCTION NO. 20:**  For any consulting expert whose work product has been reviewed by an expert who may testify on your behalf, please similarly provide all the items requested in Request No. 19, above.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**  Copies of any and all reservation of rights letters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**  DOCUMENTS OBTAINED VIA DEPOSITION. All documents, photographs, statements and tangible things obtained by you pursuant to Depositions on Written Questions and Subpoena Dueces Tecum.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**  Any documents concerning any blood alcohol test performed on a sample of any drivers blood or breath, including, but not limited to, documents containing the result of the test, documents concerning the calibration of the equipment used, chain of custody sheets, and/or any document containing information that the result of the test was not accurate.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**  Any video or photograph of any Defendant taken in the course of any investigation stemming from this collision.

**RESPONSE:**

APP 021

# EXHIBIT "B"

APP 022

CAUSE NO. _____

| | | |
|---|---|---|
| BARRY MACLEOD | § | IN  COUNTY COURT |
|    *PLAINTIFF* | § | |
| | § | |
| VS. | § | AT LAW NO. _____ |
| | § | |
| MICHAEL CULVER, HULL | § | |
| TRUCKING, INC., RILEY ANDREW | § | |
| RANSOM and LORRIE LYNN | § | |
| JACKSON-BURSEY | § | |
|    *DEFENDANTS* | § | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT MICHAEL CULVER

**TO**:   Defendant, Michael Culver.

COMES NOW, BARRY MACLEOD, Plaintiff in the above-entitled and numbered cause, and submits the following Interrogatories to Defendant MICHAEL CULVER, pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, to be answered separately and fully, in writing under oath within fifty (50) days from the date of service.

### DEFINITIONS

(a)   As used herein, the terms "you" and "yours" refer to MICHAEL CULVER, his representatives, attorneys, investigators and anyone else acting on Defendant's behalf.

### INSTRUCTIONS

In responding to any of the questions contained herein, you are instructed as follows:

(a)   All information which is not privileged and is in your possession needs to be divulged.

(b)   Where an individual Interrogatory calls for an answer that involves more than one part, each part of the answer should be clearly set out so that it is understandable.

APP 023

(c)     These questions are continuing in nature and require supplemental answers in the event that you or your attorney becomes aware of further information between the time your answers are given and the time of trial.

(d)     If the spaces provided after each Interrogatory are not sufficient, you may supplement your answer on a separate piece of paper.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Please state your full name, other names by which you have been known (including maiden name where applicable), present address, residence and business telephone numbers, occupation, present employer, Social Security number, driver's license number, and date of birth, and all changes in any of the listed items within the last five (5) years.

**ANSWER:**

**INTERROGATORY NO. 2:**  State whether at the time of the accident referred to in Plaintiff's Original Petition, you were acting as an agent or employee of any person or entity within the course and scope of said agency or employment.  If so, please state the name of your employer.

**ANSWER:**

**INTERROGATORY NO. 3:**  State where you had been just prior to the accident, where you were going at the time of the accident and the purpose of the trip.

**ANSWER:**

**INTERROGATORY NO. 4:**  State the speed of the vehicle in which you were the driver at all times material to the accident made the basis of this suit, including specifically the speed at the time of impact, and if the brakes were on at the time of impact.

**ANSWER:**

**INTERROGATORY NO. 5:**  State the substance of each communication you have had with Plaintiffs and the date it occurred.

**ANSWER:**

**INTERROGATORY NO. 6:**  State the substance of each statement by Plaintiff that you heard following the collision.

APP 024

**ANSWER:**

**INTERROGATORY NO. 7:**  State all things that you did in an effort to avoid the collision which serves as the basis for this lawsuit, if any.

**ANSWER:**

**INTERROGATORY NO. 8:**  If any type of test was performed on you at the time of the accident in question or within a 24 hour period following the collision, to test your blood alcohol content, please state the results of such test(s) and describe all documents which reflect the same.

**ANSWER:**

**INTERROGATORY NO. 9:**  Other than your attorneys, your insurance adjuster, or investigator, please identify all persons with whom you have discussed the accident made the basis of this suit, your possible involvement in the same, or the allegations made against you by Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 10:**  State every lawsuit in which you have been named as a Plaintiff or Defendant, involving a vehicular collision, during the last five (5) years, including the name of any person who has sought damages, the nature of the lawsuit, the Court in which such lawsuit was filed, the docket number of the lawsuit, and the lawsuit's disposition.

**ANSWER:**

**INTERROGATORY NO. 11:**  If you contend that Plaintiff or anyone else's negligence, actions, or inactions caused or contributed to this accident, please state:

(a)     the specific action or inaction

(b)     and all contentions of negligence, actions or inactions and

(c)     people with knowledge of facts relevant to this contention, in whole or in part.

**ANSWER:**

**INTERROGATORY NO. 12:**  Please state whether or not at the time of the accident in question you were wearing any type of corrective lenses for your eyesight and, if so, what type.

APP 025

**ANSWER:**

**INTERROGATORY NO. 13:**  Describe any information you have indicating or any reason you have to believe that there was any defect or failure on the part of any vehicle or equipment involved in the collision.

**ANSWER**:

**INTERROGATORY NO. 14:**  Describe any traffic citation you received as a result of this collision by stating the name and location of the court involved, the violations of the law charged in that citation and the date, place, and manner of disposition of the citation.

**ANSWER**:

**INTERROGATORY NO. 15:** Pursuant to Rule 193.3(b) of the TEXAS RULES OF CIVIL PROCEDURE, please identify all documents and materials withheld from production in response to Defendant's Requests for Production under a claim of privilege sufficient to allow Defendant to assess the applicability of the privilege and assert a specific privilege for each item or group of items withheld.

**ANSWER**:

**INTERROGATORY NO. 16:**  Please state, in detail, all actions or inactions of Plaintiff you contend resulted in their failure to mitigate damages, if any, resulting from the incident made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 17:**  Pursuant to Rule 192.3(d), please state the name, address and telephone number of any person who is expected to be called to testify at trial.  **THIS INTERROGATORY DOES NOT APPLY TO REBUTTAL OR IMPEACHING WITNESSES THE NECESSITY OF WHO'S TESTIMONY CANNOT REASONABLY BE ANTICIPATED BEFORE TRIAL.**

**ANSWER:**

**INTERROGATORY NO. 18:**  Have you been involved, as a driver or a passenger, in any motor vehicle accidents since the accident made the basis of this lawsuit?   If yes, please state the date, location, investigative authority and persons involved.

**ANSWER:**

APP 026

**INTERROGATORY NO. 19:** Indicate whether you have any information that Defendant, any party (including Plaintiff), any person with knowledge of relevant facts or any expert has been convicted of a crime. If so, identify the person, the crime convicted of, and the date and jurisdiction of the conviction. This request is made in connection with Rule 609 of the TEXAS RULES OF CIVIL EVIDENCE.

**ANSWER:**

**INTERROGATORY NO. 20:** Have you ever been convicted, pled guilty or nolo contendere to any type of criminal charge other than a traffic ticket? If so, please state the nature of the crime, the date of such conviction and/or plea, the place where each conviction occurred or where the plea was made, and the disposition of the criminal charge.

**ANSWER:**

# EXHIBIT "C"

CAUSE NO. _____

| | | |
|---|---|---|
| BARRY MACLEOD | § | IN  COUNTY COURT |
| *PLAINTIFF* | § | |
| | § | |
| VS. | § | AT LAW NO. _____ |
| | § | |
| MICHAEL CULVER, HULL | § | |
| TRUCKING, INC., RILEY ANDREW | § | |
| RANSOM and LORRIE LYNN | § | |
| JACKSON-BURSEY | § | |
| *DEFENDANTS* | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR PRODUCTION TO
## DEFENDANT HULL TRUCKING, INC.

**TO**:    Defendant, Hull Trucking, Inc.

COMES NOW, BARRY MACLEOD, Plaintiff in the above-entitled and numbered cause, and submit the following Request for Production of Documents and tangible things to Defendant HULL TRUCKING, INC., pursuant to Rules 192 and 196 of the TEXAS RULES OF CIVIL PROCEDURE, requiring Defendant to produce the items described below.

## DEFINITIONS AND INSTRUCTIONS

1.    HULL TRUCKING, INC. "Your Company", "Your", "You", "Defendant Hull Trucking", its representatives, attorneys, investigators and anyone else acting on Defendant's behalf.

2.    Driver.  "Driver" or "Defendant McMullen" shall mean Michael Culver.

3.    Plaintiff. "Plaintiff" shall mean BARRY MACLEOD.

4.    Collision. "Collision" shall mean the motor-vehicle collision between Defendant Culver and Plaintiffs that occurred on or about January 30, 2014, on SH-121 in Collin County, Texas as more fully described in Plaintiff's Original Petition.

5.    Person.  "Person" shall mean natural persons, male or female, and all types and kinds of

APP 029

business or other entities, including, but not limited to corporations, partnerships, joint ventures and sole proprietorships.

6.      Identify a person.  "Identify a person" shall mean state the full name, present or last known complete residential and business address and phone numbers and the name of the current or last known employer. If the "person" is an entity, state the correct name for the entity, its principal office, address, and telephone number and state the name of the natural person with whom most of your communications with such entity are made or state the name of the natural person who you believe would have personal knowledge regarding the inquiry made in a particular the request.

7.      Identify a communication.   "Identify a communication" shall mean identify the person present during such communication, state the date of the communication, state whether the communication was oral or written, and state the substance of the communication.

8.      Lawsuit. "Lawsuit" refers to all of the claims and defenses (whether now asserted or asserted hereafter by amendment, supplement, or otherwise) of the Plaintiffs or of the Defendants in the above-styled and numbered cause.

9.      Communication. "Communication" shall mean any contact or act by which information or knowledge is transmitted or conveyed between two or more persons and includes, without limitation, written contacts (whether by letter, memoranda, telegram, telex or other document) and oral contacts (whether by face-to-face meetings, telephone conversations, or otherwise.)

10.     Petition. "Petition" shall refer to the Plaintiffs' Original Petition and any amended or supplemental petitions or Third-Party Petitions on file in the Lawsuit.

11.     Identify a document. "Identify a document" shall mean to state the title of the document, the date thereof, the person in possession thereof; and its subject matter, If you do not wish to state the subject matter, you may instead produce the document; however, the title, date, and the identity of the person in possession of the information should be provided.

12.     You and your. "You" and "your" refers to the party to whom this discovery is directed, as defined above, and your past and present officers, agents, representatives, and employer.

13.     Evidencing. "Evidencing" or "evidences" shall mean tending to show, in any probative manner, the existence or nonexistence of a matter. "Evidencing" or "Evidences" also includes concerning, relating to, referring to, describing, or constituting.

APP 030

14.   Document or documents.  "Document" or "documents" as used herein shall mean the original, or a copy thereof if the original is not available, of every written, printed, typed, recorded, reported, or graphic record or material including every draft and/or non-identical copy thereof of every tape and description that is in the actual or constructive possession, control or custody of you of you or your attorneys including, but not limited to, all correspondence, letters, communications, memoranda, notes, agreements, contracts, proposed contracts or agreements, whether or not actual1y consummated, reports, logs, studies, summaries, agenda, bulletins, notices, announcements, instructions, charts, manuals, models, graphs, photographs, brochures, publications, books, minutes, including minutes of partnership meetings and management or executive partnership committee meetings, computer printouts, schedules, drawings, tape or other voice recordings, videotapes, simulations, intra and inter-company memoranda, articles from newspapers, magazines, and other publications, telegrams, purchase orders, lists, proposals, invoices, plans, specifications, addenda, statements, reports, confirmation slips, evidence of payments, bills, diaries, telephone message slips, calendars, bil1s of lading, canceled checks, or any copy of a document bearing notations, markings, or writings of any kind or nature different nom the original.

15.   Relating or relates.  "Relating" or "relates" shall mean, in addition to its customary and usual meaning, discussing, referring to, pertaining to, reflecting, evidencing, showing or recording.

16.   Load.  "Load" shall mean and refer to the goods or cargo being hauled by Michael Culver on January 30, 2014, in the truck/tractor/trailer owned by the Defendant, and which was involved in the collision.

17.   Truck, tractor, trailer, tractor/trailer or truck/trailer.  "Truck",     "tractor",     "trailer", "tractor/trailer" or "truck/trailer" shall mean the tractor/trailer which was owned by the Defendant and which was being driven by Defendant Michael Culver on January 30, 2014.

18.   Date of the accident or date of the incident.  "Date of the accident" or "date of the incident" shall mean January 30, 2014.

19.   Location of the accident or location of the incident.  "Location of the accident" or "location of the incident" shall mean and refer SH-121 in Collin County, Texas.

20.   Trip.  "Trip" shall mean the movement of the truck/tractor/trailer involved in the incident on or about January 30, 2014.

21.     This request shall be deemed continuing so as to require further and supplemental production if Defendant produces, generates or personally discovers additional documents within the scope of this request following compliance herewith.

22.     With respect to each item produced, identify which request number each item responds to.

23.     If any documents or answer responsive to this Request for Production is withheld or objected to under the claim of attorney-client privilege, under a qualified privilege pursuant to TEXAS RULES OF CIVIL PROCEDURE or for any other reason, the following is to be identified as to any such document or answer:

    (a)     the relevant date;

    (b)     the relevant person;

    (c)     the author or addressee;

    (d)     all persons indicated as recipients of the copies;

    (e)     all persons known to you to have received the documents and/or information or to have learned the substance of its contents;

    (f)     the subject matter of the document and/or information;

    (g)     the specific privilege or objection alleged to be applicable or other reasons for its being withheld or not answered; and

    (h)     if you had, at any time, possession or control of the document requested and such document has been lost, destroyed or purged and is not presently in your possession or control, identify such document and describe the circumstances surrounding the loss, destruction, purge or separation from your possession or control, indicating the date of which that circumstance occurred;

24.     OBJECTIONS - If you object to any of the production requests contained herein, you are requested to identify with specificity, the specific procedural rule(s) or substantive law(s) upon which you base your objections.

25.     IT IS REQUESTED THAT ALL DOCUMENTS AND/OR OTHER DATA COMPILATIONS WHICH MIGHT IMPACT ON THE SUBJECT MATTER OF THIS

APP 032

LITIGATION BE PRESERVED AND THAT ONGOING PROCESS OF DOCUMENT DESTRUCTION INVOLVING SUCH DOCUMENTS CEASE.

26.     As used herein, all words used in their singular forms shall be deemed to include the words in their plural forms.

<div align="center">

**REQUEST FOR PRODUCTION AND DISCOVERY**

</div>

The following documents are to be produced for inspection, examination and copying, no later than fifty (50) days after receipt of this request at Tate Rehmet Law Offices, 2902 North U.S. Highway 75, Sherman, Texas  75090.

**REQUEST FOR PRODUCTION NO. 1:**  A copy of the title to the 2007 Peterbilt Tractor Trailer and 2005 Benson Truck Bodies Trailer in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**  A copy of all maintenance records, repair orders, warranty work orders and service records pertaining to the subject 2007 Peterbilt Tractor Trailer and 2005 Benson Truck Bodies Trailer for the 12-month period preceding the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**  A copy of all damage appraisals, repair estimates and repair orders/invoices regarding the damage done to the subject 2007 Peterbilt Tractor Trailer and 2005 Benson Truck Bodies Trailer as a result of the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**  A complete copy of any policy of insurance covering the subject 2007 Peterbilt Tractor Trailer and 2005 Benson Truck Bodies Trailer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**  A complete copy of any policy of insurance covering Defendant HULL TRUCKING, INC. or Defendant MICHAEL CULVER at the time of the collision.

**RESPONSE:**

**APP 033**

**REQUEST FOR PRODUCTION NO. 6:**   A copy of all documents referred to in answering Plaintiff's First Set of Interrogatories to Defendant Hull Trucking, Inc., identifying which documents were used to answer each respective interrogatory.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**   Any and all photographs that you have of the vehicles, parties, or the scene in question following the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**   A copy of all drawings, maps or sketches of the scene of the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**   A copy of any damage appraisal made of Plaintiff's vehicle following the collision which is subject to and under the control of you, your agents or representatives.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**   A color copy of all exhibits you intend to offer at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**   Copies of any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by them and any stenographic, mechanical, electrical or other type of recording or any transcription made by him.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**   All photographs and/or video recordings of the vehicles involved in the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**   All photographs and/or video recordings of the collision scene.

APP 034

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**  A copy of any contract of employment that would govern the relationship between Defendant HULL TRUCKING, INC. and Defendant MICHAEL CULVER or bear on the issue of Defendant MICHAEL CULVER's scope of employment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**  A copy of all checklists, logs or other written documents evidencing all pre-trip inspections of the subject 2007 Peterbilt Tractor Trailer and 2005 Benson Truck Bodies Trailer for the 90-day period preceding the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**  A copy of any letter, memo or document relating to any settlement agreement between any of the Defendants.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**  A copy of any surveillance movies, photographs, video tape recordings, audio recordings or other tangible recordings of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**  A color copy of all written policies and procedures, employment handbooks and/or employment manuals issued to Defendant MICHAEL CULVER while employed by you, including, but not limited to, any terms, conditions and procedures involving the employer/employee relationship; recruiting and hiring of new employees; promotions; demotions and discipline.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**  All documents reflecting statements or communications between Plaintiff and/or Plaintiff's representatives, and Defendants and/or Defendants' representatives.

**RESPONSE:**

APP 035

**REQUEST FOR PRODUCTION NO. 20:**  Copies of all newspaper articles, magazine articles, news releases, news items, videotapes, out-takes, recordings, electronic recordings, and similar documents discussing, describing, mentioning or referring to the collision.


**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**  A copy of the declaration page of Defendant HULL TRUCKING, INC. and/or any person's policy of insurance under which any person may be liable to satisfy part or all of a judgment rendered in this action or to indemnify or reimburse for payments made to satisfy a judgment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**  Copies of any written statement of any person with knowledge of relevant facts (regardless of when the statement is made) in Defendant HULL TRUCKING, INC.'s and/or its agent's or representative's possession or subject to its control.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**  Copies of all memorandums, notes, writings, and reports that any witness has prepared relating to their review of materials furnished by the defense.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**  For each and every expert witness that may testify at trial in this cause, please produce a copy of the following items in your possession, custody or control:

    a.  All notes, drafts, or written reports setting out opinions that the witness will express in this case.

    b.  Copies of all billing statements, receipts, writings, records or memorandums reflecting the amount of professional time spent by the witness on this case, and the amount of the witness's charges to date for work performed.

    c.  All correspondence to or from the witness (or otherwise), reports, telephone memorandums, preliminary reports, letters, notes, margin notations, or their like, with regard to any involvement of the witness in the subject made the basis of this lawsuit, preliminary or otherwise, and whensoever produced. This is intended to include any

contracts or financial agreements between the witness and the lawyer, and between the witness and any expert witness service.

d. Copies of any and all learned treatises, textbooks, or other reference materials which the witness reviewed or relied on, in whole or in part, in forming their opinions regarding the care and treatment of the plaintiff in this case.

e. Any depositions given by the witness in any case brought by a patient against a health care provider.

f. Any petitions, pleadings, or other materials in the witness's possession relating to any cases in which the witness was named as a defendant in a malpractice action.

g. Any interrogatory answers and/or depositions in the witness's possession relating to any lawsuit in which they were named as a defendant in a malpractice action.

h. Copies of any medical articles, papers, or outlines prepared by the witness in connection with any publications or presentations to medical groups, societies, or organizations which involved issues, standards or teachings which are related to the issues raised in this case.

i. A copy of the expert's current and complete bibliography or curriculum vitae, including all bibliographies of completed works which he/she has authored or co-authored or to which he/she has contributed, whether or not such works have been generally published;

j. All "reports", including but not limited to, all drafts and revisions or such reports (whether on hard copy or electronically stored).  The term "report" as used herein includes all documents (memoranda, notes, correspondence, charts, and graphics) containing the experts factual observations, as well as all opinions, and all supporting data or material which the expert has reviewed and/or relied upon in formulating his/her opinions and mental impressions relevant to the subject matter of this lawsuit.  In this regard, the term "report" also encompasses all "learned treatises" (works of scientific value in the field of the expert's area of expertise) the expert has reviewed and/or relied upon in forming his/her opinions relevant to the subject matter of this lawsuit; and

k. All tests, photographs, movies, and/or videotapes, films and/or image-recording films of any nature, diagrams, sketches, graphs, computer-assisted calculations and recreations and/or models and mock-ups generated by or provided to the expert relevant to his/her involvement in the instant case and/or relevant to the testimony he/she may give at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**  For any consulting expert whose work product has been reviewed by an expert who may testify on your behalf, please similarly provide all the items requested in Request No. 24, above.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**  Copies of any and all reservation of rights letters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**   All documents, photographs, statements and tangible things obtained by Defendant HULL TRUCKING, INC. pursuant to Depositions on Written Questions and Subpoena Duces Tecum.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**   All time sheets for Defendant MICHAEL CULVER for the 90-day period preceding the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**  All documents showing the purpose of Defendant MICHAEL CULVER's travel on January 30, 2014, including, but not limited to, memos, work orders, bills of lading and expense reimbursements.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**   All pay stubs, federal W-2 forms, expense reimbursements, commissions, bonuses and any other documents or tangible evidence reflecting payment of money or benefits for any reason from Defendant HULL TRUCKING, INC. to Defendant MICHAEL CULVER for the 12-month period preceding the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**  The complete payroll file, personnel file, and any other required document or file for commercial vehicle drivers for Defendant MICHAEL CULVER compiled by you, from and including his first date of employment through and including the last date of employment with you including, but not limited to the following: driver qualification file; drug and alcohol test file; application for employment; references; driving

APP 038

tests; employee evaluations; job descriptions; performance reports; driver daily logs; physical examinations; traffic citations; driving histories; moving violations records; criminal records; worker's compensation; and health insurance claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**  Your complete investigative file compiled prior to the time that you "anticipated litigation" concerning the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**  A copy of all leases, understandings, memoranda and other documents relating to the use and possession of the 2007 Peterbilt Tractor Trailer and 2005 Benson Truck Bodies Trailer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**  Copies of the complete employee manual, instruction manual, policy and procedure manual and other materials issued to Defendant MICHAEL CULVER containing instructions, directions, suggestions or recommendations for proper and safe driving and operations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**  The complete in-house investigation conducted by or on your behalf in the ordinary course of business relative to all citations from any local, state, or federal agencies or inquiries relevant to the collision, including, but not limited to, all things prepared for, and/or presented in, any informal conference or closing conference between you and any governmental representatives (this request specifically includes, but is not limited to, all photographs, movies, videotapes, audiotapes, reports, memoranda, correspondence, written statements, and all correspondence between you and any such agencies).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**  Please produce for copying, photographing and/or inspection all physical evidence that you have preserved arising from the collision.

**RESPONSE:**

APP 039

**REQUEST FOR PRODUCTION NO. 37:**  All organizational charts of your company showing the structure of your company, including the various departments, sections and divisions of your operations for the 3-year period preceding the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**  True and complete copies of all surveillance reports, investigative notes, photographs, movies and/or videotapes taken during any investigation, or surveillance of Plaintiffs at any time prior to the trial of this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**  All incident/accident reports for any accident Defendant MICHAEL CULVER was involved in for the 5-year period preceding the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**  Any and all notes, memos, correspondence and/or other documents generated in the period of time five (5) years prior to January 30, 2014, and through the present which relate to local, state, or federal agencies' safety audits, safety reviews, inspections, findings, and/or analysis of your business operations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**  Any and all documents generated and/or distributed by you to your employees regarding corrective actions to be taken in response to any state and/or federal agencies' findings concerning your business operations for the 5-year period preceding the collision through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**  Please produce a copy of any alcohol and/or controlled substance test that Defendant MICHAEL CULVER submitted to as a result of the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**  Please produce all documents that consist of your employment policies and procedures and of which discuss or describe your policies with respect to policies for recruiting, criminal background checks, examination of driving records, drug screens, references from prior employment, promotions, operations of equipment, use of

company vehicles, training, supervision, safety instruction, and/or discipline for employees such as Defendant MICHAEL CULVER that were in existence during the time period that Defendant MICHAEL CULVER was employed by you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**   Please produce all documents relating to, pertaining to, referencing or documenting any review of the collision by you pertaining to any preventability determination.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**  A copy of your Document Retention Policies that were in existence as of January 30, 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**  A copy of all policies and procedures of your Recruiting and Hiring Department, Safety Department, and Compliance Department pertaining to the recruitment of drivers, the screening process and criteria of new driver applicants, and the hiring process and criteria for new drivers that were in existence at the time Defendant MICHAEL CULVER first came to work for you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**  A copy of any written documents or printouts from any computer screen pertaining to any action taken by you to demote, suspend, remove or prohibit Defendant MICHAEL CULVER from continuing to work as a driver following the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**  A copy of all sign-in sheets for any safety meetings or training sessions attended by Defendant MICHAEL CULVER for the 3-year period preceding the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**  A copy of all handouts, overhead slides, power point presentations or other written or visual materials that were given to drivers or presented to them at any safety meeting or training sessions for the 3-year period preceding the collision.

APP 041

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**  Please produce a statement of your current net worth.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:**  All letters, reports, memorandum, instructions, evaluations, correspondence and citations from and/or sent to OSHA, DOT, ICC, DPS or any other federal or state agencies received by and/or sent by you in the five-year period preceding and including the date of the collision through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:**  Any and all documents generated and/or distributed by you to your employees regarding the recordation or truck drivers' hours of operation and/or the maximum number of hours of operation by truck drivers for the 3 year period preceding the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:**  Please produce the printout of the Electronic Control Module from the subject tractor-trailer that documents the various actions of the tractor-trailer in the minutes or so leading up to the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:**  A copy of all ISO (International Standards Organization) standards, policies and procedures that your drivers were following for the 3-year period preceding the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:**  A copy of all documents in your claim file that were reviewed by anyone with your company in making the determination whether the subject accident was "preventable."

**RESPONSE:**

APP 042

**REQUEST FOR PRODUCTION NO. 56:**   A copy of any videotape(s) used by you to train your drivers, like Defendant MICHAEL CULVER, for the 5 year period preceding the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:**   A copy of the Driver's Daily Logs for Defendant MICHAEL CULVER from December 30, 2013, through and including January 30, 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:**   All audits or compliance reviews by the Federal Motor Carrier Safety Administration ("FMCSA") for years 2009 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:**   All findings, recommendations and safety ratings by the FMCSA with respect to any audits or compliance reviews for years 2009 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:** Your Accident Register for years 2009 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:**   Documents reflecting the monthly statistics of accidents involving your drivers that resulted in injury or death, for years 2009 to the present.

**RESPONSE:**

# EXHIBIT "D"

APP 044

CAUSE NO. _____

| | | |
|---|---|---|
| BARRY MACLEOD | § | IN  COUNTY COURT |
| PLAINTIFF | § | |
| | § | |
| VS. | § | AT LAW NO. _____ |
| | § | |
| MICHAEL CULVER, HULL | § | |
| TRUCKING, INC., RILEY ANDREW | § | |
| RANSOM and LORRIE LYNN | § | |
| JACKSON-BURSEY | § | |
| DEFENDANTS | § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT HULL TRUCKING, INC.

**TO**:    Defendant, Hull Trucking, Inc.

COMES NOW, BARRY MACLEOD, Plaintiff in the above-entitled and numbered cause, and submits the following Interrogatories to Defendant, HULL TRUCKING, INC., pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, to be answered separately and fully, in writing under oath not less than fifty (50) days from the date of service upon the Defendant's attorney.

### DEFINITIONS

(a)    As used herein the terms "Defendant", "you", or "yours" refer to HULL TRUCKING, INC., its agents, representatives, employees, servants, attorneys, investigators and anyone else acting on HULL TRUCKING, INC..

(b)    As used herein, the term "Plaintiff" shall refer to BARRY MACLEOD.

(c)    As used herein the term "collision" shall mean the motor-vehicle collision between Defendant and Plaintiff that occurred on or about January 30, 2014, on SH-121 in Wise County, Texas, as more fully described in Plaintiffs' Original Petition.

APP 045

## INSTRUCTIONS

In responding to any of the questions contained herein, you are instructed as follows:

(a)     All information which is not privileged and is in your possession needs to be divulged.

(b)     Where an individual Interrogatory calls for an answer that involves more than one part, each part of the answer should be clearly set out so that it is understandable.

(c)     These questions are continuing in nature and require supplemental answers in the event that you or your attorney becomes aware of further information between the time your answers are given and the time of trial.

(d)     If the spaces provided after each Interrogatory are not sufficient, you may supplement your answer on a separate piece of paper.

(e)     IT IS REQUESTED THAT ALL DOCUMENTS AND/OR OTHER DATA COMPILATIONS WHICH MIGHT IMPACT THE SUBJECT MATTER OF THIS LITIGATION BE PRESERVED AND THAT ANY ONGOING PROCESS OF DOCUMENT DESTRUCTION INVOLVING SUCH DOCUMENTS CEASE.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  With regard to Defendant HULL TRUCKING, INC., please state the following:

A.  The proper business or corporate name, including all names, parents, subsidiaries, affiliates and d/b/a and f/k/a entities by which you have ever been known;

B.  All divisions and subdivisions of Defendant HULL TRUCKING, INC. having responsibility or involvement in the employment of Defendant Michael Culver, directing in whole or in part the details of his work, and directing his destination on the day in question and/or each division's or subsidiary's role therein;

C.  The name, last known address and title of each officer of Defendant HULL TRUCKING, INC. on January 30, 2014, who had any duties, responsibilities or supervisory power with respect to Defendant HULL TRUCKING, INC.'s vehicle operations; and

D.  The name, address and title of the individuals currently overseeing the operations, management and/or resolution of debts and claims of Defendant HULL TRUCKING, INC.

APP 046

**ANSWER:**

**INTERROGATORY NO. 2:**  Please identify all individuals of Defendant HULL TRUCKING, INC. who have or may have knowledge relating to each of the following areas of inquiry:

      A.  Hiring, training and supervision of Defendant Michael Culver;

      B.  Compliance with federal, state, and local laws and regulations regarding hiring, training, supervision and operation of trucks/vehicles by individual drivers;

      C.  Prior claims and lawsuits made against Defendant HULL TRUCKING, INC. for personal injuries or property damage from 2009 to present;

      D.  Designing and implementing Defendant HULL TRUCKING, INC.'s safety program(s);

      E.  Defendant HULL TRUCKING, INC.'s chain of command; and

      F.  The collision.

**ANSWER:**

**INTERROGATORY NO. 3:**  Please state the purpose of Defendant Michael Culver's travel at the time the collision occurred.  Please include his point of origin, his intended destination, stops at any intermediate points prior to the collision, including the time that he left for his destination and the times of all intermediate stops.

**ANSWER:**

**INTERROGATORY NO. 4:**  State whether or not Defendant Michael Culver was acting within the course and scope of any agency, employment, or service with you at the time of the collision.

**ANSWER:**

**INTERROGATORY NO. 5:**  Describe in your own words your understanding of how the collision occurred and state specifically what your claim or contention will be regarding any cause or contributing cause of the collision, including a statement of the facts or information upon which this contention is based.

**ANSWER:**

APP 047

**INTERROGATORY NO. 6:**  Please describe the damage done to the 2007 Peterbilt Tractor Trailer and 2005 Benson Truck Bodies Trailer in question, and give the costs of repair and identity of any person making repairs, if any.

**ANSWER:**

**INTERROGATORY NO. 7:**  Please describe all conversations which you had with the Plaintiff, or with Plaintiff's representatives following the collision.

**ANSWER:**

**INTERROGATORY NO. 8:**  Do you contend that the collision was caused by any defect or failure on the part of the subject 2007 Peterbilt Tractor Trailer and 2005 Benson Truck Bodies Trailer?  If so, please set forth the facts supporting your contentions.

**ANSWER:**

**INTERROGATORY NO. 9:**  Do you contend that the collision was caused by any defect or condition on the roadway?  If so, please set forth the facts supporting your contentions.

**ANSWER:**

**INTERROGATORY NO. 10:**  Please identify all investigations of the collision which you conducted or which has been conducted on your behalf.  Please include the date the investigation began and the date that it ended, and state the name, address and relationship to Defendant HULL TRUCKING, INC. of each individual who participated in any such investigation.

**ANSWER:**

**INTERROGATORY NO. 11:**  Please describe all promotions, demotions, changes of title or position, and/or pay raises which Defendant Michael Culver received from you (or any of your affiliates), including the dates of the change of title or position and the names of all persons responsible for said promotions, raises, and changes in title or position of Defendant Michael Culver.

**ANSWER:**

**INTERROGATORY NO. 12:**  If you requested that Defendant Michael culver submit to a test for alcohol and controlled substances following the collision, then answer the following.  If you did not request such testing, please explain why.

APP 048

    A.     The date and time such test was administered;

    B.     The name, address and telephone number of the person or facility   that administered such test;

    C.     The person(s) who instructed Defendant Michael Culver to submit to such testing; and

    D.     The results of such tests.

**ANSWER:**

**INTERROGATORY NO. 13:**  Please list all motor vehicle accidents and traffic violations/citations that Defendant Michael Culver was involved in and/or received to your knowledge while he was employed by you?

**ANSWER:**

**INTERROGATORY NO. 14:**  Did you ever take any disciplinary action(s) against Defendant Michael Culver during his employment with you?  If so, please provide the dates of such action, and what action was taken and why.

**ANSWER:**

**INTERROGATORY NO. 15:**  Please identify by name, address and telephone number the following person with your company:

    A.  Person(s) responsible for hiring Defendant Michael Culver;

    B.  Person(s) responsible for supervising Defendant Michael Culver;

    C.  Person(s) responsible for safety at the time of the collision (e.g., Vice President of Safety, Safety Director, etc.); and

    D.  Person(s) responsible for training Defendant Michael Culver.

**ANSWER:**

**INTERROGATORY NO. 16:**  If you plan to use any evidence of criminal arrest and/or conviction to impeach Plaintiffs or any witness at the time of trial, please identify the nature of the charge, disposition, date of disposition and jurisdiction.

**ANSWER:**

**INTERROGATORY NO. 17:**  Do you contend that Plaintiff did anything wrong which caused or contributed to cause the collision?  If so, then please describe what you contend they did wrong, and how such actions or inactions caused or contributed to cause the collision.

**ANSWER:**

**INTERROGATORY NO. 18:**  Do you contend that the collision was caused, in whole or in part, by any acts and or omission by a third party?  Is so, then please identify the name, address and telephone number of any such third party, and describe all such acts and/or inactions on their part that you contend caused or contributed to cause the collision.

**ANSWER**:

**INTERROGATORY NO. 19:**  Do you contend that Defendant Michael Culver did anything wrong that caused or contributed to cause the collision?  If so, then please describe what you contend he did wrong, and how such actions caused or contributed to cause the collision.

**ANSWER**:

**INTERROGATORY NO. 20:**  Please state the name, address and telephone number of any witnesses you may call to testify at the trial of this case, including a brief description of such person's connection with the case.

**ANSWER**:

**INTERROGATORY NO. 21:**  Did you determine the collision was "preventable"? If so, please state the name, address and telephone number and position with your company of all persons who were involved in making such a determination, and provide a brief description of the factual basis for such determination.

**ANSWER:**

**INTERROGATORY NO. 22:**  Please state the name, address and telephone number of any passengers who were with Defendant Michael Culver at the time of the collision and the connection, if any, they had with your company.

**ANSWER:**

# EXHIBIT "E"

APP 051

CAUSE NO. _____

| | | |
|---|---|---|
| BARRY MACLEOD | § | IN  COUNTY COURT |
| *PLAINTIFF* | § | |
| | § | |
| VS. | § | AT LAW NO. _____ |
| | § | |
| MICHAEL CULVER, HULL | § | |
| TRUCKING, INC., RILEY ANDREW | § | |
| RANSOM and LORRIE LYNN | § | |
| JACKSON-BURSEY | § | |
| *DEFENDANTS* | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT RILEY ANDREW RANSOM

**TO**:    Defendant, RILEY ANDREW RANSOM.

COMES NOW, BARRY MACLEOD, ("Plaintiff") in the above-entitled and numbered cause, and submits the following Request for Production of Documents and tangible things to Defendant RILEY ANDREW RANSOM pursuant to Rules 192 and 196 of the TEXAS RULES OF CIVIL PROCEDURE, requiring Defendant to produce the items described below within fifty (50) days from the date of service.

## DEFINITIONS AND INSTRUCTIONS

(a)    As used herein the terms "you" or "yours" refer to RILEY ANDREW RANSOM, his agents, representatives, employees, servants, attorneys, investigators and anyone else acting on Defendant's behalf.

(b)    As used herein, the "Plaintiff" shall refer to BARRY MACLEOD.

(c)    As used herein, the terms "document" or "documents" means every writing of every type of description, and every other thing constituting any medium by which, through which, or on which any type of communication, information, or knowledge has been transmitted, recorded or preserved.  The terms "document" or "documents" also mean every copy of a document or such copy that is not an identical duplicate of the original.

APP 052

(d)     As used herein, the terms "person" or "persons" mean any natural person, firm, governmental entity or subdivision thereof, proprietorship, partnership, joint venture, corporation or any other form of organization or association.

(e)     This request shall be deemed continuing so as to require further and supplemental production if Defendant produces, generates or personally discovers additional documents within the scope of this request following compliance herewith.

(f)     With respect to each item produced, identify which request number each item responds to.

(g)     If any documents or answer responsive to this Request for Production is withheld or objected to under the claim of attorney-client privilege, under a qualified privilege pursuant to TEXAS RULES OF CIVIL PROCEDURE or for any other reason, the following is to be identified as to any such document or answer:

(1)     the relevant date;

(2)     the relevant person;

(3)     the author or addressee;

(4)     all persons indicated as recipients of the copies;

(5)     all persons known to you to have received the documents and/or information or to have learned the substance of its contents;

(6)     the subject matter of the document and/or information;

(7)     the specific privilege or objection alleged to be applicable or other reasons for its being withheld or not answered;

(8)     if you had, at any time, possession or control of the document requested and such document has been lost, destroyed or purged and is not presently in your possession or control, identify such document and describe the circumstances surrounding the loss, destruction, purge or separation from your possession or control, indicating the date of which that circumstance occurred; and

(9)     OBJECTIONS - If you object to any of the production requests contained herein, you are requested to identify with specificity, the specific procedural rule(s) or substantive law(s) upon which you base your objections.

APP 053

(h)    As used herein, all words used in their singular forms shall be deemed to include the words in their plural forms.

<div align="center">

**REQUEST FOR PRODUCTION AND DISCOVERY**

</div>

The following documents are to be produced for inspection, examination and copying, within fifty (50) days after receipt of this request at Tate Rehmet Law Offices, 2902 N. US Hwy. 75, Sherman, Texas  75090.

**REQUEST FOR PRODUCTION NO. 1:**  A copy of Defendant's driver's license (front and back).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**  A copy of the title to the vehicle which Defendant was driving at the time in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**  A complete copy of the policy of insurance for the vehicle in which Defendant was driving at the time of the occurrence in question made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**  A complete copy of any policy of insurance covering Defendant at the time of the collision in made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**  Any and all photographs that Defendant has of the vehicles, parties, and the scene in question following the collision made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  A copy of any damage appraisal made of the Defendant's vehicle following the collision made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  A copy of any damage appraisal made of the Plaintiff's vehicle following the collision made the basis of this suit which is subject to and under the control of Defendant, his agents or representatives.

**RESPONSE:**

APP 054

**REQUEST FOR PRODUCTION NO. 8:**  Copies of any and all statements previously made by the Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by the Plaintiff hereto and contemporaneously recorded.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**  Any and all drawings, maps or sketches of the scene of the collision which has been made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**  All photographs and/or video recordings of the vehicles involved in the collision made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**  All photographs and/or video recordings of the collision scene.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**  A copy of any contract of employment that would govern relationship with any other party or bear on the issue of scope of employment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**  A copy of any letter, memo or document relating to any settlement agreement between Defendants, where multiple Defendants.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**  A copy of any surveillance movies, photographs, video tape recordings, audio recordings or other tangible recording of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**  All documents reflecting statements or communications between Plaintiff and/or Plaintiff's representatives, and Defendant and/or Defendant's representatives.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**  Copies of all newspaper articles, magazine articles, news releases, news items, videotapes, out-takes, recordings, electronic recordings, and similar

APP 055

documents discussing, describing, mentioning or referring to the collision made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**   A copy of the declaration page of Defendant's policy of insurance under which any person may be liable to satisfy part or all of a judgment rendered in this action or to indemnify or reimburse for payments made to satisfy a judgment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**   Copies of any written statement of any person with knowledge of relevant facts regardless of when the statement is made in Defendant's, and/or his agent's or representative's possession or subject to Defendant's control.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**   For each and every expert witness that may testify at trial in this cause, please produce a copy of the following items in Defendant's possession, custody or control:

    a.     All notes, drafts, or written reports setting out opinions that the witness will express in this case.

    b.     Copies of all billing statements, receipts, writings, records or memorandums reflecting the amount of professional time spent by the witness on this case, and the amount of the witness's charges to date for work performed.

    c.     All correspondence to or from the witness (or otherwise), reports, telephone memorandums, preliminary reports, letters, notes, margin notations, or their like, with regard to any involvement of the witness in the subject made the basis of this lawsuit, preliminary or otherwise, and whensoever produced. This is intended to include any contracts or financial agreements between the witness and the lawyer, and between the witness and any expert witness service.

    d.     Copies of any and all learned treatises, textbooks, or other reference materials which the witness reviewed or relied on, in whole or in part, in forming their opinions regarding the care and treatment of the plaintiff in this case.

    e.     Any depositions given by the witness in any case brought by a patient against a health care provider.

f.      Any petitions, pleadings, or other materials in the witness's possession relating to any cases in which the witness was named as a defendant in a malpractice action.

g.      Any interrogatory answers and/or depositions in the witness's possession relating to any lawsuit in which they were named as a defendant in a malpractice action.

h.      Copies of any medical articles, papers, or outlines prepared by the witness in connection with any publications or presentations to medical groups, societies, or organizations which involved issues, standards or teachings which are related to the issues raised in this case.

i.      A copy of the expert's current and complete bibliography or curriculum vitae, including all bibliographies of completed works which he/she has contributed, whether or not such works have been generally published.

j.      All reports, including but not limited to, all drafts and revisions or such reports (whether on hard copy or electronically stored).  The term report as used herein includes all documents (memoranda, notes, correspondence, charts, and graphics) containing the experts factual observations, as well as all opinions, and all supporting data or material which the expert has reviewed and/or relied upon in formulating his/her opinions and mental impressions relevant to the subject matter of this lawsuit.  In this regard, the term report also encompasses all learned treatises (works of scientific value in the field of the expert's area of expertise) the expert has reviewed and/or relied upon in forming his/her opinions relevant to the subject matter of this lawsuit.

k.      All tests, photographs, movies, and/or videotapes, films and/or image-recording films of any nature, diagrams, sketches, graphs, computer-assisted calculations and recreations and/or models and mock-ups generated by or provided to the expert relevant to his/her involvement in the instant case and/or relevant to the testimony he/she may give at trial.

**REQUEST FOR PRODUCTION NO. 20:**  For any consulting expert whose work product has been reviewed by an expert who may testify on your behalf, please similarly provide all the items requested in Request No. 19, above.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**  Copies of any and all reservation of rights letters.

APP 057

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**  DOCUMENTS OBTAINED VIA DEPOSITION. All documents, photographs, statements and tangible things obtained by you pursuant to Depositions on Written Questions and Subpoena Duces Tecum.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**  Any documents concerning any blood alcohol test performed on a sample of any drivers blood or breath, including, but not limited to, documents containing the result of the test, documents concerning the calibration of the equipment used, chain of custody sheets, and/or any document containing information that the result of the test was not accurate.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**  Any video or photograph of the Defendant driver taken in the course of any stemming from this collision.

**RESPONSE:**

# EXHIBIT "F"

APP 059

CAUSE NO. _____

| | | |
|---|---|---|
| BARRY MACLEOD | § | IN  COUNTY COURT |
| *PLAINTIFF* | § | |
| | § | |
| VS. | § | AT LAW NO. _____ |
| | § | |
| MICHAEL CULVER, HULL | § | |
| TRUCKING, INC., RILEY ANDREW | § | |
| RANSOM and LORRIE LYNN | § | |
| JACKSON-BURSEY | § | |
| *DEFENDANTS* | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT RILEY ANDREW RANSOM

**TO**:    Defendant, RILEY ANDREW RANSOM.

COMES NOW, BARRY MACLEOD, Plaintiff in the above-entitled and numbered cause, and submits the following Interrogatories to Defendant, RILEY ANDREW RANSOM, pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, to be answered separately and fully, in writing under oath within fifty (50) days from the date of service.

### DEFINITIONS

(a)    As used herein, the terms "you" and "yours" refer to RILEY ANDREW RANSOM, his representatives, attorneys, investigators and anyone else acting on Defendant's behalf.

(b)    As used herein, the "Plaintiff" shall refer to BARRY MACLEOD.

### INSTRUCTIONS

In responding to any of the questions contained herein, you are instructed as follows:

(a)    All information which is not privileged and is in your possession needs to be divulged.

(b)    Where an individual Interrogatory calls for an answer that involves more than one part, each part of the answer should be clearly set out so that it is understandable.

APP 060

(c)     These questions are continuing in nature and require supplemental answers in the event that you or your attorney becomes aware of further information between the time your answers are given and the time of trial.

(d)     If the spaces provided after each Interrogatory are not sufficient, you may supplement your answer on a separate piece of paper.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**  Please state your full name, other names by which you have been known (including maiden name where applicable), present address, residence and business telephone numbers, occupation, present employer, Social Security number, driver's license number, and date of birth, and all changes in any of the listed items within the last five (5) years.

**ANSWER:**

**INTERROGATORY NO. 2:**  State whether at the time of the accident referred to in Plaintiff's Original Petition, you were acting as an agent or employee of any person or entity within the course and scope of said agency or employment.

**ANSWER:**

**INTERROGATORY NO. 3:**  State where you had been just prior to the accident, where you were going at the time of the accident and the purpose of the trip.

**ANSWER:**

**INTERROGATORY NO. 4:**  State the speed of the vehicle in which you were the driver at all times material to the accident made the basis of this suit, including specifically the speed at the time of impact, and if the brakes were on at the time of impact.

**ANSWER:**

**INTERROGATORY NO. 5:**  State the substance of each communication you have had with Plaintiff and the date it occurred.

**ANSWER:**

**INTERROGATORY NO. 6:**  State the substance of each statement by Plaintiff that you heard following the collision.

**ANSWER:**

**INTERROGATORY NO. 7:**  State all things that you did in an effort to avoid the collision which serves as the basis for this lawsuit, if any.

APP 061

**ANSWER:**

**INTERROGATORY NO. 8:**  If any type of test was performed on you at the time of the accident in question or within a 24 hour period following the collision, to test your blood alcohol content, please state the results of such test(s) and describe all documents which reflect the same.

**ANSWER:**

**INTERROGATORY NO. 9:**  Other than your attorneys, your insurance adjuster, or investigator, please identify all persons with whom you have discussed the accident made the basis of this suit, your possible involvement in the same, or the allegations made against you by Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 10:**  State every lawsuit in which you have been named as a Plaintiff or Defendant, involving a vehicular collision, during the last five (5) years, including the name of any person who has sought damages, the nature of the lawsuit, the Court in which such lawsuit was filed, the docket number of the lawsuit, and the lawsuit's disposition.

**ANSWER:**

**INTERROGATORY NO. 11:**  If you contend that Plaintiff's or anyone else's negligence, actions, or inactions caused or contributed to this accident, please state:

       (a)      the specific action or inaction;

       (b)      and all contentions of negligence, actions or inactions; and

       (c)      people with knowledge of facts relevant to this contention, in whole or in part.

**ANSWER:**

**INTERROGATORY NO. 12:**  Please state whether or not at the time of the accident in question you were wearing any type of corrective lenses for your eyesight and, if so, what type.

**ANSWER:**

**INTERROGATORY NO. 13:**  Describe any information you have indicating or any reason you have to believe that there was any defect or failure on the part of any vehicle or equipment involved in the collision.

**ANSWER**:

**INTERROGATORY NO. 14:**  Describe any traffic citation you received as a result of this collision by stating the name and location of the court involved, the violations of the law charged in that citation and the date, place, and manner of disposition of the citation.

**ANSWER**:

**INTERROGATORY NO. 15:** Pursuant to Rule 193.3(b) of the TEXAS RULES OF CIVIL PROCEDURE, please identify all documents and materials withheld from production in response to Defendant's Requests for Production under a claim of privilege sufficient to allow Defendant to assess the applicability of the privilege and assert a specific privilege for each item or group of items withheld.

**ANSWER**:

**INTERROGATORY NO. 16:**  Please state, in detail, all actions or inactions of Plaintiff you contend resulted in his failure to mitigate damages, if any, resulting from the incident made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 17:**  Pursuant to Rule 192.3(d), please state the name, address and telephone number of any person who is expected to be called to testify at trial.  **THIS INTERROGATORY DOES NOT APPLY TO REBUTTAL OR IMPEACHING WITNESSES THE NECESSITY OF WHOSE TESTIMONY CANNOT REASONABLY BE ANTICIPATED BEFORE TRIAL.**

**ANSWER:**

**INTERROGATORY NO. 18:**  Have you been involved, as a driver or a passenger, in any motor vehicle accidents since the accident made the basis of this lawsuit?    If yes, please state the date, location, investigative authority and persons involved.

**ANSWER:**

**INTERROGATORY NO. 19:**  Indicate whether you have any information that Defendant, any party (including Plaintiff), any person with knowledge of relevant facts or any expert has been convicted of a crime. If so, identify the person, the crime convicted of, and the date and jurisdiction of the conviction. This request is made in connection with Rule 609 of the TEXAS RULES OF CIVIL EVIDENCE.

**ANSWER:**

**INTERROGATORY NO. 20:**  Have you ever been convicted, pled guilty or nolo contendere to any type of criminal charge other than a traffic ticket? If so, please state the nature of the crime, the date of such conviction and/or plea, the place where each conviction occurred or where the plea was made, and the disposition of the criminal charge.

**ANSWER:**

APP 063

# Exhibit A-2

APP 064

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-15-00010-A**
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

TO:

**HULL TRUCKING, INC., ONE OF THE DEFENDANTS
SERVE REG AGENT LARRY HULL
17224 US HWY 61
OLD APPLETON MO  63770**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR WRITTEN DISCOVERY TO DEFEDNANTS, a default judgment may be taken against you."   Your answer should be addressed to the clerk of County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**BARRY MACLEOD**
*Plaintiff(s)*

**VS.**

**MICHAEL CULVER; HULL TRUCKING, INC.; RILEY ANDREW RANSOM; AND LORRIE LYNN JACKSON-BURSEY**
*Defendant(s)*

filed in said Court on the 2nd day of January, 2015 a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 5th day of January, 2015 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____, Deputy
       Sonyetta Freeman



---

**ATTORNEY**

**CITATION
REQUESTS FOR WRITTEN
DISCOVERY, PRODUCTION, FIRST
SET OF INTERROGATORIES,
PLAINTIFF'S FIRST REQUESTS FOR
PRODUCTION**

**CC-15-00010-A**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
Dallas County, Texas

**BARRY MACLEOD**, *Plaintiff(s)*

**VS.**

MICHAEL CULVER; HULL
TRUCKING, INC.; RILEY ANDREW
RANSOM; AND LORRIE LYNN
JACKSON-BURSEY, *Defendant(s)*

**SERVE:**

**HULL TRUCKING, INC.
ONE OF THE DEFENDANTS
SERVE REG AGENT LARRY HULL
17224 US HWY 61
OLD APPLETON MO  63770**

**ISSUED THIS**
**5th day of January, 2015**

John F. Warren, County Clerk
By: Sonyetta Freeman, Deputy

Attorney for Plaintiff

CHRISTOPHER REHMET
TATE REHMET LAW OFFICE PC
2902 NORTH US HIGHWAY 75
SHERMAN  TX  75090-0506
903-892-4440

**NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK**

## OFFICER'S RETURN

CC-15-00010-A   County Court at Law No. 1

BARRY MACLEOD vs. MICHAEL CULVER, HULL TRUCKING, INC., RILEY ANDREW RANSOM AND LORRIE LYNN JACKSON-BURSEY

**ADDRESS FOR SERVICE:**
SERVE REG AGENT LARRY HULL
17224 US HWY 61
OLD APPLETON MO  63770

**Fees:**
Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to HULL TRUCKING, INC., ONE OF THE DEFENDANTS in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR WRITTEN DISCOVERY TO DEFEDNANTS with the date and service at the following times and places to-wit:

**Name**                        **Date/Time**                   **Place, Course and Distance from Courthouse**

_____   _____   _____

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

           Serving Petition and Copy     $_____   _____, Officer

           Total     $_____   _____, County, Texas

                            By:_____, Deputy

                               _____, Affiant

APP 066

# Exhibit A-3

APP 067

# THE STATE OF TEXAS
## CITATION

CAUSE NO. CC-15-00010-A
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

TO:

**MICHAEL CULVER, ONE OF THE DEFENDANTS**
**3000 PIONEER TRAILER 41 ST**
**CAPE GIRARDEAU MO 63703**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANTS, a default judgment may be taken against you."   Your answer should be addressed to the clerk of County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**BARRY MACLEOD**
*Plaintiff(s)*

VS.

**MICHAEL CULVER; HULL TRUCKING, INC.; RILEY ANDREW RANSOM; AND LORRIE LYNN JACKSON-BURSEY**
*Defendant(s)*

filed in said Court on the 2nd day of January, 2015 a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 5th day of January, 2015 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____ , Deputy
   Sonyetta Freeman



NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK

---

**ATTORNEY**

**CITATION**
**REQUESTS FOR WRITTEN DISCOVERY, PRODUCTION, FIRST SET OF INTERROGATORIES, PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

**CC-15-00010-A**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
**Dallas County, Texas**

**BARRY MACLEOD**, *Plaintiff(s)*

**VS.**

MICHAEL CULVER; HULL TRUCKING, INC.; RILEY ANDREW RANSOM; AND LORRIE LYNN JACKSON-BURSEY, *Defendant(s)*

**SERVE:**
**MICHAEL CULVER**
**ONE OF THE DEFENDANTS**
**3000 PIONEER TRAILER 41 ST**
**CAPE GIRARDEAU MO  63703**

**ISSUED THIS**
**5th day of January, 2015**

John F. Warren, County Clerk
By: Sonyetta Freeman, Deputy

Attorney for Plaintiff

**CHRISTOPHER REHMET**
TATE REHMET LAW OFFICE PC
2902 NORTH US HIGHWAY 75
SHERMAN  TX  75090-0506
903-892-4440

## OFFICER'S RETURN

CC-15-00010-A   County Court at Law No. 1

BARRY MACLEOD vs. MICHAEL CULVER, HULL TRUCKING, INC., RILEY ANDREW RANSOM AND LORRIE LYNN JACKSON-BURSEY

**ADDRESS FOR SERVICE:**
3000 PIONEER TRAILER 41 ST
CAPE GIRARDEAU MO  63703

**Fees:**
Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to MICHAEL CULVER, ONE OF THE DEFENDANTS in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANTS with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
| --- | --- | --- |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

| | | |
| --- | --- | --- |
| Serving Petition and Copy | $_____ | _____, Officer |
| Total | $_____ | _____, County, Texas |
| | By: | _____, Deputy |
| | | _____, Affiant |

# Exhibit A-4

APP 070

| | ATTORNEY |
|---|---|
| | **CITATION**<br>**REQUESTS FOR WRITTEN**<br>**DISCOVERY, PRODUCTION, FIRST**<br>**SET OF INTERROGATORIES,**<br>**PLAINTIFF'S REQUESTS FOR**<br>**PRODUCTION** |

## THE STATE OF TEXAS
## CITATION
CAUSE NO. **CC-15-00010-A**
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

**TO:**

**RILEY ANDREW RANSOM, ONE OF THE DEFENANTS**
**300 CHATMAN STREET**
**HUTCHINS TX 75141**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANTS, a default judgment may be taken against you."   Your answer should be addressed to the clerk of County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**BARRY MACLEOD**
*Plaintiff(s)*

**VS.**

**MICHAEL CULVER; HULL TRUCKING, INC.; RILEY ANDREW RANSOM; AND LORRIE LYNN JACKSON-BURSEY**
*Defendant(s)*

filed in said Court on the 2nd day of January, 2014 a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 5th day of January, 2015 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____, Deputy
    Sonyetta Freeman

| CC-15-00010-A |
|---|
| IN THE COUNTY COURT OF DALLAS<br>County Court at Law No. 1<br>**Dallas County, Texas** |
| BARRY MACLEOD, *Plaintiff(s)* |
| **VS.** |
| MICHAEL CULVER; HULL<br>TRUCKING, INC.; RILEY ANDREW<br>RANSOM; AND LORRIE LYNN<br>JACKSON-BURSEY, *Defendant(s)* |
| **SERVE:**<br>**RILEY ANDREW RANSOM**<br>**ONE OF THE DEFEDNATS**<br>**300 CHATMAN STREET**<br>**HUTCHINS TX 75141** |
| **ISSUED THIS**<br>**5th day of January, 2015** |
| John F. Warren, County Clerk<br>By: Sonyetta Freeman, Deputy |
| Attorney for Plaintiff |
| CHRISTOPHER REHMET<br>TATE REHMET LAW OFFICE PC<br>2902 NORTH US HIGHWAY 75<br>SHERMAN  TX  75090-0506<br>903-892-4440 |



**NO OFFICER'S FEES HAVE BEEN**
**COLLECTED BY DALLAS COUNTY CLERK**

**APP 071**

## OFFICER'S RETURN

CC-15-00010-A   County Court at Law No. 1

BARRY MACLEOD vs. MICHAEL CULVER,  HULL TRUCKING, INC., RILEY ANDREW RANSOM AND LORRIE LYNN JACKSON-BURSEY

**ADDRESS FOR SERVICE:**
300 CHATMAN STREET
HUTCHINS TX  75141

**Fees:**
Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to RILEY ANDREW RANSOM, ONE OF THE DEFENDANTS in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANTS with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
| --- | --- | --- |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Serving Petition and Copy     $_____     _____, Officer

Total     $_____          _____, County, Texas

By:_____, Deputy

_____, Affiant

# Exhibit A-5

APP 073

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-15-00010-A**
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

TO:

**LORRIE LYNN JACKSON-BURSEY, ONE OF THE DEFENDANTS**
**300 CHATMAN STREET**
**HUTCHINS TX 75141**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANTS, a default judgment may be taken against you."   Your answer should be addressed to the clerk of County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**BARRY MACLEOD**
*Plaintiff(s)*

**VS.**

**MICHAEL CULVER; HULL TRUCKING, INC.; RILEY ANDREW RANSOM; AND LORRIE LYNN JACKSON-BURSEY**
*Defendant(s)*

filed in said Court on the 2nd day of January, 2015 a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 5th day of January, 2015 A.D.

JOHN F. WARREN, Dallas County Clerk

By_____, Deputy
Sonyetta Freeman



---

**ATTORNEY**

**CITATION**
**REQUESTS FOR WRITTEN DISCOVERY, PRODUCTION, FIRST SET OF INTERROGATORIES, PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

**CC-15-00010-A**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
**Dallas County, Texas**

**BARRY MACLEOD**, *Plaintiff(s)*

**VS.**

MICHAEL CULVER; HULL TRUCKING, INC.; RILEY ANDREW RANSOM; AND LORRIE LYNN JACKSON-BURSEY, *Defendant(s)*

**SERVE:**
**LORRIE LYNN JACKSON-BURSEY,**
**ONE OF THE DEFENDANTS**
**300 CHATMAN STREET**
**HUTCHINS TX 75141**

**ISSUED THIS**
**5th day of January, 2015**

John F. Warren, County Clerk
By: Sonyetta Freeman, Deputy

Attorney for Plaintiff
CHRISTOPHER REHMET
TATE REHMET LAW OFFICE PC
2902 NORTH US HIGHWAY 75
SHERMAN TX 75090-0506
903-892-4440

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

<span style="color:red">**APP 074**</span>

**OFFICER'S RETURN**

CC-15-00010-A   County Court at Law No. 1

BARRY MACLEOD vs. MICHAEL CULVER,  HULL TRUCKING, INC., RILEY ANDREW RANSOM AND LORRIE LYNN JACKSON-BURSEY

**ADDRESS FOR SERVICE:**
300 CHATMAN STREET
HUTCHINS TX  75141

**Fees:**
Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to LORRIE LYNN JACKSON-BURSEY, ONE OF THE DEFENDANTS in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANT with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

_____

|  |  |  |
|---|---|---|
| Serving Petition and Copy | $_____ | _____, Officer |
| Total | $_____ | _____, County, Texas |
| | | By: _____, Deputy |
| | | _____, Affiant |

# Exhibit A-6

APP 076

### CAUSE NO. CC-15-00010-A

| | | |
|---|---|---|
| BARRY MACLEOD, | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| | § | |
| VS. | § | AT LAW NO. 1 |
| | § | |
| MICHAEL CULVER, ET AL, | § | |
| | § | |
| **Defendant(s).** | § | DALLAS COUNTY, TEXAS |

## RETURN OF SERVICE

Came to my hand on **Wednesday, January 7, 2015 at 1:00 PM,**
Executed at: **300 CHAPMAN STREET, HUTCHINS, TX 75141**
within the county of **DALLAS** at 10:25 AM, on **Friday, January 9, 2015,**
by individually and personally delivering to the within named:

### LORRIE LYNN JACKSON-BURSEY

a true copy of this

**CITATION and PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR WRITTEN DISCOVERY
TO DEFENDANTS; PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFNDANT MICHAEL
CULVER; PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT MICHAEL
CULVER; PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT HULL TRUCKING, INC.;
PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT HULL TRUCKING, INC.;
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT RILEY ANDREW RANSOM;
PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT RILEY ANDREW RANSOM**

having first endorsed thereon the date of the delivery.

**BEFORE ME,** the undersigned authority, on this day personally appeared **Danny L. Haney** who after being duly sworn on oath states: "My name is **Danny L. Haney.** I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Practice and Remedies Codes as they apply to service of process. I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under Rule 103 and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas."

<div style="text-align:right">

**Danny L. Haney**

Of:   **Dallas County**

By: _____
Authorized Person - SCH566 - Exp 03/31/17

</div>

Subscribed and Sworn to by Danny L. Haney, Before Me, the undersigned authority, on this
9th day of January, 2015.



_____
**Notary Public in and for the State of Texas**

ARMANDO ESQUIVEL
Notary Public
STATE OF TEXAS
My Comm. Exp. March 26, 2015

**APP 077**

FILED
2015 JAN 12 AM 11: 17
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY TEXAS

FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

ORIGINAL

2015 JAN 12 AM 11: 17

## THE STATE OF TEXAS
## CITATION

CAUSE NO. CC-15-00010-A
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

TO:

**LORRIE LYNN JACKSON-BURSEY, ONE OF THE DEFENDANTS**
**300 CHATMAN STREET**
**HUTCHINS TX 75141**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANTS, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

### BARRY MACLEOD
*Plaintiff(s)*

VS.

### MICHAEL CULVER; HULL TRUCKING, INC.; RILEY ANDREW RANSOM; AND LORRIE LYNN JACKSON-BURSEY
*Defendant(s)*

filed in said Court on the 2nd day of January, 2015 a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 5th day of January, 2015 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Sonyetta Freeman_ , Deputy
Sonyetta Freeman



---

**ATTORNEY**
**CITATION**
**REQUESTS FOR WRITTEN DISCOVERY, PRODUCTION, FIRST SET OF INTERROGATORIES, PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

**CC-15-00010-A**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
Dallas County, Texas

BARRY MACLEOD, *Plaintiff(s)*

VS.

MICHAEL CULVER; HULL TRUCKING, INC.; RILEY ANDREW RANSOM; AND LORRIE LYNN JACKSON-BURSEY, *Defendant(s)*

**SERVE:**
**LORRIE LYNN JACKSON-BURSEY,**
**ONE OF THE DEFENDANTS**
**300 CHATMAN STREET**
**HUTCHINS TX 75141**

**ISSUED THIS**
**5th day of January, 2015**

John F. Warren, County Clerk
By: Sonyetta Freeman, Deputy

Attorney for Plaintiff
**CHRISTOPHER REHMET**
TATE REHMET LAW OFFICE PC
2902 NORTH US HIGHWAY 75
SHERMAN TX 75090-0506
903-892-4440

**NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK**

**APP 078**

**OFFICER'S RETURN**

CC-15-00010-A   County Court at Law No. 1

BARRY MACLEOD vs. MICHAEL CULVER,  HULL TRUCKING, INC., RILEY ANDREW RANSOM AND LORRIE LYNN JACKSON-BURSEY

**ADDRESS FOR SERVICE:**
300 CHATMAN STREET
HUTCHINS TX  75141

**Fees:**
Came to hand on the _____ day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to LORRIE LYNN JACKSON-BURSEY, ONE OF THE DEFENDANTS in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANT with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____

and the cause or failure to execute this process is: _____

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy      $_____     _____, Officer

Total    $_____                 _____, County, Texas

By:_____, Deputy

_____, Affiant

** SEE ATTACHED **
*** AFFIDAVIT ***

** SEE ATTACHED **
*** AFFIDAVIT ***

# Exhibit A-7

APP 080

| BARRY MACLEOD, | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| Plaintiff(s), | § | |
| VS. | § | AT LAW NO. 1 |
| | § | |
| MICHAEL CULVER, ET AL, | § | |
| | § | |
| Defendant(s). | § | DALLAS COUNTY, TEXAS |

## RETURN OF SERVICE

Came to my hand on **Wednesday, January 7, 2015 at 1:00 PM,**
Executed at: **300 CHAPMAN STREET, HUTCHINS, TX 75141**
within the county of **DALLAS** at **11:10 AM,** on **Monday, January 12, 2015,**
by individually and personally delivering to the within named:

### RILEY ANDREW RANSOM

By delivering to his **Mother, LORRIE LYUNN JACKSON-BURSEY \*\*\*\***
a true copy of this

**CITATION and PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR WRITTEN DISCOVERY
TO DEFENDANTS; PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFNDANT MICHAEL
CULVER; PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT MICHAEL
CULVER; PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT HULL TRUCKING, INC.;
PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT HULL TRUCKING, INC.;
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT RILEY ANDREW RANSOM;
PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT RILEY ANDREW RANSOM**

\*\*\*\* Per Client's Instructions
having first endorsed thereon the date of the delivery.

**BEFORE ME,** the undersigned authority, on this day personally appeared **Danny L. Haney** who after being duly sworn
on oath states: "My name is **Danny L. Haney**. I am a person over eighteen (18) years of age and I am competent to make
this affidavit. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained in this
affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and
have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral
turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Practice and Remedies Codes as they
apply to service of process. I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under Rule 103 and
501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State
of Texas."

**Danny L. Haney**

Of: **Dallas County**

By:
Authorized Person - SCH566 - Exp 03/31/17

Subscribed and Sworn to by Danny L. Haney, Before Me, the undersigned authority, on this
12TH day of January, 2015.


MICHAEL S HARP
Notary Public
STATE OF TEXAS
My Comm. Exp. July 23, 2016

**Notary Public in and for the State of Texas**

**APP 081**

FILED
2015 JAN 13 PM 1:27
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS



## THE STATE OF TEXAS
## CITATION
CAUSE NO. CC-15-00010-A
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

2015 JAN 13  PM 1:27

TO:

**RILEY ANDREW RANSOM, ONE OF THE DEFENANTS**
**300 CHATMAN STREET**
**HUTCHINS TX 75141**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANTS, a default judgment may be taken against you."  Your answer should be addressed to the clerk of County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**BARRY MACLEOD**
*Plaintiff(s)*

**VS.**

**MICHAEL CULVER; HULL TRUCKING, INC.; RILEY ANDREW RANSOM; AND LORRIE LYNN JACKSON-BURSEY**
*Defendant(s)*

filed in said Court on the 2nd day of January, 2014 a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 5th day of January, 2015 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Sonyetta Freeman_ , Deputy
Sonyetta Freeman



**ATTORNEY**

CITATION

REQUESTS FOR WRITTEN DISCOVERY, PRODUCTION, FIRST SET OF INTERROGATORIES, PLAINTIFF'S REQUESTS FOR PRODUCTION

**CC-15-00010-A**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
Dallas County, Texas

BARRY MACLEOD, *Plaintiff(s)*

VS.

MICHAEL CULVER; HULL TRUCKING, INC.; RILEY ANDREW RANSOM; AND LORRIE LYNN JACKSON-BURSEY, *Defendant(s)*

**SERVE:**
**RILEY ANDREW RANSOM**
**ONE OF THE DEFEDNATS**
**300 CHATMAN STREET**
**HUTCHINS TX  75141**

**ISSUED THIS**
**5th day of January, 2015**

John F. Warren, County Clerk
By: Sonyetta Freeman, Deputy

Attorney for Plaintiff
CHRISTOPHER REHMET
TATE REHMET LAW OFFICE PC
2902 NORTH US HIGHWAY 75
SHERMAN TX  75090-0506
903-892-4440

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-15-00010-A   County Court at Law No. 1

BARRY MACLEOD vs. MICHAEL CULVER, HULL TRUCKING, INC., RILEY ANDREW RANSOM AND LORRIE LYNN JACKSON-BURSEY

**ADDRESS FOR SERVICE:**
300 CHATMAN STREET
HUTCHINS TX  75141

**Fees:**
Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to RILEY ANDREW RANSOM, ONE OF THE DEFENDANTS in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANTS with the date and service at the following times and places to-wit:

Name                           Date/Time                          Place, Course and Distance from Courthouse

_____      _____      _____

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____

and the cause or failure to execute this process is: _____

_____

and the information received as to the whereabouts of said defendant(s) being: _____

_____

Serving Petition and Copy      $_____      _____, Officer

Total   $_____                    _____, County, Texas

By: _____, Deputy

_____, Affiant

** SEE ATTACHED **
***AFFIDAVIT ***

** SEE ATTACHED **
***AFFIDAVIT ***

APP 083

# Exhibit A-8

APP 084

FILED
1/19/2015 12:17:42 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

**CAUSE NO. CC-15-00010-A**

| | | |
|---|---|---|
| **BARRY MACLEOD** | § | **IN THE COUNTY COURT** |
| | § | |
| **vs.** | § | **AT LAW NO. 1** |
| | § | |
| **MICHAEL CULVER, HULL TRUCKING,** | § | |
| **INC., RILEY ANDREW RANSOM, AND** | § | |
| **LORRIE LYNN JACKSON-BURSEY** | § | **DALLAS COUNTY, TEXAS** |

**ORIGINAL ANSWER FOR DEFENDANTS RILEY ANDREW RANSOM AND**
**LORRIE LYNN JACKSON-BURSEY**

Come now Riley Andrew Ransom and Lorrie Lynn Jackson-Bursey and file their Answer to Plaintiff's Original Petition, respectfully showing the Court as follows:

**1.      PARTY IDENTIFICATION**

1.1      Pursuant to Texas Civil Practice & Remedies Code §30.014, the last three digits of Defendant Ransom's driver's license are 465 and the last three digits of Defendant's Jackson-Bursey's driver's license are 290.

**2.      NOTICE OF ADDRESS**

2.1      Pursuant to Texas Civil Practice & Remedies Code §30.015 please be advised that the current address for Defendants is 300 Chatman Street, Hutchins, Texas 75141.

**3.      GENERAL DENIAL**

3.1      Defendants hereby enter a general denial, as is permitted by Rule 92 of the Texas Rules of Civil Procedure, and request that Plaintiffs be required to prove, by a preponderance of the evidence, the charges and allegations which Plaintiffs have made against Defendants, as is required by the law and the Constitution of the State of Texas.

**4.      AFFIRMATIVE DEFENSES**

4.1      Defendants allege that if Plaintiff sustained any injury, incapacity or disability,

DEFENDANT'S ORIGINAL ANSWER - PAGE 1

APP 085

such injury, incapacity, or disability resulted solely, or at least partially, from events, factors, diseases, causes, conditions or injuries that occurred prior to the incident made the basis of this lawsuit.

**5.       NOTICE PURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 193.7**

5.1      Pursuant to Tex. R. Civ. Proc. § 193.7, Defendants serve notice on Plaintiff that Defendant intends to use Plaintiff's discovery responses in the trial of this cause of action.

**6.       REQUEST FOR JURY TRIAL**

6.1      Defendants respectfully request a trial by jury of the above entitled and numbered cause.

**7.       PRAYER**

7.1      For all of the reasons set forth above, Defendants pray that they:

a.       be dismissed from this action and discharged from all liability to Plaintiffs;

b.       recover all costs of Court expended in their behalf; and

c.       for such other and further relief to which they may be justly entitled.

Respectfully submitted,

**THE MAJORS FIRM, PLLC**

By: _____

_____
Nathan L. Majors
State Bar No. 24026857
815 T.L. Townsend, Suite 111
Rockwall, Texas 75087
Telephone:    469.402.0246
Facsimile      469.402.0247
E-Mail nmajors@themajorsfirm.com

DEFENDANT'S ORIGINAL ANSWER - PAGE 2

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing instrument was served upon counsel of record in accordance with the Rules of Civil Procedure on the January 19, 2015.

_____

NATHAN L. MAJORS

APP 087

# Exhibit A-9

APP 088

# THE STATE OF TEXAS
# CITATION

CAUSE NO. CC-15-00010-A
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

2015 JAN 21 AM 10: 25

| ATTORNEY |
| --- |
| **CITATION** |
| **REQUESTS FOR WRITTEN DISCOVERY, PRODUCTION, FIRST SET OF INTERROGATORIES, PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION** |
| **CC-15-00010-A** |

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
Dallas County, Texas

BARRY MACLEOD, *Plaintiff(s)*

**VS.**

MICHAEL CULVER; HULL
TRUCKING, INC.; RILEY ANDREW
RANSOM; AND LORRIE LYNN
JACKSON-BURSEY, *Defendant(s)*

TO:

**HULL TRUCKING, INC., ONE OF THE DEFENDANTS**
**SERVE REG AGENT LARRY HULL**
**17224 US HWY 61**
**OLD APPLETON MO 63770**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANTS, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**BARRY MACLEOD**
*Plaintiff(s)*

**VS.**

**MICHAEL CULVER; HULL TRUCKING, INC.; RILEY ANDREW RANSOM; AND LORRIE LYNN**
**JACKSON-BURSEY**
*Defendant(s)*

filed in said Court on the 2nd day of January, 2015 a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 5th day of January, 2015 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Sonyetta Freeman_ , Deputy
Sonyetta Freeman

| SERVE: |
| --- |
| **HULL TRUCKING, INC.** |
| **ONE OF THE DEFENDANTS** |
| **SERVE REG AGENT LARRY HULL** |
| **17224 US HWY 61** |
| **OLD APPLETON MO 63770** |
| **ISSUED THIS** |
| **5th day of January, 2015** |
| John F. Warren, County Clerk |
| By: Sonyetta Freeman, Deputy |
| Attorney for Plaintiff |
| CHRISTOPHER REHMET |
| TATE REHMET LAW OFFICE PC |
| 2902 NORTH US HIGHWAY 75 |
| SHERMAN TX 75090-0506 |
| 903-892-4440 |



**NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK**

APP 089

**OFFICER'S RETURN**

CC-15-00010-A   County Court at Law No. 1

BARRY MACLEOD vs. MICHAEL CULVER, HULL TRUCKING, INC., RILEY ANDREW RANSOM AND LORRIE LYNN JACKSON-BURSEY

**ADDRESS FOR SERVICE:**
SERVE REG AGENT LARRY HULL
17224 US HWY 61
OLD APPLETON MO  63770

**Fees:**
Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to HULL TRUCKING, INC., ONE OF THE DEFENDANTS in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR WRITTEN DISCOVERY TO DEFEDNANTS with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s) **\*\* SEE ATTACHED \*\***
**\*\*\* AFFIDAVIT \*\*\***

\*\* SEE ATTACHED \*\*
\*\*\* AFFIDAVIT \*\*\*

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

|  |  |  |
|---|---|---|
| Serving Petition and Copy | $_____ | _____, Officer |
| Total   $_____ | | _____, County, Texas |
| | By:_____, Deputy |
| | _____, Affiant |

APP 090

CAUSE NO. <u>CC-15-0010-A</u>

| | | |
|---|---|---|
| **BARRY MACLEOD,** | § | FILED<br>JOHN F. WARREN<br>**IN THE COUNTY COURT** |
| | § | |
| **Plaintiff(s),** | § | 2015 JAN 21  AM 10: 25 |
| **VS.** | § | **AT LAW NO. 1** |
| **MICHAEL CULVER, ET AL,** | § | |
| | § | |
| **Defendant(s).** | § | **DALLAS COUNTY, TEXAS** |

## RETURN OF SERVICE

Came to my hand on **January** <u>12</u> , 2015, at <u>8</u> : <u>30</u>  <u>A</u>.M,
Executed at: **17224 US HWY 61, OLD APPLETON, MO 63770**
within the county of **CAPE GIRARDEAU** at  <u>2:20</u>  <u>P</u> M. on **January** <u>12</u> , 2015,
by individually and personally delivering to the within named:

### HULL TRUCKING, INC.

By delivering to its **Registered Agent, LARRY HULL**
a true copy of this

**CITATION and PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR WRITTEN
DISCOVERY TO DEFENDANTS; PLAINTIFF'S REQUEST FOR PRODUCTION TO
DEFNDANT MICHAEL CULVER; PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT MICHAEL CULVER; PLAINTIFF'S REQUEST FOR PRODUCTION TO
DEFENDANT HULL TRUCKING, INC.; PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO DEFENDANT HULL TRUCKING, INC.; PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION TO DEFENDANT RILEY ANDREW RANSOM; PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO DEFENDANT RILEY ANDREW RANSOM**

having first endorsed thereon the date of the delivery.

**BEFORE ME,** the undersigned authority, on this day personally appeared  <u>Brenda Schiwitz</u>  who after being
duly sworn on oath states: "My name is <u>Brenda Schiwitz</u> . I am a person over eighteen (18) years of age and I am
competent to make this affidavit. I am a resident of the State of Texas. I have personal knowledge of the facts and
statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or
affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a
misdemeanor involving moral turpitude."

<u>Brenda Schiwitz</u>

Of:  **Scott County**

By:  _____
        Authorized Person -

**Subscribed and Sworn to by** <u>Brenda Schiwitz</u> **, Before Me, the undersigned authority, on
this** <u>12th</u> **day of January, 2015.**



WILLIAM F. FERRELL
My Commission Expires
September 25, 2017
Scott County
Commission #13530697

**Notary Public in and for the State of Missouri**

<span style="color:red">**APP 091**</span>

# Exhibit A-10

APP 092

# THE STATE OF TEXAS
## CITATION

CAUSE NO. **CC-15-00010-A**
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

**FILED**
**JOHN F. WARREN**
**COUNTY CLERK**
**DALLAS COUNTY, TEXAS**

**2015 JAN 21   AM 10: 25**

**TO:**

**MICHAEL CULVER, ONE OF THE DEFENDANTS**
**3000 PIONEER TRAILER 41 ST**
**CAPE GIRARDEAU MO  63703**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANTS, a default judgment may be taken against you."   Your answer should be addressed to the clerk of County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**BARRY MACLEOD**
*Plaintiff(s)*

**VS.**

**MICHAEL CULVER; HULL TRUCKING, INC.; RILEY ANDREW RANSOM; AND LORRIE LYNN JACKSON-BURSEY**
*Defendant(s)*

filed in said Court on the 2nd day of January, 2015a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN,** Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 5th day of January, 2015 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____ , Deputy
Sonyetta Freeman



| ATTORNEY |
|---|
| **CITATION** |
| **REQUESTS FOR WRITTEN DISCOVERY, PRODUCTION, FIRST SET OF INTERROGATORIES, PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION** |
| **CC-15-00010-A** |
| IN THE COUNTY COURT OF DALLAS County Court at Law No. 1 **Dallas County, Texas** |
| BARRY MACLEOD, *Plaintiff(s)* |
| **VS.** |
| MICHAEL CULVER; HULL TRUCKING, INC.; RILEY ANDREW RANSOM; AND LORRIE LYNN JACKSON-BURSEY, *Defendant(s)* |

**SERVE:**
**MICHAEL CULVER**
**ONE OF THE DEFENDANTS**
**3000 PIONEER TRAILER 41 ST**
**CAPE GIRARDEAU MO  63703**

**ISSUED THIS**
**5th day of January, 2015**

John F. Warren, County Clerk
By: Sonyetta Freeman, Deputy

Attorney for Plaintiff

CHRISTOPHER REHMET
TATE REHMET LAW OFFICE PC
2902 NORTH US HIGHWAY 75
SHERMAN  TX 75090-0506
903-892-4440

**NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK**

**APP 093**

## OFFICER'S RETURN

CC-15-00010-A   County Court at Law No. 1

BARRY MACLEOD vs. MICHAEL CULVER, HULL TRUCKING, INC., RILEY ANDREW RANSOM AND LORRIE LYNN JACKSON-BURSEY

**ADDRESS FOR SERVICE:**
3000 PIONEER TRAILER 41 ST
CAPE GIRARDEAU MO  63703

**Fees:**
Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to MICHAEL CULVER, ONE OF THE DEFENDANTS in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANTS with the date and service at the following times and places to-wit:

Name                                    Date/Time                              Place, Course and Distance from Courthouse

*** SEE ATTACHED ***          *** SEE ATTACHED ***
*** AFFIDAVIT ***               *** AFFIDAVIT ***

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

|  | Serving Petition and Copy | $_____ | _____, Officer |
|  | Total | $_____ | _____, County, Texas |
|  |  |  | By:_____, Deputy |
|  |  |  | _____, Affiant |

**APP 094**

CAUSE NO. <u>CC-15-0010-A</u>

FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS
**2015 JAN 21 AM 10: 25**

| | | |
|---|---|---|
| **BARRY MACLEOD,** | § | **IN THE COUNTY COURT** |
| **Plaintiff(s),** | § | |
| | § | |
| **VS.** | § | **AT LAW NO. 1** |
| | § | |
| **MICHAEL CULVER, ET AL,** | § | |
| | § | |
| **Defendant(s).** | § | **DALLAS COUNTY, TEXAS** |

## <u>RETURN OF SERVICE</u>

Came to my hand on **January** <u>12</u> , **2015, at** <u>8</u> : <u>30</u> <u>A</u>.M,
Executed at: **3000 PIONEER TRAILER 41ST, CAPE GIRARDEAU, MO 63703**
within the county of **CAPE GIRARDEAU** at <u>1: 30</u> <u>P</u> **M. on January** <u>12</u> , **2015,**
by individually and personally delivering to the within named:

### MICHAEL CULVER

a true copy of this

**CITATION and PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR WRITTEN
DISCOVERY TO DEFENDANTS; PLAINTIFF'S REQUEST FOR PRODUCTION TO
DEFNDANT MICHAEL CULVER; PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT MICHAEL CULVER; PLAINTIFF'S REQUEST FOR PRODUCTION TO
DEFENDANT HULL TRUCKING, INC.; PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO DEFENDANT HULL TRUCKING, INC.; PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION TO DEFENDANT RILEY ANDREW RANSOM; PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO DEFENDANT RILEY ANDREW RANSOM**

having first endorsed thereon the date of the delivery.

**BEFORE ME,** the undersigned authority, on this day personally appeared <u>Brenda Schiwitz</u> who after being duly sworn on oath states: "My name is <u>Brenda Schiwitz</u> . I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

<u>Brenda Schiwitz</u>

Of: **Scott County**

By: _Brenda Schiwitz_
Authorized Person -

**Subscribed and Sworn to by** <u>Brenda Schiwitz</u> **, Before Me, the undersigned authority, on
this** <u>12th</u> **day of January, 2015.**

WILLIAM F. FERRELL
My Commission Expires
September 25, 2017
Scott County
Commission #13530697

NOTARY PUBLIC
SEAL
STATE OF MISSOURI

**Notary Public in and for the State of Missouri**

<span style="color:red">**APP 095**</span>

# Exhibit A-11

APP 096

FILED
1/30/2015 12:13:27 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

## CAUSE NO. CC-15-00010-A

| | | |
|---|---|---|
| **BARRY MACLEOD** | § | **IN COUNTY COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **AT LAW NO. 1** |
| **MICHAEL CULVER, HULL** | § | |
| **TRUCKING, INC., RILEY ANDREW** | § | |
| **RANSOM and LORRIE LYNN** | § | |
| **JACKSON-BURSEY** | § | |
| **Defendants.** | § | **DALLAS COUNTY, TEXAS** |

### DEFENDANTS MICHAEL CULVER AND HULL TRUCKING, INC.'S
### MOTION TO SEVER AND TRANSFER VENUE AND ANSWER SUBJECT THERETO

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW Defendant Michael Culver ("Culver") and Defendant Hull Trucking, Inc.

("Hull Trucking) and file this *Motion to Sever and Transfer Venue and Answer Subject Thereto*,

seeking an order from the Court severing Plaintiff Barry MacLeod's claims against Culver and

Hull Trucking from Plaintiff MacLeod's claims against Defendant Riley Andrew Ransom

("Ransom") and Defendant Lorrie Lynn Jackson-Bursey ("Jackson-Bursey"), because the claims

arise from wholly separate and unrelated motor vehicle accidents. Defendants Culver and Hull

Trucking further seek an order from the Court transferring venue of the severed Culver and Hull

Trucking claims to Collin County, because after severance, venue is improper in Dallas County.

Defendants Culver and Hull Trucking respectfully show the Court the following in support:

### I.     SUMMARY OF THE ARGUMENT

Severance is appropriate in this case because this lawsuit arises from two separate and

unrelated motor vehicle accidents, thereby meeting all three requirements for severance in that:

    1.  This controversy involves more than one cause of action;

**DEFENDANTS MICHAEL CULVER AND HULL TRUCKING, INC.'S**
**MOTION TO SEVER AND TRANSFER VENUE AND ANSWER SUBJECT THERETO**
PAGE 1

APP 097

2. The claims against Culver and Hull Trucking could have been independently asserted in a separate lawsuit from the claims asserted against Ransom and Jackson-Bursey; and

3. The claims against Ransom and Jackson-Bursey are not interwoven with the claims against Culver and Hull Trucking; the claims can be tried separately because the two lawsuits do not share common facts and issues.

Plaintiff MacLeod previously filed this cause of action only with regard to the January 30, 2014 accident against Culver and Hull Trucking—both Missouri citizens.  When Culver and Hull Trucking removed the case to federal district court, MacLeod dismissed the federal case. Severance is required due to MacLeod's fraudulent joinder, wherein the claims against the diverse parties (Culver and Hull Trucking) have no real connection to the claims against the other defendants (Ransom and Jackson-Bursey).

In light of Plaintiff MacLeod's fraudulent joinder, Culver and Hull Trucking file this Motion to Sever and Transfer Venue.  Venue is improper in Dallas County after severance, because MacLeod's only basis for venue in Dallas County is the residence of the Ransom and Jackson-Bursey defendants. *See Plaintiff's Original Petition*, p. 3, ¶ 3.1.  Pursuant to the General Venue Statute, MacLeod must file either (1) in the county where the accident occurred, or (2) in the county of defendant's residence or principal place of business.   After severance, no defendants will reside in Dallas County, because Culver resides in, and Hull Trucking has its principal place of business in, Missouri.   Consequently, the severed MacLeod case against Culver and Hull Trucking must be transferred to Collin County, where the January 30, 2014 accident occurred.

## II.    BACKGROUND FACTS

This lawsuit arises from two separate and unrelated motor vehicle accidents.  The first accident occurred on January 30, 2014 in Frisco, Collin County, Texas.  Plaintiff MacLeod alleges that he was traveling in a silver-colored 2008 Subaru Legacy and was driving on SH-121 when Culver allegedly made a wide right hand turn and crossed into MacLeod's lane. MacLeod further alleges that he did not have time to react to avoid the collision and collided with Culver's tractor trailer, which was a Hull Trucking vehicle.

More than seven months after the first accident, Plaintiff MacLeod was involved in a second wreck in Denton County, Texas on August 12, 2014.  Plaintiff MacLeod alleges that at the time of the second collision, MacLeod was driving his red 2014 Toyota Corolla southbound on SH-121 Business, when his vehicle was impacted from behind while stopped at a red light at the intersection of SH-121 Business and I-35E.  The vehicle was a 2000 Ford ZX2 owned by Jackson-Bursey and driven by Ransom.

During the time period in between the two accidents, on June 27, 2014, MacLeod filed an Original Petition in the 429th District Court in Collin County, Texas, naming Culver and Hull Trucking as the sole defendants.  Because the parties to that Collin County case were completely diverse, Culver and Hull Trucking exercised their Constitutional right to have the matter heard in federal court, and removed MacLeod's cause of action to the United States District Court for the Eastern District of Texas on August 21, 2014 pursuant to 28 U.S.C. § 1332.  *Notice of Removal* (Exhibit 1 hereto); *Civil Docket Sheet for Civil Action No. 4:14-cv-00550* (Exhibit 2 hereto). After Culver and Hull Trucking exercised their right to remove the case to federal court, MacLeod voluntarily dismissed the case.  *Notice of Voluntary Dismissal* (Exhibit 3 hereto).

Now, Plaintiff MacLeod attempts to subvert Culver and Hull Trucking's removal rights by combining the previously-dismissed case with a completely unrelated accident.  Relying on

DEFENDANTS MICHAEL CULVER AND HULL TRUCKING, INC.'S
MOTION TO SEVER AND TRANSFER VENUE AND ANSWER SUBJECT THERETO                    PAGE 3

APP 099

Texas Civil Practice and Remedies Code Section 15.002(a)(2), McLeod brought suit in Dallas County, the county of residence of Ransom and Jackson-Bursey, who are the defendants involved in the unrelated June 27, 2014 accident.  After severance of the Culver and Hull Trucking claims, venue in Dallas County is improper, and the case must be transferred to the county where the January 30, 2014 accident occurred—Collin County.

### III.   ARGUMENT AND AUTHORITIES

### <u>MOTION TO SEVER</u>

A severance splits a single lawsuit into two or more independent lawsuits, with each resulting in a separate judgment.  *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 383 (Tex. 1985).  Courts sever cases primarily to avoid prejudice, promote justice and increase convenience.  *In re State*, 355 S.W.3d 611, 614 (Tex. 2011).  To support severance, the moving party must show that:

1. The controversy involves more than one cause of action;

2. The severed claim is an independent claim; and

3. The severed cause is not interwoven with the remaining action.

*Id.* at 614.

The Texas Rules of Civil Procedure expressly provide that "[a]ny claim against a party may be severed and proceeded with separately."  TEX. R. CIV. P. 41.  Similarly, Rule 174(b) provides that:

> The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.

TEX. R. CIV. P. 174(b).  A trial court has broad discretion in severing causes.  *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990).  Although misjoinder of a

party is not a grounds for dismissal of an action, misjoinder is grounds for severance and docketing as separate suits.  TEX. R. CIV. P. 41.

MacLeod's lawsuit clearly involves more than one cause of action.  MacLeod has brought five negligence-based claims against Culver and Hull Trucking for a motor vehicle accident that occurred in January 2014.  MacLeod has brought two unrelated negligence-based claims against Ransom and Jackson-Bursey for a motor vehicle accident that occurred in August 2014.

The claims against Culver and Hull Trucking regarding the January 2014 accident include (1) negligence, (2) negligence per se, (3) negligent entrustment, (4) negligent hiring, supervising, training and/or retention, and (5) respondeat superior.  The claims against Ransom and Jackson-Bursey regarding the August 2014 accident include (1) negligence against Ransom, and (2) negligent entrustment against Jackson-Bursey.  Because the incidents are completely unrelated, the proof regarding liability against the two sets of defendants will likewise be completely unrelated.  These lawsuits could have been (and should have been) brought separately, so as not to confuse the trier of fact and so as not to prejudice the two sets of defendants with unrelated evidence.  Clearly, the evidence in support of liability will be completely different.

Proportionate responsibility will be inapplicable between the two separate accidents. TEX. CIV. PRAC. & REM. CODE § 33.003.  In other words, the jury charge must contain two separate proportionate responsibility questions—one for each accident—and the questions will be completely unrelated.  Ransom and Jackson-Bursey cannot be assigned any percentage of fault for the first accident.  Culver and Hull Trucking cannot be assigned any responsibility with regard to the second accident.  And, MacLeod's portion of responsibility will need to be assessed

separately for each accident.   Moreover, Plaintiff has not pled, and cannot plead, joint and several liability between the two separate accidents.  TEX. CIV. PRAC. & REM. CODE § 33.013.

Additionally, the evidence regarding damages will differ.  MacLeod's pleadings allege divisible damages, which can be apportioned with reasonable certainty.  The court's charge must be sufficiently instructive to enable the jury to make an award of damages on proper grounds and correct principles of law.  *Browning Oil Co., Inc. v. Luecke*, 38 S.W.3d 625, 643 (Tex. App.—Austin 2000, pet. denied).   The trial court should limit the jury's consideration to the specific facts that are properly a part of the damages allowable.  *Id.*  Failure to guide the jury on a proper legal measure of damages results in a fatally defective submission.  *Id.*

In the event that liability is found as to any defendant, that defendant tortfeasor takes a plaintiff as he finds him.  *In re Nance*, 143 S.W.3d 506, 512 (Tex. App.—Austin 2004, no pet.).  Consequently, the jury must analyze a specific damage model, for each accident, and damages must be determined separately in light of MacLeod's condition immediately prior to each accident.  If liability is found with regard to any or all of the defendants, the jury must determine which damages were caused by which accident, which is better determined in separate proceedings.  For example, Ransom and Jackson-Bursey will be entitled to an instruction which affirmatively instructs the jury to exclude all damages resulting solely from the pre-existing condition and to allow damages connected to the pre-existing condition only to the extent that the occurrence in question resulted in an aggravation of such pre-existing condition.  Texas PJC 28.9; *Dallas Ry. & Terminal Co. v. Ector*, 131 Tex. 505, 507, 116 S.W.2d 683, 685 (Comm'n App. 1938); *Davis v. Moreno*, 579 S.W.2d 309, 312 (Tex. Civ. App.—Corpus Christi 1979).  Likewise, Culver and Hull Trucking could not be charged with any damages resulting from the subsequent accident.  Texas PJC 28.8 ("Do not include any amount for any condition that did not

result from the occurrence in question.").  A jury charge that combines both accidents will make the questions confusing and more likely subject to error.

Additionally, MacLeod has alleged exemplary damages which must be specifically proven as to each separate defendant and in relation to the facts of the two separate accidents. Texas PJC 28.7C; TEX. CIV. PRAC. & REM. CODE § 41.006 (there should be separate question and answer blank for each defendant against whom exemplary damages are sought).  Factors to consider in determining whether an award of exemplary damages are fact-specific and include: (1) the nature of the wrong, (2) the character of the conduct involved, (3) the degree of culpability of the wrongdoer, (4) the situation and sensibilities of the parties concerned, and (5) the extent to which such conduct offends a public sense of justice and propriety.  *Alamo Nat. Bank v. Kraus*, 616 S.W.2d 908, 910 (Tex. 1981).  Thus, all exemplary damage inquiries will be fact-specific, accident-specific, and defendant-specific.

Finally, severance is necessary to avoid prejudice.  Allowing Plaintiff MacLeod to proceed against all of the defendants in one lawsuit precludes Culver and Hull Trucking from removing this case to federal court as is their Constitutional right as parties diverse from Plaintiff MacLeod.  U.S. Const. Art. 3, § 2.  Neither Culver nor Hull Trucking is a citizen of Dallas County, or for that matter, of Texas.  Culver is a resident of Cape Girardeau, Missouri, and Hull Trucking is a corporation incorporated under the laws of the State of Missouri and having its principal place of business in Missouri.  Of course, Plaintiff MacLeod already knows these facts supporting diversity, because he non-suited the prior case filed in Collin County after removal to federal court.  Clearly, MacLeod has added these unrelated claims and parties in an attempt to fraudulently destroy diversity.

## MOTION TO TRANSFER VENUE

NOW COMES Defendants Culver and Hull Trucking and move this Court to transfer the severed action in which it is a defendant to Collin County, Texas, and in support thereof would show the following:

      **1.**    ***Severance results in separate, independent lawsuits.***

The order severing the lawsuit will be effective upon its execution.  *McRoberts v. Ryals*, 863 S.W.2d 450, 452-53 (Tex. 1993).  Severance results in two separate, independent lawsuits, each which could result in their own judgment.  *Van Dyke*, 697 S.W.2d at 383.  Once a matter is severed, the Court may transfer one or all of the original lawsuits independently of each other. Tᴇх. Cɪᴠ. P. 89; *WTFO, Inc. v. Braithwaite*, 899 S.W.2d 709, 718 (Tex. App.—Dallas 1995, no writ).  Thus, this Court, once it severs the claims brought against Culver and Hull Trucking from those brought against Ransom and Jackson-Bursey, should transfer those claims against Culver and Hull Trucking to Collin County, Texas.

      **2.**    ***Specific grounds for transfer.***

Culver and Hull Trucking specifically deny that Dallas County, Texas is a county of proper venue and assert that Collin County is the proper venue under Texas Civil Practice and Remedies Code Sections 15.001 and 15.002.  A substantial part of the events giving rise to MacLeod's claims against Culver and Hull Trucking occurred in Dallas County.   After severance, there is no basis for venue in Dallas County.

      **3.**    ***Specific denial of venue facts and venue basis.***

Culver and Hull Trucking specifically deny all venue facts alleged in Plaintiff's Original Petition.  Culver and Hull Trucking would show that after severance, there is no basis for venue in Dallas County.

**Dᴇғᴇɴᴅᴀɴᴛꜱ Mɪᴄʜᴀᴇʟ Cᴜʟᴠᴇʀ ᴀɴᴅ Hᴜʟʟ Tʀᴜᴄᴋɪɴɢ, Iɴᴄ.'ꜱ**
**Mᴏᴛɪᴏɴ ᴛᴏ Sᴇᴠᴇʀ ᴀɴᴅ Tʀᴀɴꜱғᴇʀ Vᴇɴᴜᴇ ᴀɴᴅ Aɴꜱᴡᴇʀ Sᴜʙᴊᴇᴄᴛ Tʜᴇʀᴇᴛᴏ**

**Page 8**

**APP 104**

**4.**   *After severance, venue is improper in Dallas County, but is proper in Collin County.*

Venue is improper in Dallas County after severance, because MacLeod's only basis for venue in Dallas County was the residence of the Ransom and Jackson-Bursey defendants. *See Plaintiff's Original Petition*, p. 3, ¶ 3.1.  Section 15.002 of the Texas Civil Practice & Remedies Code provides that venue is proper in (1) the county in which all or a substantial part of the events giving rise to the claim occurred, (2) the county of the defendant's residence at the time the cause of action arose, or (3) the county of the corporate defendant's principal place of business in Texas at the time the cause of action arose.  *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a).  McLeod brought suit in Dallas County based on Section 15.002(a)(2), because Ransom and Jackson-Bursey, the defendants involved in the unrelated June 27, 2014 accident, reside in Dallas County.   Thus, as to Culver and Hull Trucking, venue in Dallas County is only derivative venue, because it is proper venue for Ransom and Jackson-Bursey.  TEX. CIV. PRAC. & REM. CODE § 15.005 (where multiple defendants, venue for one defendant is good for all defendants).

After severance of the Culver and Hull Trucking claims from the unrelated Ransom and Jackson-Bursey claims, venue in Dallas County is improper.  After severance, no defendants will reside in Dallas County, because Culver resides in, and Hull Trucking has its principal place of business in. Missouri.  Consequently, the severed MacLeod case against Culver and Hull Trucking must be transferred to Collin County, where the January 30, 2014 accident occurred.  Venue is proper in Collin County pursuant to section 15.002(a)(1), as Collin County is the county in which all or a substantial part of the events giving rise to the January 30, 2014 accident occurred.

**DEFENDANTS MICHAEL CULVER AND HULL TRUCKING, INC.'S**
**MOTION TO SEVER AND TRANSFER VENUE AND ANSWER SUBJECT THERETO**   Page 9

APP 105

**DEFENDANTS MICHAEL CULVER AND
HULL TRUCKING, INC.'S ORIGINAL ANSWER**

Subject to the foregoing Motion to Sever and Motion to Transfer Venue, Defendants Michael Culver and Hull Trucking, Inc. file this Original Answer:

**GENERAL DENIAL**

Defendants Culver and Hull Trucking deny each and every, all and singular, the allegations contained in Plaintiff's Original Petition, and any subsequent amendments and/or supplements thereto, and demand strict proof thereof as authorized by Texas Rule of Civil Procedure 92.

**WHEREFORE, PREMISES CONSIDERED,** Defendants Michael Culver and Hull Trucking, Inc. respectfully pray that the Court grant this motion for severance, enter an order severing the claims of Culver and Hull Trucking, and order the clerk of the court to assign a new number to the severed cause.   Defendants Michael Culver and Hull Trucking, Inc. further pray that the Court grant this motion to transfer venue and enter an order transferring venue of the severed claims against Culver and Hull Trucking to Collin County.  Defendants Michael Culver and Hull Trucking, Inc. further pray that Plaintiff MacLeod take nothing by way of his claims in this cause of action.  Defendants pray for such other and further relief as they may be entitled.

Respectfully submitted,

**HERMES SARGENT BATES LLP**


By:   */s/ David L. Sargent*
          **DAVID L. SARGENT**
          State Bar No. 17648700
          david.sargent@hsblaw.com
          **CHRISTINA GRATKE NASON**
          State Bar No. 00798012
          christina.nason@hsblaw.com
          **ANDREW L. PETERSEN**
          State Bar No. 24059226
          andrew.petersen@hsblaw.com


901 Main Street, Suite 5200
Dallas, Texas  75202
(214) 749-6000
(214) 749-6100 (fax)

**COUNSEL FOR DEFENDANTS MICHAEL CULVER AND HULL TRUCKING, INC.**


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading was served upon Plaintiff's counsel as follows on this 30th day of January, 2015, in compliance with Rule 21a(a) of the Texas Rules of Civil Procedure:

Christopher Rehmet
TATE REHMET LAW OFFICE, P.C.
2902 North U.S. Highway 75
Sherman, TX  75090
service@tatelawoffices.com
*Attorney for Plaintiff*


          */s/ David L. Sargent*
          **DAVID L. SARGENT**


APP 107

# Exhibit A-11(1)

APP 108

# Exhibit 1

APP 109

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **BARRY MACLEOD** | § | |
| | § | |
| | § | **CIVIL ACTION NO.** 4:14-cv-00550 |
| **VS.** | § | |
| | § | |
| **MICHAEL CULVER AND HULL** | § | |
| **TRUCKING, INC.** | § | |

### NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS:**

Comes now Defendant, Michael Culver, and hereby petitions this Court pursuant to 28 U.S.C. §§ 1332, 1441 (b), and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Eastern District of Texas, Sherman Division, of the action numbered and styled *Barry MacLeod v. Michael Culver and Hull Trucking, Inc., Cause No. 429-02400-2014 in the 429th District Court, Collin County, Texas*, (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

### I.
### REMOVAL IS TIMELY

1.      Defendant Michael Culver and Hull Trucking, Inc. were served with Plaintiff's Original Petition on July 25, 2014. This Notice of Removal is filed within thirty (30) days of service of the Petition and is timely filed under 28 U.S.C. § 1446(b). Defendant Hull Trucking, Inc. has consented to removal in writing.[1]

---

[1] *See* Hull Trucking, Inc.'s Consent to Removal, Exhibit A.

APP 110

## II.
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

2.      The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties.  Plaintiff in this action is a citizen of a different state from the defendants, and no defendant is a citizen of Texas.  As a result, complete diversity exists.

3.      Plaintiff Barry MacLeod was a citizen of Collin County, Texas at the time this action was filed.  Consequently, Plaintiff was at the time this action was commenced, and is currently, a citizen of the State of Texas.

4.      Defendant Hull Trucking, Inc. is a corporation incorporated under the laws of the State of Missouri, having its principal place of business in Missouri. Consequently, Defendant Hull Trucking, Inc. was at the time this action was commenced, and is currently, a citizen of the State of Missouri and no other state.

5.      Defendant Michael Culver was a citizen of Cape Girardeau County, Missouri at the time this action was filed.  Consequently, Defendant Michael Culver was at the time this action commenced, and is currently, a citizen of the State of Missouri.

## III.
## AMOUNT IN CONTROVERSY

6.      Under established Federal law, a case may be removed unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Marcel v. Pool Co.*, 5 F.3d 81, 84 (5th Cir. 1993) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 282 (1938)); *Williams v. State Farm Mutual Automobile Ins. Co.*, 931 F. Supp. 469, 471 (S.D. Tex. 1995); *Johnson v. Dillard Dept. Stores, Inc.*, 836 F. Supp. 390 (N.D. Tex. 1993).  In assessing whether removal is proper, the Court must first

APP 111

determine whether it is facially apparent that the amount in controversy exceeds $75,000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995); *HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593 (E.D. Tex. 1996). When the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if alleged in good faith. *Allen*, 63 F.3d at 1335 (*citing St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)); *Williams*, 931 F. Supp. at 471. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 276, 97 S. Ct. 568, 571, 50 L. Ed. 2d 471 (1977) (*citing St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)). Put another way, jurisdiction is effectively established by showing that the claim is *probably* in excess of the requisite jurisdictional level. *Tupperware Home Parties v. Stewart*, 40 F.3d 384, 385 (5th Cir. 1994). Whether expressed in terms of "good faith" or "legal certainty," the standard clearly favors those parties seeking to invoke the jurisdiction of a federal district court. *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 663 (5th Cir. 1971).

7.     Plaintiff's Original Petition specifically asserts that he is seeking an amount greater than $100,000.00 but less than $200,000.00.[2] As such, Plaintiff has admitted that the amount in controversy requirement is met in this case. Further, when taking Plaintiff's pleadings as true and viewed in the light most favorably to him, it cannot be proven to a legal certainty that the amount in controversy would be less than $75,000.00. It is therefore facially apparent that the amount in controversy exceeds the $75,000.00 jurisdictional threshold of this Court.

---

[2] Certified Copy of State Court File, Original Petition, p. 5, Exhibit B-2.

## IV.
## PROCEDURAL REQUIREMENTS

8.      Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because Plaintiff and Defendants are diverse in citizenship.

9.      By virtue of filing this Notice of Removal, the Removing Defendant does not waive his right to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted by the applicable Rules of Civil Procedure.

10.      All of the papers on file in the State Court case at the time of removal are attached hereto as Exhibit "B."  Those papers include certified copies of the Court's Docket Sheet and Plaintiff's Original Petition.

11.      Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

12.      Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the District Clerk of the 429th District Court of Collin County, Texas promptly after the filing of this Notice.

## V.
## PRAYER FOR RELIEF

WHEREFORE, Defendant, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the 429th District Court in Collin County, Texas to this Court, on this 21st day of August, 2014.

Respectfully submitted,


By: /s/ David L. Sargent
    **DAVID L SARGENT**
    State Bar No. 17648700
    david.sargent@hsblaw.com
    **ANDREW L. PETERSEN**
    State Bar No. 24059226
    andrew.petersen@hsblaw.com

HERMES SARGENT BATES, LLP
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: 214.749.6516
Facsimile: 214.749.6316

**ATTORNEYS FOR MICHAEL
CULVER AND HULL TRUCKING,
INC.**


## CERTIFICATE OF SERVICE

The undersigned certifies that on the 21st day of August 2014, a true and correct copy of the foregoing document was forwarded via certified mail return receipt requested, to the following counsel of record:

Christopher Rehmet
Tate Rehmet Law Office, P.C.
2902 Noreth U.S. Highway 75
Sherman, TX  75090


                                        /s/ David L. Sargent
                                        **DAVID SARGENT**

**APP 114**

# EXHIBIT "A"

## Hull Trucking, Inc.'s

## Consent to and Joinder in Removal

APP 115

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **BARRY MACLEOD** | § | |
| | § | |
| | § | **CIVIL ACTION NO.**_____ |
| **VS.** | § | |
| | § | |
| **MICHAEL CULVER AND HULL** | § | |
| **TRUCKING, INC.** | § | |

## DEFENDANT HULL TRUCKING, INC.'S CONSENT
## TO AND JOINDER IN REMOVAL

| | |
|---|---|
| **STATE OF MISSOURI** | § |
| | § |
| **COUNTY OF** _Cape Girardeau_ | § |

     **BEFORE ME**, the undersigned authority, on this day personally appeared, _Aug 19, 2014_ and upon his/her oath, deposes and states as follows:

1.     "My name is _Larry Hull_ . I am over the age of eighteen years, am of sound mind, and suffer from no legal disabilities. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.     My position with Defendant Hull Trucking, Inc. is _President_ . As such I am fully authorized to enter this consent on behalf of the company.

3.     It is my understanding that Defendant Michael Culver intends to remove this matter from state court to federal court. Specifically, Defendant Michael Culver intends to remove this matter from the 429th District Court of Collin County, Texas to the Sherman Division of the Eastern District of Texas.

4.     I consent and hereby join the removal of this action from state court to federal court.

FURTHER AFFIANT SAYETH NOT"

Signed on this _19_ day of _August_____, 2014.

_____

_Gary Hull_

**SUBSCRIBED AND SWORN TO BEFORE ME** on this _19_____ day of _AUGUST_____, 2014.

_____

Notary Public, State of Missouri

CYNTHIA I. GASS
Notary Public - State of Missouri
My Commission Expires April 2, 2016
Cape Girardeau County
Commission #12540991

_Cynthia I Gass_____

Printed name:

_April 2, 2016_

Commission Expires

DEFENDANT HULL TRUCKING, INC.'S CONSENT
TO AND JOINDER IN REMOVAL
#1813397

Page 2

# EXHIBIT "B"

## Certified Copy of State Court File

## Case No. 429-02400-2014

APP 118

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **BARRY MACLEOD** | § | |
| | § | |
| | § | **CIVIL ACTION NO.**_____ |
| **VS.** | § | |
| | § | |
| **MICHAEL CULVER AND HULL** | § | |
| **TRUCKING, INC.** | § | |

## INDEX OF STATE COURT FILE

| EXHIBIT | FILED | DOCUMENT |
|---|---|---|
| **B** | | State Court File (429-02400-2014) |
| **B-1** | | Docket Sheet |
| **B-2** | 06/27/14 | Plaintiff's Original Petition and Requests for Written Discovery to Defendants |
| **B-3** | 06/27/14 | Request for Jury Trial |
| **B-4** | 06/27/14 | Civil Case Information Sheet |
| **B-5** | 06/27/14 | Citation Request Form |
| **B-6** | 08/04/14 | Affidavit of Service – Hull Trucking, Inc. |
| **B-7** | 08/04/14 | Affidavit of Service – Michael Culver |

#1813513

APP 119

# EXHIBIT "B-1"

## Court Docket Sheet

DOCKET SHEET

# DOCKET SHEET
## CASE NO. 429-02400-2014

| | | |
|---|---|---|
| **Barry MacLeod vs. Michael Culver, Hull Trucking, Inc.** | § § § § § | Location: **429th District Court**<br>Judicial Officer: **Willis, Jill**<br>Filed on: **06/27/2014** |

### CASE INFORMATION

Case Type: **Motor Vehicle**

Case Flags: **Jury Fee Paid**

### CASE ASSIGNMENT

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment** |
| | Case Number    429-02400-2014 |
| | Court    429th District Court |
| | Date Assigned    06/27/2014 |
| | Judicial Officer    Willis, Jill |

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **MacLeod, Barry** | **Rehmet, Christopher**<br>*Retained*<br>903-892-4440(W) |
| **Defendant** | **Culver, Michael** | Pro Se |
| | **Hull Trucking, Inc.** | Pro Se |

### EVENTS & ORDERS OF THE COURT

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 06/27/2014 | Plaintiff's Original Petition (OCA) $283.00<br>*Plaintiff's Original Petition and Requests for Written Discovery to Defendants*<br>Party: Plaintiff MacLeod, Barry | |
| 06/27/2014 | Jury Fee Paid $30.00<br>*Request for Jury Trial* | |
| 06/27/2014 | Case Information Sheet<br>*Civil Case Information Sheet* | |
| 06/27/2014 | Request for Citation $8.00<br>*Citation Request Form* | |
| 06/27/2014 | **Citation**<br>Culver, Michael    served   07/25/2014<br>Hull Trucking, Inc.    served   07/25/2014 | |
| 08/04/2014 | Affidavit<br>*Affidavit of Service* | |
| 08/04/2014 | Affidavit<br>*Affidavit of Service* | |

PAGE 1 OF 2

**APP 121**

DOCKET SHEET

# DOCKET SHEET
### CASE NO. 429-02400-2014

| 08/21/2014 | *CANCELED* **Dismissal for Want of Prosecution** |
| 09/10/2014 | **Dismissal for Want of Prosecution** (Judicial Officer: Willis, Jill) |

| DATE | FINANCIAL INFORMATION | |
| --- | --- | --- |
| | **Plaintiff** MacLeod, Barry | |
| | Total Charges | 339.00 |
| | Total Payments and Credits | 339.00 |
| | **Balance Due as of 8/20/2014** | **0.00** |

STATE OF TEXAS )
COUNTY OF COLLIN )
I, Andrea Stroh Thompson, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on the file in the District Court,
Collin County, Texas. Witness my hand and seal of said Court, this
the 22 day of Aug A.D., 20 14
ANDREA STROH THOMPSON, DISTRICT CLERK
COLLIN COUNTY, TEXAS
_____ DEPUTY



*Printed on 08/20/2014 at 12:07 PM*

APP 122

# EXHIBIT "B-2"

## Plaintiff's Original Petition and Requests for Written Discovery to Defendants

Filed: 6/27/2014 3:49:19 PM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Erika Rhea Deputy
Envelope ID: 1672233

CAUSE NO. _____

429-02400-2014

| | | |
|---|---|---|
| BARRY MACLEOD | § | IN THE DISTRICT COURT |
|    *PLAINTIFF* | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| MICHAEL CULVER and | § | |
| HULL TRUCKING, INC. | § | |
|    *DEFENDANTS* | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND
## REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANTS

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, COMES NOW, BARRY MACLEOD ("Plaintiff") complaining of MICHAEL CULVER ("Defendant Culver") and HULL TRUCKING, INC. ("Defendant Hull Trucking"), (collectively "Defendants") to recover damages owed to BARRY MACLEOD and for cause of action would respectfully show unto the Court as follows:

Discovery is intended to be conducted under Level 3 of TEXAS RULES OF CIVIL PROCEDURE 190.

### I. PARTIES

1.1     Plaintiff BARRY MACLEOD is an individual and resident of Plano, Texas. The last three digits of Plaintiff's Driver's License Number are 594. The last three digits of Plaintiff's Social Security Number are 151.

1.2     Defendant MICHAEL CULVER, is an individual and a resident of Cape Girardeau, Missouri, and may be served with citation at his place of residence, 3000 Pioneer Trailer 41 St., Cape Girardeau, Missouri 637037, and may be served by anyone over the age of eighteen (18) who is not a party of this suit.

1.3     Defendant HULL TRUCKING, INC., is a corporation incorporated under the laws

Plaintiff's Original Petition with Written Discovery                                                                                    Page 1

of the State of Missouri and having its principal place of business in Missouri, and may be served with citation by serving its registered agent for service, Larry Hull, at its registered office, 17224 US Hwy 61, Old Appleton, MO 63770.

## II. JURISDICTION

2.1    The Court has jurisdiction over Defendants Michael Culver and Hull Trucking, Inc. because Defendants were hauling goods through the State of Texas at the time of the occurrence in questions and, thereby, submitted themselves to the jurisdiction of the Court.

2.2    The Court has jurisdiction over the amount in controversy because the damages are within the jurisdictional limits of the Court.

## III. VENUE

3.1    Venue is proper in Collin County, Texas because all or a substantial part of the events underlining the occurrence took place in Collin County.

## IV. BACKGROUND

4.1    Plaintiff brings this suit to recover damages for personal injuries sustained by Plaintiff in a collision in Frisco, Collin County, Texas on or about January 30, 2014 which collision was proximately caused by the negligence of the Defendant Culver. At the time of the collision, Mr. MacLeod was traveling in a silver colored 2008 Subaru Legacy and was driving on SH-121 in Frisco, Collin County, Texas. Defendant Culver, who was driving a brown colored 2007 Peterbilt Tractor Trailer, pulling a multi-colored 2005 Benson Truck Bodies Trailer, was also driving on SH-121 in Collin County, Texas. Mr. MacLeod was traveling in the middle lane when Mr. Culver, who had moved from the far right hand lane into the middle lane, directly in front of Mr. MacLeod, turned on his left signal indicating he was going to move into the far left hand lane. As Mr. Culver moved the trailer into the left lane he then began making a wide right-hand turn, crossing back over the middle lane, so that he could enter into a private drive located above.

APP 125

Independence Parkway.  Once Mr. MacLeod realized that Mr. Culver did not have time to react and, despite efforts to avoid the collision, Mr. MacLeod's vehicle collided with Mr. Culver's tractor trailer.  Mr. MacLeod sustained serious bodily injury.

## V. FIRST CLAIM FOR RELIEF - NEGLIGENCE

5.1     Plaintiff would show that on the occasion in question, Defendant Culver failed to use ordinary care by various acts and omissions, including the following, each of which, singularly or in combination with others, was a proximate cause of the occurrence in question:

a.     In traveling at an excessive rate of speed;

b.     In failing to keep a proper lookout;

c.     In failing to make a timely application of the brakes;

d.     In failing to turn the vehicle in order to avoid the collision;

e.     In failing to yield the right-of-way;

f.     In failing to safely park or stop the vehicle;

g.     In failing to obey traffic signs warning of approaching hazard or a traffic sign regulating the speed and movement of traffic;

h.     In failing to maintain an assured clear distance between the vehicles; and

i.     In all things failing to act as a reasonable person using ordinary care in the same or similar circumstances.

5.2     Each of such acts or omissions, singularly or in combination with others, constitutes negligence on the part of Defendant Culver which proximately caused the injuries and damages which Plaintiff now suffers.

## VI. CAUSE OF ACTION – NEGLIGENCE PER SE

6.1     By failing to signal a right turn, Defendant Culver was negligent *per se* in violatio

Plaintiff's Original Petition with Written Discovery

**APP 126**

of the TEX. TRANSP. CODE ANN. § 545.104(a) and (b), and such negligence *per se* was a proximate

cause of the occurrence in question. In addition, Defendant Culver was negligent per se by

violating TEX. TRANSP. CODE ANN. § 545.060(a) (1) and (2).

### VII. NEGLIGENT ENTRUSTMENT – HULL TRUCKING

7.1 At the time and on the occasion in question, and immediately prior thereto,

Defendant Hull Trucking was guilty of negligent entrustment, in that Defendant Hull Trucking

knew or should have known that Defendant Culver was an unlicensed, incompetent, and/or

reckless driver.

### VIII. NEGLIGENT HIRING, SUPERVISING, TRAINING AND/OR RETAINING AN EMPLOYEE

8.1 Defendant Hull Trucking owed Plaintiff Barry MacLeod a legal duty to hire,

supervise, train, and/or retain competent employees and/or agents. Defendant Hull Trucking

breached this duty and the breach proximately caused the Plaintiff's injuries and damages. Prior to

the occasion in question. Defendant Culver had failed to follow applicable policies and procedures

of Defendant Hull Trucking and federal regulations, including but not limited to: (I) 49 CFR

§396.13, (2) 49 CFR §392.7, (3) 49 CFR §392.8, (4) 49 CFR §396.7 and (5) 49 CFR §396.11.

These violations were known to Defendant Hull Trucking prior to the date of the accident.

Additionally, Defendant Hull Trucking either knew of or should have known about Defendant

Culver's previous driving history, suspensions and/or driving violations.

### IX. CAUSES OF ACTION AGAINST DEFENDANT HULL TRUCKING

9.1 At the time of the collision in question, Defendant Culver was within the course

and scope of his employment with Defendant Hull Trucking. Defendant Hull Trucking is

responsible for the negligent acts of their employee pursuant to the doctrines of Respondeat

Superior, Joint Venture and Agency.

Plaintiff's Original Petition with Written Discovery

## X. DAMAGES AND RELIEF SOUGHT

10.1    By reason of the foregoing, Plaintiff seeks compensation for the following damages:

a.    Physical pain and suffering sustained in the past and, in all reasonable probability, that will be sustained in the future;

b.    Mental anguish and suffering sustained in the past and, in all reasonable probability, that will be sustained in the future;

c.    Past and future physical impairment resulting from the accident;

d.    Medical expenses the Plaintiffs have incurred in the past;

e.    Medical expenses the Plaintiffs will, in all reasonable probability, incur in the future;

f.    Loss of past earning capacity and loss of future earning capacity;

g.    Past and future disfigurement and scarring;

h.    Exemplary damages;

i.    All other elements of damage to which Plaintiff may be entitled to under the law; and

k.    Plaintiff is required pursuant to Texas Rules of Procedure 47 to state a range of damages they are seeking.  Plaintiff states he is seeking monetary relief over $100,000.00 but not more than $200,000.00.  Plaintiff defers to the jury regarding what dollar figure to include in their verdict.

## XI. REQUEST FOR DISCLOSURE

11.1    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff hereby requests Defendants disclose within fifty (50) days of service of this request the information and materials described in Rule 194.2 (a) – (l), including "the name, address, and telephone number

Plaintiff's Original Petition with Written Discovery

any person who may be designated as a responsible third party."

## XII. DISCOVERY

12.1    Plaintiff's Request for Production to Defendant Culver.  See attached Exhibit "A".

12.2    Plaintiff's First Set of Interrogatories to Defendant Culver.  See attached Exhibit "B".

12.3    Plaintiff's Request for Production to Defendant Hull Trucking.  See attached Exhibit "C".

12.4    Plaintiff's First Set of Interrogatories to Defendant Hull Trucking.  See attached Exhibit "D".

## XIII. REQUEST FOR TRIAL BY JURY

13.1    Plaintiff respectfully requests a trial by jury in the above matter.

## XIV. PRAYER

14.1    By reason of the above and foregoing, Plaintiffs have been damaged in a sum within the jurisdictional limits of this Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that Defendants be cited to appear and answer, and that upon final trial Plaintiff recover:

a.      Judgment against Defendants for Plaintiff's damages as set forth above;

b.      Interest on the judgment at the legal rate from date of judgment;

c.      Prejudgment interest on Plaintiff's damages as allowed by law;

d.      Costs of court; and

e.      Such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself justly entitled.



Plaintiff's Original Petition with Written Discovery                                                    Page 6

Respectfully submitted,

**TATE REHMET LAW OFFICE, P.C.**
2902 North U.S. Highway 75
Sherman, Texas 75090
Phn: (903) 892-4440
Fax: (903) 893-5558
Email: chrisr@tatelawoffices.com

By: _____
**CHRISTOPHER REHMET**
State Bar No.: 24035414
**ATTORNEY FOR PLAINTIFF**



**APP 130**

# EXHIBIT "A"



CAUSE NO. _____

| BARRY MACLEOD | § | IN THE COUNTY COURT |
| *PLAINTIFF* | § | |
| | § | |
| VS. | § | AT LAW NO. _____ |
| | § | |
| MICHAEL CULVER and | § | |
| HULL TRUCKING, INC. | § | |
| *DEFENDANTS* | § | COLLIN COUNTY, TEXAS |

### <u>PLAINTIFF'S REQUEST FOR PRODUCTION TO<br>DEFENDANT MICHAEL CULVER</u>

**TO:**   Defendant, Michael Culver.

COMES NOW, BARRY MACLEOD, Plaintiff in the above-entitled and numbered cause, and submits the following Request for Production of Documents and tangible things to Defendant MICHAEL CULVER ("Defendant") pursuant to Rules 192 and 196 of the TEXAS RULES OF CIVIL PROCEDURE, requiring Defendant MICHAEL CULVER, to produce the items described below within fifty (50) days from the date of service.

### <u>DEFINITIONS AND INSTRUCTIONS</u>

(a)    As used herein the terms "you" or "yours" refer to MICHAEL CULVER, his agents, representatives, employees, servants, attorneys, investigators and anyone else acting on Defendant's behalf.

(b)    As used herein, the "Plaintiff" shall refer to BARRY MACLEOD.

(c)    As used herein, the terms "document" or "documents" mean every writing of every type of description, and every other thing constituting any medium by which, through which, or on which any type of communication, information, or knowledge has been transmitted, recorded or preserved.  The terms "document" or "documents" also mean every copy of a document or such copy that is not an identical duplicate of the original.

Plaintiff's Original Petition with Written Discovery



<span style="color:red">APP 132</span>

(d)    As used herein, the terms "person" or "persons" mean any natural person, firm, governmental entity or subdivision thereof, proprietorship, partnership, joint venture, corporation or any other form of organization or association.

(e)    This request shall be deemed continuing so as to require further and supplemental production if Defendant produces, generates or personally discovers additional documents within the scope of this request following compliance herewith.

(f)    With respect to each item produced, identify which request number each item responds to.

(g)    If any documents or answer responsive to this Request for Production is withheld or objected to under the claim of attorney-client privilege, under a qualified privilege pursuant to TEXAS RULES OF CIVIL PROCEDURE or for any other reason, the following is to be identified as to any such document or answer:

    (1)    the relevant date;

    (2)    the relevant person;

    (3)    the author or addressee;

    (4)    all persons indicated as recipients of the copies;

    (5)    all persons known to you to have received the documents and/or information or to have learned the substance of its contents;

    (6)    the subject matter of the document and/or information;

    (7)    the specific privilege or objection alleged to be applicable or other reasons for its being withheld or not answered;

    (8)    if you had, at any time, possession or control of the document requested and such document has been lost, destroyed or purged and is not presently in your possession or control, identify such document and describe the circumstances surrounding the loss, destruction, purge or separation from your possession or control, indicating the date of which that circumstance occurred;

    (9)    OBJECTIONS - If you object to any of the production requests contained herein, you are requested to identify with specificity, the specific procedural rule(s) or substantive law(s) upon which you base your objections.

APP 133

(h)    As used herein, all words used in their singular forms shall be deemed to include the words in their plural forms.

### REQUEST FOR PRODUCTION AND DISCOVERY

The following documents are to be produced for inspection, examination and copying, within fifty (50) days after receipt of this request at Tate Rehmet Law Offices, 2902 North U.S. Highway 75, Sherman, Texas 75090.

**REQUEST FOR PRODUCTION NO. 1:** A copy of Defendant's driver's license (front and back).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** A copy of the title to the vehicle which Defendant was driving at the time in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** A complete copy of the policy of insurance for the vehicle in which Defendant was driving at the time of the occurrence in question made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** A complete copy of any policy of insurance covering Defendant at the time of the collision in made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Any and all photographs that Defendant has of the vehicles, parties, and scene in question following the collision made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** A copy of any damage appraisal made of the Defendant's vehicle following the collision made the basis of this suit.

**RESPONSE:**

Plaintiff's Original Petition with Written Discovery



**REQUEST FOR PRODUCTION NO. 7:**   A copy of any damage appraisal made of the Plaintiff's vehicle following the collision made the basis of this suit which is subject to and under the control of Defendant, his agents or representatives.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**   Copies of any and all statements previously made by the Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by the Plaintiff hereto and contemporaneously recorded.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**   Any and all drawings, maps or sketches of the scene of the collision which has been made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**   All photographs and/or video recordings of the vehicles involved in the collision made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**   All photographs and/or video recordings of the collision scene.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**   A copy of any contract of employment that would govern relationship with any other party or bear on the issue of scope of employment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**   A copy of any letter, memo or document relating to any settlement agreement between Defendants, where multiple Defendants.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**   A copy of any surveillance movies, photographs, video tape recordings, audio recordings or other tangible recording of Plaintiff.

Plaintiff's Original Petition with Written Discovery



**APP 135**

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**  All documents reflecting statements or communications between Plaintiff and/or Plaintiff's representatives, and Defendant and/or Defendant's representatives.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**  Copies of all newspaper articles, magazine articles, news releases, news items, videotapes, out-takes, recordings, electronic recordings, and similar documents discussing, describing, mentioning or referring to the collision made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**  A copy of the declaration page of Defendant's policy of insurance under which any person may be liable to satisfy part or all of a judgment rendered in this action or to indemnify or reimburse for payments made to satisfy a judgment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**  Copies of any written statement of any person with knowledge of relevant facts regardless of when the statement is made in Defendant's, and/or his agent's or representative's possession or subject to Defendant's control.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**  For each and every expert witness that may testify at trial in this cause, please produce a copy of the following items in Defendant's possession, custody or control:

    a.    All notes, drafts, or written reports setting out opinions that the witness will express in this case.

    b.    Copies of all billing statements, receipts, writings, records or memorandums reflecting the amount of professional time spent by the witness on this case, and the amount of the witness's charges to date for work performed.

    c.    All correspondence to or from the witness (or otherwise), reports, telephone memorandums, preliminary reports, letters, notes, margin notations, or their like,

APP 136

with regard to any involvement of the witness in the subject made the basis of this lawsuit, primarily or otherwise, and whensoever produced. This is intended to include any contracts or financial agreements between the witness and the lawyer, and between the witness and any expert witness service.

d.    Copies of any and all learned treatises, textbooks, or other reference materials which the witness reviewed or relied on, in whole or in part, in forming their opinions regarding the care and treatment of the plaintiff in this case.

e.    Any depositions given by the witness in any case brought by a patient against a health care provider.

f.    Any petitions, pleadings, or other materials in the witnesses' possession relating to any cases in which the witness was named as a defendant in a malpractice action.

g.    Any interrogatory answers and/or depositions in the witnesses' possession relating to any lawsuit in which they were named as a defendant in a malpractice action.

h.    Copies of any medical articles, papers, or outlines prepared by the witness in connection with any publications or presentations to medical groups, societies, or organizations which involved issues, standards or teachings which are related to the issues raised in this case.

i.    A copy of the expert's current and complete bibliography or curriculum vitae, including all bibliographies of completed works which he/she has contributed, whether or not such works have been generally published;

j.    All reports, including but not limited to, all drafts and revisions or such reports (whether on hard copy or electronically stored).  The term report as used herein includes all documents (memoranda, notes, correspondence, charts, and graphics) containing the experts factual observations, as well as all opinions, and all supporting data or material which the expert has reviewed and/or relied upon in formulating his/her opinions and mental impressions relevant to the subject matter of this lawsuit.  In this regard, the term report also encompasses all learned treatises (works of scientific value in the field of the expert's area of expertise) the expert has reviewed and/or relied upon in forming his/her opinions relevant to the subject matter of this lawsuit;

k.    All tests, photographs, movies, and/or videotapes, films and/or image-recording films of any nature, diagrams, sketches, graphs, computer-assisted calculations, recreations and/or models and mock-ups generated by or provided to the expert

APP 137

relevant to his/her involvement in the instant case and/or relevant to the testimony he/she may give at trial;

**REQUEST FOR PRODUCTION NO. 20:** For any consulting expert whose work product has been reviewed by an expert who may testify on your behalf, please similarly provide all the items requested in Request No. 19, above.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** Copies of any and all reservation of rights letters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** DOCUMENTS OBTAINED VIA DEPOSITION. All documents, photographs, statements and tangible things obtained by you pursuant to Depositions on Written Questions and Subpoena Dueces Tecum.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** Any documents concerning any blood alcohol test performed on a sample of any drivers blood or breath, including, but not limited to, documents containing the result of the test, documents concerning the calibration of the equipment used, chain of custody sheets, and/or any document containing information that the result of the test was not accurate.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** Any video or photograph of any Defendant taken in the course of any investigation stemming from this collision.

**RESPONSE:**

---

Plaintiff's Original Petition with Written Discovery



**APP 138**

# EXHIBIT "B"



APP 139

CAUSE NO. _____

| | | |
|---|---|---|
| BARRY MACLEOD | § | IN THE COUNTY COURT |
|    *PLAINTIFF* | § | |
| | § | |
| VS. | § | AT LAW NO. _____ |
| | § | |
| MICHAEL CULVER and | § | |
| HULL TRUCKING, INC. | § | |
|    *DEFENDANTS* | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
## DEFENDANT MICHAEL CULVER

**TO**:   Defendant, Michael Culver.

     COMES NOW, BARRY MACLEOD, Plaintiff in the above-entitled and numbered cause, and submits the following Interrogatories to Defendant MICHAEL CULVER, pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, to be answered separately and fully, in writing under oath within fifty (50) days from the date of service.

### DEFINITIONS

(a)    As used herein, the terms "you" and "yours" refer to MICHAEL CULVER, his representatives, attorneys, investigators and anyone else acting on Defendant's behalf.

### INSTRUCTIONS

In responding to any of the questions contained herein, you are instructed as follows:

(a)    All information which is not privileged and is in your possession needs to be divulged.

(b)    Where an individual Interrogatory calls for an answer that involves more than one part, each part of the answer should be clearly set out so that it is understandable.

(c)    These questions are continuing in nature and require supplemental answers in the event that you or your attorney becomes aware of further information between the time your answers are given and the time of trial.

---

Plaintiff's Original Petition with Written Discovery

(d)     If the spaces provided after each Interrogatory are not sufficient, you may supplement your answer on a separate piece of paper.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**  Please state your full name, other names by which you have been known (including maiden name where applicable), present address, residence and business telephone numbers, occupation, present employer, Social Security number, driver's license number, and date of birth, and all changes in any of the listed items within the last five (5) years.

**ANSWER:**

**INTERROGATORY NO. 2:**  State whether at the time of the accident referred to in Plaintiff's Original Petition, you were acting as an agent or employee of any person or entity within the course and scope of said agency or employment.  If so, please state the name of your employer.

**ANSWER:**

**INTERROGATORY NO. 3:**  State where you had been just prior to the accident, where you were going at the time of the accident and the purpose of the trip.

**ANSWER:**

**INTERROGATORY NO. 4:**  State the speed of the vehicle in which you were the driver at all times material to the accident made the basis of this suit, including specifically the speed at the time of impact, and if the brakes were on at the time of impact.

**ANSWER:**

**INTERROGATORY NO. 5:**  State the substance of each communication you have had with Plaintiffs and the date it occurred.

**ANSWER:**

**INTERROGATORY NO. 6:**  State the substance of each statement by Plaintiff that you heard following the collision.

**ANSWER:**

**INTERROGATORY NO. 7:**  State all things that you did in an effort to avoid the collision which serves as the basis for this lawsuit, if any.

APP 141

**ANSWER:**

**INTERROGATORY NO. 8:** If any type of test was performed on you at the time of the accident in question or within a 24 hour period following the collision, to test your blood alcohol content, please state the results of such test(s) and describe all documents which reflect the same.

**ANSWER:**

**INTERROGATORY NO. 9:** Other than your attorneys, your insurance adjuster, or investigator, please identify all persons with whom you have discussed the accident made the basis of this suit, your possible involvement in the same, or the allegations made against you by Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 10:** State every lawsuit in which you have been named as a Plaintiff or Defendant, involving a vehicular collision, during the last five (5) years, including the name of any person who has sought damages, the nature of the lawsuit, the Court in which such lawsuit was filed, the docket number of the lawsuit, and the lawsuit's disposition.

**ANSWER:**

**INTERROGATORY NO. 11:** If you contend that Plaintiff or anyone else's negligence, actions, or inactions caused or contributed to this accident, please state:

    (a)     the specific action or inaction

    (b)     and all contentions of negligence, actions or inactions and

    (c)     people with knowledge of facts relevant to this contention, in whole or in part.

**ANSWER:**

**INTERROGATORY NO. 12:** Please state whether or not at the time of the accident in question you were wearing any type of corrective lenses for your eyesight and, if so, what type.

**ANSWER:**

**INTERROGATORY NO. 13:** Describe any information you have indicating or any reason you have to believe that there was any defect or failure on the part of any vehicle or equipment involved in the collision.

Plaintiff's Original Petition with Written Discovery

APP 142

**ANSWER**:

**INTERROGATORY NO. 14:** Describe any traffic citation you received as a result of this collision by stating the name and location of the court involved, the violations of the law charged in that citation and the date, place, and manner of disposition of the citation.

**ANSWER**:

**INTERROGATORY NO. 15:** Pursuant to Rule 193.3(b) of the TEXAS RULES OF CIVIL PROCEDURE, please identify all documents and materials withheld from production in response to Defendant's Requests for Production under a claim of privilege sufficient to allow Defendant to assess the applicability of the privilege and assert a specific privilege for each item or group of items withheld.

**ANSWER**:

**INTERROGATORY NO. 16:** Please state, in detail, all actions or inactions of Plaintiff you contend resulted in their failure to mitigate damages, if any, resulting from the incident made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 17:** Pursuant to Rule 192.3(d), please state the name, address and telephone number of any person who is expected to be called to testify at trial. **THIS INTERROGATORY DOES NOT APPLY TO REBUTTAL OR IMPEACHING WITNESSES THE NECESSITY OF WHO'S TESTIMONY CANNOT REASONABLY BE ANTICIPATED BEFORE TRIAL.**

**ANSWER:**

**INTERROGATORY NO. 18:** Have you been involved, as a driver or a passenger, in any motor vehicle accidents since the accident made the basis of this lawsuit? If yes, please state the date, location, investigative authority and persons involved.

**ANSWER:**

**INTERROGATORY NO. 19:** Indicate whether you have any information that Defendant, any party (including Plaintiff), any person with knowledge of relevant facts or any expert has been convicted of a crime. If so, identify the person, the crime convicted of, and the date and jurisdiction

Plaintiff's Original Petition with Written Discovery                                    Page 20

APP 143

of the conviction. This request is made in connection with Rule 609 of the TEXAS RULES OF CIVIL EVIDENCE.

**ANSWER:**

**INTERROGATORY NO. 20:** Have you ever been convicted, pled guilty or nolo contendere to any type of criminal charge other than a traffic ticket? If so, please state the nature of the crime, the date of such conviction and/or plea, the place where each conviction occurred or where the plea was made, and the disposition of the criminal charge.

**ANSWER:**

Plaintiff's Original Petition with Written Discovery



# EXHIBIT "C"



APP 145

CAUSE NO. _____

| | | |
|---|---|---|
| BARRY MACLEOD | § | IN THE COUNTY COURT |
| *PLAINTIFF* | § | |
| | § | |
| VS. | § | AT LAW NO. _____ |
| | § | |
| MICHAEL CULVER and | § | |
| HULL TRUCKING, INC. | § | |
| *DEFENDANTS* | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR PRODUCTION TO
## DEFENDANT HULL TRUCKING, INC.

**TO**:   Defendant, Hull Trucking, Inc.

COMES NOW, BARRY MACLEOD, Plaintiff in the above-entitled and numbered cause, and submit the following Request for Production of Documents and tangible things to Defendant HULL TRUCKING, INC., pursuant to Rules 192 and 196 of the TEXAS RULES OF CIVIL PROCEDURE, requiring Defendant to produce the items described below.

## DEFINITIONS AND INSTRUCTIONS

1.    HULL TRUCKING, INC. "Your Company", "Your", "You", "Defendant Hull Trucking", its representatives, attorneys, investigators and anyone else acting on Defendant's behalf.

2.    Driver. "Driver" or "Defendant McMullen" shall mean Michael Culver.

3.    Plaintiff. "Plaintiff" shall mean BARRY MACLEOD.

4.    Collision. "Collision" shall mean the motor-vehicle collision between Defendant Culver and Plaintiffs that occurred on or about January 30, 2014, on SH-121 in Collin County, Texas as more fully described in Plaintiff's Original Petition.

5.    Person. "Person" shall mean natural persons, male or female, and all types and kinds of business or other entities, including, but not limited to corporations, partnerships, joint ventures and sole proprietorships.

Plaintiff's Original Petition with Written Discovery

6. <u>Identify a person</u>. "Identify a person" shall mean state the full name, present or last known complete residential and business address and phone numbers and the name of the current or last known employer. If the "person" is an entity, state the correct name for the entity, its principal office, address, and telephone number and state the name of the natural person with whom most of your communications with such entity are made or state the name of the natural person who you believe would have personal knowledge regarding the inquiry made in a particular the request.

7. <u>Identify a communication</u>. "Identify a communication" shall mean identify the person present during such communication, state the date of the communication, state whether the communication was oral or written, and state the substance of the communication.

8. <u>Lawsuit.</u> "Lawsuit" refers to all of the claims and defenses (whether now asserted or asserted hereafter by amendment, supplement, or otherwise) of the Plaintiffs or of the Defendants in the above-styled and numbered cause.

9. <u>Communication.</u> "Communication" shall mean any contact or act by which information or knowledge is transmitted or conveyed between two or more persons and includes, without limitation, written contacts (whether by letter, memoranda, telegram, telex or other document) and oral contacts (whether by face-to-face meetings, telephone conversations, or otherwise.)

10. <u>Petition.</u> "Petition" shall refer to the Plaintiffs' Original Petition and any amended or supplemental petitions or Third-Party Petitions on file in the Lawsuit.

11. <u>Identify a document.</u> "Identify a document" shall mean to state the title of the document, the date thereof, the person in possession thereof, and its subject matter, If you do not wish to state the subject matter, you may instead produce the document; however, the title, date, and the identity of the person in possession of the information should be provided.

12. <u>You and your.</u> "You" and "your" refers to the party to whom this discovery is directed, as defined above, and your past and present officers, agents, representatives, and employer.

13. <u>Evidencing.</u> "Evidencing" or "evidences" shall mean tending to show, in any probative manner, the existence or nonexistence of a matter. "Evidencing" or "Evidences" also includes concerning, relating to, referring to, describing, or constituting.

14. <u>Document or documents</u>. "Document" or "documents" as used herein shall mean the original, or a copy thereof if the original is not available, of every written, printed, typed, recorded, reported, or graphic record or material including every draft and/or non-identical copy thereof of every tape and description that is in the actual or constructive possession,

Plaintiff's Original Petition with Written Discovery    Page 2

APP 147

control or custody of you of you or your attorneys including, but not limited to, all correspondence, letters, communications, memoranda, notes, agreements, contracts, proposed contracts or agreements, whether or not actually consummated, reports, logs, studies, summaries, agenda, bulletins, notices, announcements, instructions, charts, manuals, models, graphs, photographs, brochures, publications, books, minutes, including minutes of partnership meetings and management or executive partnership committee meetings, computer printouts, schedules, drawings, tape or other voice recordings, videotapes, simulations, intra and inter-company memoranda, articles from newspapers, magazines, and other publications, telegrams, purchase orders, lists, proposals, invoices, plans, specifications, addenda, statements, reports, confirmation slips, evidence of payments, bills, diaries, telephone message slips, calendars, bills of lading, canceled checks, or any copy of a document bearing notations, markings, or writings of any kind or nature different nom the original.

15. <u>Relating or relates.</u> "Relating" or "relates" shall mean, in addition to its customary and usual meaning, discussing, referring to, pertaining to, reflecting, evidencing, showing or recording.

16. <u>Load.</u> "Load" shall mean and refer to the goods or cargo being hauled by Michael Culver on January 30, 2014, in the truck/tractor/trailer owned by the Defendant, and which was involved in the collision.

17. <u>Truck, tractor, trailer, tractor/trailer or truck/trailer.</u> "Truck", "tractor", "trailer", "tractor/trailer" or "truck/trailer" shall mean the tractor/trailer which was owned by the Defendant and which was being driven by Defendant Michael Culver on January 30, 2014.

18. <u>Date of the accident or date of the incident.</u> "Date of the accident" or "date of the incident" shall mean January 30, 2014.

19. <u>Location of the accident or location of the incident.</u> "Location of the accident" or "location of the incident" shall mean and refer SH-121 in Collin County, Texas.

20. <u>Trip.</u> "Trip" shall mean the movement of the truck/tractor/trailer involved in the incident on or about January 30, 2014.

21. This request shall be deemed continuing so as to require further and supplemental production if Defendant produces, generates or personally discovers additional documents within the scope of this request following compliance herewith.

22. With respect to each item produced, identify which request number each item responds to

APP 148

23. If any documents or answer responsive to this Request for Production is withheld or objected to under the claim of attorney-client privilege, under a qualified privilege pursuant to Texas Rules of Civil Procedure or for any other reason, the following is to be identified as to any such document or answer:

    (a)    the relevant date;

    (b)    the relevant person;

    (c)    the author or addressee;

    (d)    all persons indicated as recipients of the copies;

    (e)    all persons known to you to have received the documents and/or information or to have learned the substance of its contents;

    (f)    the subject matter of the document and/or information;

    (g)    the specific privilege or objection alleged to be applicable or other reasons for its being withheld or not answered; and

    (h)    if you had, at any time, possession or control of the document requested and such document has been lost, destroyed or purged and is not presently in your possession or control, identify such document and describe the circumstances surrounding the loss, destruction, purge or separation from your possession or control, indicating the date of which that circumstance occurred;

24. OBJECTIONS - If you object to any of the production requests contained herein, you are requested to identify with specificity, the specific procedural rule(s) or substantive law(s) upon which you base your objections.

25. IT IS REQUESTED THAT ALL DOCUMENTS AND/OR OTHER DATA COMPILATIONS WHICH MIGHT IMPACT ON THE SUBJECT MATTER OF THIS LITIGATION BE PRESERVED AND THAT ONGOING PROCESS OF DOCUMENT DESTRUCTION INVOLVING SUCH DOCUMENTS CEASE.

26. As used herein, all words used in their singular forms shall be deemed to include the words in their plural forms.



**APP 149**

## REQUEST FOR PRODUCTION AND DISCOVERY

The following documents are to be produced for inspection, examination and copying, no later than fifty (50) days after receipt of this request at Tate Rehmet Law Offices, 2902 North U.S. Highway 75, Sherman, Texas 75090.

**REQUEST FOR PRODUCTION NO. 1:** A copy of the title to the 2007 Peterbilt Tractor Trailer and 2005 Benson Truck Bodies Trailer in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** A copy of all maintenance records, repair orders, warranty work orders and service records pertaining to the subject 2007 Peterbilt Tractor Trailer and 2005 Benson Truck Bodies Trailer for the 12-month period preceding the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** A copy of all damage appraisals, repair estimates and repair orders/invoices regarding the damage done to the subject 2007 Peterbilt Tractor Trailer and 2005 Benson Truck Bodies Trailer as a result of the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** A complete copy of any policy of insurance covering the subject 2007 Peterbilt Tractor Trailer and 2005 Benson Truck Bodies Trailer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** A complete copy of any policy of insurance covering Defendant HULL TRUCKING, INC. or Defendant MICHAEL CULVER at the time of the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** A copy of all documents referred to in answering Plaintiff's First Set of Interrogatories to Defendant Hull Trucking, Inc., identifying which documents were used to answer each respective interrogatory.

**RESPONSE:**

---

Plaintiff's Original Petition with Written Discovery



APP 150

**REQUEST FOR PRODUCTION NO. 7:** Any and all photographs that you have of the vehicles, parties, or the scene in question following the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** A copy of all drawings, maps or sketches of the scene of the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** A copy of any damage appraisal made of Plaintiff's vehicle following the collision which is subject to and under the control of you, your agents or representatives.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** A color copy of all exhibits you intend to offer at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Copies of any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by them and any stenographic, mechanical, electrical or other type of recording or any transcription made by him.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All photographs and/or video recordings of the vehicles involved in the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All photographs and/or video recordings of the collision scene.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** A copy of any contract of employment that would govern the relationship between Defendant HULL TRUCKING, INC. and Defendant MICHAEL CULVER or bear on the issue of Defendant MICHAEL CULVER's scope of employment.

APP 151

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**  A copy of all checklists, logs or other written documents evidencing all pre-trip inspections of the subject 2007 Peterbilt Tractor Trailer and 2005 Benson Truck Bodies Trailer for the 90-day period preceding the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**  A copy of any letter, memo or document relating to any settlement agreement between any of the Defendants.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**  A copy of any surveillance movies, photographs, video tape recordings, audio recordings or other tangible recordings of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**  A color copy of all written policies and procedures, employment handbooks and/or employment manuals issued to Defendant MICHAEL CULVER while employed by you, including, but not limited to, any terms, conditions and procedures involving the employer/employee relationship; recruiting and hiring of new employees; promotions; demotions and discipline.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**   All documents reflecting statements or communications between Plaintiff and/or Plaintiff's representatives, and Defendants and/or Defendants' representatives.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**  Copies of all newspaper articles, magazine articles, news releases, news items, videotapes, out-takes, recordings, electronic recordings, and similar documents discussing, describing, mentioning or referring to the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**  A copy of the declaration page of Defendant

Plaintiff's Original Petition with Written Discovery



APP 152

HULL TRUCKING, INC. and/or any person's policy of insurance under which any person may be liable to satisfy part or all of a judgment rendered in this action or to indemnify or reimburse for payments made to satisfy a judgment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** Copies of any written statement of any person with knowledge of relevant facts (regardless of when the statement is made) in Defendant HULL TRUCKING, INC.'s and/or its agent's or representative's possession or subject to its control.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** Copies of all memorandums, notes, writings, and reports that any witness has prepared relating to their review of materials furnished by the defense.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** For each and every expert witness that may testify at trial in this cause, please produce a copy of the following items in your possession, custody or control:

a. All notes, drafts, or written reports setting out opinions that the witness will express in this case.

b. Copies of all billing statements, receipts, writings, records or memorandums reflecting the amount of professional time spent by the witness on this case, and the amount of the witness's charges to date for work performed.

c. All correspondence to or from the witness (or otherwise), reports, telephone memorandums, preliminary reports, letters, notes, margin notations, or their like, with regard to any involvement of the witness in the subject made the basis of this lawsuit, preliminary or otherwise, and whensoever produced. This is intended to include any contracts or financial agreements between the witness and the lawyer, and between the witness and any expert witness service.

d. Copies of any and all learned treatises, textbooks, or other reference materials which the witness reviewed or relied on, in whole or in part, in forming their opinions regarding the care and treatment of the plaintiff in this case.

e. Any depositions given by the witness in any case brought by a patient against a health care provider.

Plaintiff's Original Petition with Written Discovery

APP 153

f.  Any petitions, pleadings, or other materials in the witness's possession relating to any cases in which the witness was named as a defendant in a malpractice action.

g.  Any interrogatory answers and/or depositions in the witness's possession relating to any lawsuit in which they were named as a defendant in a malpractice action.

h.  Copies of any medical articles, papers, or outlines prepared by the witness in connection with any publications or presentations to medical groups, societies, or organizations which involved issues, standards or teachings which are related to the issues raised in this case.

i.  A copy of the expert's current and complete bibliography or curriculum vitae, including all bibliographies of completed works which he/she has authored or co-authored or to which he/she has contributed, whether or not such works have been generally published;

j.  All "reports", including but not limited to, all drafts and revisions or such reports (whether on hard copy or electronically stored).  The term "report" as used herein includes all documents (memoranda, notes, correspondence, charts, and graphics) containing the experts factual observations, as well as all opinions, and all supporting data or material which the expert has reviewed and/or relied upon in formulating his/her opinions and mental impressions relevant to the subject matter of this lawsuit.  In this regard, the term "report" also encompasses all "learned treatises" (works of scientific value in the field of the expert's area of expertise) the expert has reviewed and/or relied upon in forming his/her opinions relevant to the subject matter of this lawsuit; and

k.  All tests, photographs, movies, and/or videotapes, films and/or image-recording films of any nature, diagrams, sketches, graphs, computer-assisted calculations and recreations and/or models and mock-ups generated by or provided to the expert relevant to his/her involvement in the instant case and/or relevant to the testimony he/she may give at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**  For any consulting expert whose work product has been reviewed by an expert who may testify on your behalf, please similarly provide all the items requested in Request No. 24, above.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**  Copies of any and all reservation of rights letters.

**RESPONSE:**

Plaintiff's Original Petition with Written Discovery

APP 154

**REQUEST FOR PRODUCTION NO. 27:** All documents, photographs, statements and tangible things obtained by Defendant HULL TRUCKING, INC. pursuant to Depositions on Written Questions and Subpoena Duces Tecum.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** All time sheets for Defendant MICHAEL CULVER for the 90-day period preceding the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** All documents showing the purpose of Defendant MICHAEL CULVER's travel on January 30, 2014, including, but not limited to, memos, work orders, bills of lading and expense reimbursements.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** All pay stubs, federal W-2 forms, expense reimbursements, commissions, bonuses and any other documents or tangible evidence reflecting payment of money or benefits for any reason from Defendant HULL TRUCKING, INC. to Defendant MICHAEL CULVER for the 12-month period preceding the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** The complete payroll file, personnel file, and any other required document or file for commercial vehicle drivers for Defendant MICHAEL CULVER compiled by you, from and including his first date of employment through and including the last date of employment with you including, but not limited to the following: driver qualification file; drug and alcohol test file; application for employment; references; driving tests; employee evaluations; job descriptions; performance reports; driver daily logs; physical examinations; traffic citations; driving histories; moving violations records; criminal records; worker's compensation; and health insurance claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** Your complete investigative file compiled prior to the time that you "anticipated litigation" concerning the collision.

**RESPONSE:**

Plaintiff's Original Petition with Written Discovery



**REQUEST FOR PRODUCTION NO. 33:** A copy of all leases, understandings, memoranda and other documents relating to the use and possession of the 2007 Peterbilt Tractor Trailer and 2005 Benson Truck Bodies Trailer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** Copies of the complete employee manual, instruction manual, policy and procedure manual and other materials issued to Defendant MICHAEL CULVER containing instructions, directions, suggestions or recommendations for proper and safe driving and operations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** The complete in-house investigation conducted by or on your behalf in the ordinary course of business relative to all citations from any local, state, or federal agencies or inquiries relevant to the collision, including, but not limited to, all things prepared for, and/or presented in, any informal conference or closing conference between you and any governmental representatives (this request specifically includes, but is not limited to, all photographs, movies, videotapes, audiotapes, reports, memoranda, correspondence, written statements, and all correspondence between you and any such agencies).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** Please produce for copying, photographing and/or inspection all physical evidence that you have preserved arising from the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** All organizational charts of your company showing the structure of your company, including the various departments, sections and divisions of your operations for the 3-year period preceding the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:** True and complete copies of all surveillance reports, investigative notes, photographs, movies and/or videotapes taken during any investigation, or surveillance of Plaintiffs at any time prior to the trial of this case.

**RESPONSE:**

Plaintiff's Original Petition with Written Discovery



APP 156

**REQUEST FOR PRODUCTION NO. 39:** All incident/accident reports for any accident Defendant MICHAEL CULVER was involved in for the 5-year period preceding the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:** Any and all notes, memos, correspondence and/or other documents generated in the period of time five (5) years prior to January 30, 2014, and through the present which relate to local, state, or federal agencies' safety audits, safety reviews, inspections, findings, and/or analysis of your business operations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:** Any and all documents generated and/or distributed by you to your employees regarding corrective actions to be taken in response to any state and/or federal agencies' findings concerning your business operations for the 5-year period preceding the collision through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:** Please produce a copy of any alcohol and/or controlled substance test that Defendant MICHAEL CULVER submitted to as a result of the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:** Please produce all documents that consist of your employment policies and procedures and of which discuss or describe your policies with respect to policies for recruiting, criminal background checks, examination of driving records, drug screens, references from prior employment, promotions, operations of equipment, use of company vehicles, training, supervision, safety instruction, and/or discipline for employees such as Defendant MICHAEL CULVER that were in existence during the time period that Defendant MICHAEL CULVER was employed by you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:** Please produce all documents relating to, pertaining to, referencing or documenting any review of the collision by you pertaining to any preventability determination.

**RESPONSE:**

Plaintiff's Original Petition with Written Discovery

**REQUEST FOR PRODUCTION NO. 45:** A copy of your Document Retention Policies that were in existence as of January 30, 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:** A copy of all policies and procedures of your Recruiting and Hiring Department, Safety Department, and Compliance Department pertaining to the recruitment of drivers, the screening process and criteria of new driver applicants, and the hiring process and criteria for new drivers that were in existence at the time Defendant MICHAEL CULVER first came to work for you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:** A copy of any written documents or printouts from any computer screen pertaining to any action taken by you to demote, suspend, remove or prohibit Defendant MICHAEL CULVER from continuing to work as a driver following the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:** A copy of all sign-in sheets for any safety meetings or training sessions attended by Defendant MICHAEL CULVER for the 3-year period preceding the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:** A copy of all handouts, overhead slides, power point presentations or other written or visual materials that were given to drivers or presented to them at any safety meeting or training sessions for the 3-year period preceding the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:** Please produce a statement of your current net worth.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:** All letters, reports, memorandum, instructions, evaluations, correspondence and citations from and/or sent to OSHA, DOT, ICC, DPS or any other federal or state agencies received by and/or sent by you in the five-year period preceding and including the date of the collision through the present.

**RESPONSE:**

Plaintiff's Original Petition with Written Discovery

Pa[...]

APP 158

**REQUEST FOR PRODUCTION NO. 52:** Any and all documents generated and/or distributed by you to your employees regarding the recordation or truck drivers' hours of operation and/or the maximum number of hours of operation by truck drivers for the 3 year period preceding the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:** Please produce the printout of the Electronic Control Module from the subject tractor-trailer that documents the various actions of the tractor-trailer in the minutes or so leading up to the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:** A copy of all ISO (International Standards Organization) standards, policies and procedures that your drivers were following for the 3-year period preceding the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:** A copy of all documents in your claim file that were reviewed by anyone with your company in making the determination whether the subject accident was "preventable."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:** A copy of any videotape(s) used by you to train your drivers, like Defendant MICHAEL CULVER, for the 5 year period preceding the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:** A copy of the Driver's Daily Logs for Defendant MICHAEL CULVER from December 30, 2013, through and including January 30, 2014.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:** All audits or compliance reviews by the Federal Motor Carrier Safety Administration ("FMCSA") for years 2009 to the present.

**RESPONSE:**

Plaintiff's Original Petition with Written Discovery

APP 159

**REQUEST FOR PRODUCTION NO. 59:** All findings, recommendations and safety ratings by the FMCSA with respect to any audits or compliance reviews for years 2009 to the present

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:** Your Accident Register for years 2009 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:** Documents reflecting the monthly statistics of accidents involving your drivers that resulted in injury or death, for years 2009 to the present.

**RESPONSE:**



APP 160

# EXHIBIT "D"



CAUSE NO. _____

| | | |
|---|---|---|
| **BARRY MACLEOD** | § | IN THE COUNTY COURT |
| *PLAINTIFF* | § | |
| | § | |
| **VS.** | § | AT LAW NO. _____ |
| | § | |
| **MICHAEL CULVER** and | § | |
| **HULL TRUCKING, INC.** | § | |
| *DEFENDANTS* | § | COLLIN COUNTY, TEXAS |

## <u>PLAINTIFFS' FIRST SET OF INTERROGATORIES TO</u><br><u>DEFENDANT HULL TRUCKING, INC.</u>

**TO**:    Defendant, Hull Trucking, Inc.

COMES NOW, BARRY MACLEOD, Plaintiff in the above-entitled and numbered cause, and submits the following Interrogatories to Defendant, HULL TRUCKING, INC., pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, to be answered separately and fully, in writing under oath not less than fifty (50) days from the date of service upon the Defendant's attorney.

### DEFINITIONS

(a)    As used herein the terms "Defendant", "you", or "yours" refer to HULL TRUCKING, INC., its agents, representatives, employees, servants, attorneys, investigators and anyone else acting on HULL TRUCKING, INC..

(b)    As used herein, the term "Plaintiff" shall refer to BARRY MACLEOD.

(c)    As used herein the term "collision" shall mean the motor-vehicle collision between Defendant and Plaintiff that occurred on or about January 30, 2014, on SH-121 in Wise County, Texas, as more fully described in Plaintiffs' Original Petition.

### INSTRUCTIONS

In responding to any of the questions contained herein, you are instructed as follows:

Plaintiff's Original Petition with Written Discovery



<span style="color:red">**APP 162**</span>

(a)    All information which is not privileged and is in your possession needs to be divulged.

(b)    Where an individual Interrogatory calls for an answer that involves more than one part, each part of the answer should be clearly set out so that it is understandable.

(c)    These questions are continuing in nature and require supplemental answers in the event that you or your attorney becomes aware of further information between the time your answers are given and the time of trial.

(d)    If the spaces provided after each Interrogatory are not sufficient, you may supplement your answer on a separate piece of paper.

(e)    IT IS REQUESTED THAT ALL DOCUMENTS AND/OR OTHER DATA COMPILATIONS WHICH MIGHT IMPACT THE SUBJECT MATTER OF THIS LITIGATION BE PRESERVED AND THAT ANY ONGOING PROCESS OF DOCUMENT DESTRUCTION INVOLVING SUCH DOCUMENTS CEASE.

## INTERROGATORIES

**INTERROGATORY NO. 1:** With regard to Defendant HULL TRUCKING, INC., please state the following:

    A. The proper business or corporate name, including all names, parents, subsidiaries, affiliates and d/b/a and f/k/a entities by which you have ever been known;

    B. All divisions and subdivisions of Defendant HULL TRUCKING, INC. having responsibility or involvement in the employment of Defendant Michael Culver, directing in whole or in part the details of his work, and directing his destination on the day in question and/or each division's or subsidiary's role therein;

    C. The name, last known address and title of each officer of Defendant HULL TRUCKING, INC. on January 30, 2014, who had any duties, responsibilities or supervisory power with respect to Defendant HULL TRUCKING, INC.'s vehicle operations; and

    D. The name, address and title of the individuals currently overseeing the operations, management and/or resolution of debts and claims of Defendant HULL TRUCKING, INC.

**ANSWER:**

Plaintiff's Original Petition with Written Discovery



<span style="color:red">**APP 163**</span>

**INTERROGATORY NO. 2:** Please identify all individuals of Defendant HULL TRUCKING, INC. who have or may have knowledge relating to each of the following areas of inquiry:

    A. Hiring, training and supervision of Defendant Michael Culver;

    B. Compliance with federal, state, and local laws and regulations regarding hiring, training, supervision and operation of trucks/vehicles by individual drivers;

    C. Prior claims and lawsuits made against Defendant HULL TRUCKING, INC. for personal injuries or property damage from 2009 to present;

    D. Designing and implementing Defendant HULL TRUCKING, INC.'s safety program(s);

    E. Defendant HULL TRUCKING, INC.'s chain of command; and

    F. The collision.

**ANSWER:**

**INTERROGATORY NO. 3:** Please state the purpose of Defendant Michael Culver's travel at the time the collision occurred. Please include his point of origin, his intended destination, stops at any intermediate points prior to the collision, including the time that he left for his destination and the times of all intermediate stops.

**ANSWER:**

**INTERROGATORY NO. 4:** State whether or not Defendant Michael Culver was acting within the course and scope of any agency, employment, or service with you at the time of the collision.

**ANSWER:**

**INTERROGATORY NO. 5:** Describe in your own words your understanding of how the collision occurred and state specifically what your claim or contention will be regarding any cause or contributing cause of the collision, including a statement of the facts or information upon which this contention is based.

**ANSWER:**

**INTERROGATORY NO. 6:** Please describe the damage done to the 2007 Peterbilt Tractor Trailer and 2005 Benson Truck Bodies Trailer in question, and give the costs of repair and identity of any person making repairs, if any.

Plaintiff's Original Petition with Written Discovery

**ANSWER:**

**INTERROGATORY NO. 7:** Please describe all conversations which you had with the Plaintiff, or with Plaintiff's representatives following the collision.

**ANSWER:**

**INTERROGATORY NO. 8:** Do you contend that the collision was caused by any defect or failure on the part of the subject 2007 Peterbilt Tractor Trailer and 2005 Benson Truck Bodies Trailer? If so, please set forth the facts supporting your contentions.

**ANSWER:**

**INTERROGATORY NO. 9:** Do you contend that the collision was caused by any defect or condition on the roadway? If so, please set forth the facts supporting your contentions.

**ANSWER:**

**INTERROGATORY NO. 10:** Please identify all investigations of the collision which you conducted or which has been conducted on your behalf. Please include the date the investigation began and the date that it ended, and state the name, address and relationship to Defendant HULL TRUCKING, INC. of each individual who participated in any such investigation.

**ANSWER:**

**INTERROGATORY NO. 11:** Please describe all promotions, demotions, changes of title or position, and/or pay raises which Defendant Michael Culver received from you (or any of your affiliates), including the dates of the change of title or position and the names of all persons responsible for said promotions, raises, and changes in title or position of Defendant Michael Culver.

**ANSWER:**

**INTERROGATORY NO. 12:** If you requested that Defendant Michael culver submit to a test for alcohol and controlled substances following the collision, then answer the following. If you did not request such testing, please explain why.

       A.     The date and time such test was administered;

Plaintiff's Original Petition with Written Discovery



**APP 165**

B.   The name, address and telephone number of the person or facility   that administered such test;

C.   The person(s) who instructed Defendant Michael Culver to submit to such testing; and

D.   The results of such tests.

**ANSWER:**

**INTERROGATORY NO. 13:**   Please list all motor vehicle accidents and traffic violations/citations that Defendant Michael Culver was involved in and/or received to your knowledge while he was employed by you?

**ANSWER:**

**INTERROGATORY NO. 14:**  Did you ever take any disciplinary action(s) against Defendant Michael Culver during his employment with you?  If so, please provide the dates of such action, and what action was taken and why.

**ANSWER:**

**INTERROGATORY NO. 15:**  Please identify by name, address and telephone number the following person with your company:

A.  Person(s) responsible for hiring Defendant Michael Culver;

B.  Person(s) responsible for supervising Defendant Michael Culver;

C.  Person(s) responsible for safety at the time of the collision (e.g., Vice President of Safety, Safety Director, etc.); and

D.  Person(s) responsible for training Defendant Michael Culver.

**ANSWER:**

**INTERROGATORY NO. 16:**  If you plan to use any evidence of criminal arrest and/or conviction to impeach Plaintiffs or any witness at the time of trial, please identify the nature of the charge, disposition, date of disposition and jurisdiction.

**ANSWER:**

Plaintiff's Original Petition with Written Discovery



**INTERROGATORY NO. 17:** Do you contend that Plaintiff did anything wrong which caused or contributed to cause the collision? If so, then please describe what you contend they did wrong, and how such actions or inactions caused or contributed to cause the collision.

**ANSWER:**

**INTERROGATORY NO. 18:** Do you contend that the collision was caused, in whole or in part, by any acts and or omission by a third party? Is so, then please identify the name, address and telephone number of any such third party, and describe all such acts and/or inactions on their part that you contend caused or contributed to cause the collision.

**ANSWER:**

**INTERROGATORY NO. 19:** Do you contend that Defendant Michael Culver did anything wrong that caused or contributed to cause the collision? If so, then please describe what you contend he did wrong, and how such actions caused or contributed to cause the collision.

**ANSWER:**

**INTERROGATORY NO. 20:** Please state the name, address and telephone number of any witnesses you may call to testify at the trial of this case, including a brief description of such person's connection with the case.

**ANSWER:**

**INTERROGATORY NO. 21:** Did you determine the collision was "preventable"? If so, please state the name, address and telephone number and position with your company of all persons who were involved in making such a determination, and provide a brief description of the factual basis for such determination.

**ANSWER:**

**INTERROGATORY NO. 22:** Please state the name, address and telephone number of any passengers who were with Defendant Michael Culver at the time of the collision and the connection, if any, they had with your company.

**ANSWER:**

---

Plaintiff's Original Petition with Written Discovery



<span style="color:red">**APP 167**</span>

STATE OF TEXAS )
COUNTY OF COLLIN )
I, Andrea Stroh Thompson, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on the file in the District Court,
Collin County, Texas. Witness my hand and seal of said Court, this
the 26 day of Aug. A.D., 20 14
ANDREA STROH THOMPSON, DISTRICT CLERK
COLLIN COUNTY, TEXAS
_____, DEPUTY



APP 168

# EXHIBIT "B-3"

## Request for Jury Trial

APP 169

Filed: 6/27/2014 3:49:19 PM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Erika Rhea Deputy
Envelope ID: 1672233

**JURY TRIAL REQUEST FORM**

CASE NUMBER:      429-02400-2014

CASE STYLE:       Barry MacLeod

                          VS.

                  Michael Culver and Hull Trucking, Inc.

DATE:             06/27/2014

REQUESTED BY:     CHRISTOPHER REHMET

PHONE NUMBER:     903-892-4440


# PLEASE ALLOW THIS DOCUMENT TO SERVE AS PLAINTIFF'S FORMAL REQUEST FOR JURY TRIAL

STATE OF TEXAS       )
COUNTY OF COLLIN )
I, Andrea Stroh Thompson, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on the file in the District Court,
Collin County, Texas. Witness my hand and seal of said Court, this
the 20 day of Aug A.D. 20 14
        ANDREA STROH THOMPSON, DISTRICT CLERK
        COLLIN COUNTY, TEXAS
                                        DEPUTY



# EXHIBIT "B-4"

## Civil Case Information Sheet

APP 171

# CIVIL CASE INFORMATION SHEET

**429-02400-2014**

Filed: 6/27/2014 3:49:19 PM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Erika Rhea Deputy
Envelope ID: 1672233

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ COURT *(FOR CLERK USE ONLY):* _____

STYLED: BARRY MACLEOD VS. MICHAEL CULVER AND HULL TRUCKING, INC.

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Name: | Email: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| **CHRISTOPHER REHMET** | chrisr@tatelawoffices.com | Plaintiff(s)/Petitioner(s): | ☒Attorney for Plaintiff/Petitioner |
| | | | ☐Pro Se Plaintiff/Petitioner |
| Address: | Telephone: | **Barry MacLeod** | ☐Title IV-D Agency |
| | | | ☐Other: _____ |
| **2902 N. U.S. HWY 75** | **903-892-4440** | | |
| | | Defendant(s)/Respondent(s): | Additional Parties in Child Support Case: |
| City/State/Zip: | Fax: | | |
| | | **Michael Culver** | Custodial Parent: |
| **SHERMAN, TX 75090** | **903-893-5558** | | |
| | | **Hull Trucking, Inc.** | Non-Custodial Parent: |
| Signature: | State Bar No: | | |
| | | | Presumed Father: |
| | **24035414** | | |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**

*Debt/Contract*
- ☐Consumer/DTPA
- ☐Debt/Contract
- ☐Fraud/Misrepresentation
- ☐Other Debt/Contract:

*Foreclosure*
- ☐Home Equity—Expedited
- ☐Other Foreclosure
- ☐Franchise
- ☐Insurance
- ☐Landlord/Tenant
- ☐Non-Competition
- ☐Partnership
- ☐Other Contract:

**Injury or Damage**
- ☐Assault/Battery
- ☐Construction
- ☐Defamation
*Malpractice*
- ☐Accounting
- ☐Legal
- ☐Medical
- ☐Other Professional Liability:
- ☒Motor Vehicle Accident
- ☐Premises
*Product Liability*
- ☐Asbestos/Silica
- ☐Other Product Liability List Product:
- ☐Other Injury or Damage:

**Real Property**
- ☐Eminent Domain/ Condemnation
- ☐Partition
- ☐Quiet Title
- ☐Trespass to Try Title
- ☐Other Property:

**Related to Criminal Matters**
- ☐Expunction
- ☐Judgment Nisi
- ☐Non-Disclosure
- ☐Seizure/Forfeiture
- ☐Writ of Habeas Corpus— Pre-indictment
- ☐Other: _____

### Family Law

**Marriage Relationship**
- ☐Annulment
- ☐Declare Marriage Void
*Divorce*
- ☐With Children
- ☐No Children

**Post-judgment Actions (non-Title IV-D)**
- ☐Enforcement
- ☐Modification—Custody
- ☐Modification—Other

**Title IV-D**
- ☐Enforcement/Modification
- ☐Paternity
- ☐Reciprocals (UIFSA)
- ☐Support Order

**Other Family Law**
- ☐Enforce Foreign Judgment
- ☐Habeas Corpus
- ☐Name Change
- ☐Protective Order
- ☐Removal of Disabilities of Minority
- ☐Other:

**Parent-Child Relationship**
- ☐Adoption/Adoption with Termination
- ☐Child Protection
- ☐Child Support
- ☐Custody or Visitation
- ☐Gestational Parenting
- ☐Grandparent Access
- ☐Parentage/Paternity
- ☐Termination of Parental Rights
- ☐Other Parent-Child:

**Employment**
- ☐Discrimination
- ☐Retaliation
- ☐Termination
- ☐Workers' Compensation
- ☐Other Employment:

**Other Civil**
- ☐Administrative Appeal
- ☐Antitrust/Unfair Competition
- ☐Code Violations
- ☐Foreign Judgment
- ☐Intellectual Property
- ☐Lawyer Discipline
- ☐Perpetuate Testimony
- ☐Securities/Stock
- ☐Tortious Interference
- ☐Other:

**Tax**
- ☐Tax Appraisal
- ☐Tax Delinquency
- ☐Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
- ☐Dependent Administration
- ☐Independent Administration
- ☐Other Estate Proceedings
- ☐Guardianship—Adult
- ☐Guardianship—Minor
- ☐Mental Health
- ☐Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
- ☐Appeal from Municipal or Justice Court
- ☐Arbitration-related
- ☐Attachment
- ☐Bill of Review
- ☐Certiorari
- ☐Class Action
- ☐Declaratory Judgment
- ☐Garnishment
- ☐Interpleader
- ☐License
- ☐Mandamus
- ☐Post-judgment
- ☐Prejudgment Remedy
- ☐Protective Order
- ☐Receiver
- ☐Sequestration
- ☐Temporary Restraining Order/Injunction
- ☐Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
- ☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐Less than $100,000 and non-monetary relief
- ☒Over $100,000 but not more than $200,000
- ☐Over $200,000 but not more than $1,000,000
- ☐Over $1,000,000

Rev 2/13

**APP 172**

STATE OF TEXAS      )
COUNTY OF COLLIN  )

I, Andrea Stroh Thompson, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on the file in the District Court,
Collin County, Texas. Witness my hand and seal of said Court, this
the _20_ day of _Aug_ A.D., 20 _14_.

ANDREA STROH THOMPSON, DISTRICT CLERK
COLLIN COUNTY, TEXAS

_____ DEPUTY





APP 173

# EXHIBIT "B-5"

## Citation Request Form

APP 174

Filed: 6/27/2014 3:49:19 PM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Erika Rhea Deputy
Envelope ID: 1672233

**ISSUANCE REQUEST FORM**

CASE NUMBER: 429-02400-2014

CASE STYLE: Barry MacLeod

VS.

Michael Culver and Hull Trucking, Inc.

DATE: June 27, 2014

REQUESTED BY: **CHRISTOPHER REHMET**     PHONE NUMBER: **903-892-4440**

**CITATIONS**

_____ # OF CITATIONS **WITH** SERVICE – CONSTABLE # _____

2 # OF CITATIONS **NO** SERVICE

**NOTICES**

_____ # OF NOTICES **WITH** SERVICE – CONSTABLE # _____

_____ # OF NOTICES **NO** SERVICE

**TRO/WRITS**

_____ # OF TRO/WRITS **WITH** SERVICE -- CONSTABLE # _____

_____ # OF TRO/WRITS **NO** SERVICE

**ALL OTHER ISSUANCE**

_____ # OF OTHER ISSUANCE **WITH** SERVICE -- CONSTABLE # _____

_____ # OF OTHER ISSUANCE **NO** SERVICE

_____ WAITING

_____ MAIL BACK TO ATTORNEY

_____ PICK UP >> ESTIMATED PICK UP DATE & TIME: _____

**APP 175**

STATE OF TEXAS          )
COUNTY OF COLLIN )
I, Andrea Stroh Thompson, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on the file in the District Court,
Collin County, Texas. Witness my hand and seal of said Court, this
the ____ day of _____ A.D. 20 ___
                        ANDREA STROH THOMPSON, DISTRICT CLERK
                        COLLIN COUNTY, TEXAS
                        _____ DEPUTY



APP 176

# EXHIBIT "B-6"

## Affidavit of Service

## Hull Trucking, Inc.

APP 177

Filed: 8/4/2014 11:58:11 AM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Traci Long Deputy
Envelope ID: 2037649

## CAUSE NO. <u>429-02400-2014</u>

| | | |
|---|---|---|
| **BARRY MACLEOD** | § | **IN THE DISTRICT COURT** |
| Plaintiff(s), | § | |
| VS. | § | **429TH JUDICIAL DISTRICT** |
| **MICHAEL CULVER and** | § | |
| **HULL TRUCKING INC.** | § | |
| Defendant(s). | § | **COLLIN COUNTY, TEXAS** |

## AFFIDAVIT OF SERVICE

Came to my hand on **Thursday, July 24, 2014 at 11:45 AM**,
Executed at: **17224 US HWY 61, OLD APPLETON, MO 63770**
within the county of **CAPE GIRARDEAU at 11:30 AM, on Friday, July 25, 2014**,
by individually and personally delivering to the within named:

### HULL TRUCKING INC

By delivering to its' **Registered Agent, LARRY HULL** a true copy of this

### CITATION and PLAINTIFF'S ORIGINAL PETITION AND AND REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANTS with EXHIBITS

having first endorsed thereon the date of the delivery.

**BEFORE ME,** the undersigned authority, on this day personally appeared Brenda Schiwitz who after being duly sworn on oath states: "My name is Brenda Schiwitz. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Missouri. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

**Brenda Schiwitz**

Of: **Scott County**

By: _Brenda Schiwitz_
— Authorized Person —

Subscribed and Sworn to by Brenda Schiwitz, Before Me, the undersigned authority, on this
28th day of July, 2014.

_____
**Notary Public in and for the State of Missouri**

WILLIAM F. FERRELL
My Commission Expires
September 25, 2017
Scott County
Commission #13530697

THE STATE OF TEXAS
CIVIL CITATION

CASE NO.429-02400-2014

Barry MacLeod vs. Michael Culver, Hull Trucking, Inc.

In the 429th District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Hull Trucking Inc
May be served with citation by serving its registered agent for service, Larry Hull
17224 US Hwy 61
Old Appleton MO 63770, Defendant

GREETINGS: You are commanded to appear by filing a written answer to **Plaintiff's Original Petition and Requests for Written Discovery to Defendants** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 429th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Christopher Rehmet 2902 North US Highway 75 Sherman TX 75090 (Attorney for Plaintiff or Plaintiffs), on June 27, 2014, in this case, numbered 429-02400-2014 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition and Requests for Written Discovery to Defendants** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 27th day of June, 2014.

ATTEST: Andrea Stroh Thompson, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _____, Deputy
Erika Rhea

The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.

**STATE OF** TEXAS )
**COUNTY OF COLLIN** )
**I, Andrea Stroh** Thompson, District Clerk in and for Collin County Texas, do hereby certify that the above foregoing is a true and correct copy of the original document as the same appears on the file in the District Court, Collin County, Texas. Witness my hand and seal of said Court, this the ___ day of _____ A.D., 20___.
ANDREA STROH THOMPSON, DISTRICT CLERK
COLLIN COUNTY, TEXAS
_____ DEPUTY



# EXHIBIT "B-7"

## Affidavit of Service

## Michael Culver

APP 181

Filed: 8/4/2014 11:58:19 AM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Traci Long Deputy
Envelope ID: 2037655

CAUSE NO. 429-02400-2014

| | | |
|---|---|---|
| **BARRY MACLEOD** | § | **IN THE DISTRICT COURT** |
| Plaintiff(s), | § | |
| VS. | § | **429TH JUDICIAL DISTRICT** |
| **MICHAEL CULVER and** | § | |
| **HULL TRUCKING INC.** | § | |
| Defendant(s). | § | **COLLIN COUNTY, TEXAS** |

## AFFIDAVIT OF SERVICE

Came to my hand on Thursday, July 24, 2014 at 11:45 AM,
Executed at: 17224 US HWY 61, OLD APPLETON, MO 63770
within the county of CAPE GIRARDEAU at 11:30 AM, on Friday, July 25, 2014,
by individually and personally delivering to the within named:

**MICHAEL CULVER**

a true copy of this

**CITATION and PLAINTIFF'S ORIGINAL PETITION AND AND REQUESTS FOR
WRITTEN DISCOVERY TO DEFENDANTS with EXHIBITS**

having first endorsed thereon the date of the delivery.

BEFORE ME, the undersigned authority, on this day personally appeared Brenda Schiwitz who after being duly sworn on oath states: "My name is Brenda Schiwitz. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Missouri. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

**Brenda Schiwitz**

Of: **Scott County**

By: _____
Authorized Person

Subscribed and Sworn to by Brenda Schiwitz, Before Me, the undersigned authority, on this _____ day of July, 2014.

_____
**Notary Public in and for the State of Missouri**

WILLIAM F. FERRELL
My Commission Expires
September 25, 2017
Scott County
Commission #13530637

**APP 182**

THE STATE OF TEXAS
CIVIL CITATION

CASE NO.429-02400-2014

Barry MacLeod vs. Michael Culver, Hull Trucking, Inc.

In the 429th District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Michael Culver
3000 Pioneer Trailer 41 St
Cape Girardeau MO 63703, Defendant

GREETINGS: You are commanded to appear by filing a written answer to **Plaintiff's Original Petition and Requests for Written Discovery to Defendants** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 429th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Christopher Rehmet 2902 North US Highway 75 Sherman TX 75090 (Attorney for Plaintiff or Plaintiffs), on June 27, 2014, in this case, numbered 429-02400-2014 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition and Requests for Written Discovery to Defendants** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 27th day of June, 2014.

ATTEST: Andrea Stroh Thompson, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _____, Deputy
Erika Rhea

The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.

STATE OF TEXAS        )
COUNTY OF COLLIN  )

I, Andrea Stroh Thompson, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on the file in the District Court,
Collin County, Texas. Witness my hand and seal of said Court, this
the 20 day of Aug A.D., 20 14
                    ANDREA STROH THOMPSON, DISTRICT CLERK
                    COLLIN COUNTY, TEXAS
                                                        DEPUTY



**APP 184**

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Barry MacLeod | Michael Culver, Hull Trucking, Inc. |

**(b)** County of Residence of First Listed Plaintiff   Collin County, Texas
    *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Cape Girardeau Co., MO
    *(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher Rehmet, Tate Rehmet Law Office, P.C., 2902 North U.S. Highway 75, Sherman, Texas 75090. (903) 892-4440.

Attorneys *(If Known)*
David L. Sargent, Andrew L. Petersen. Hermes Sargent Bates, LLP. 901 Main Street, Suite 5200, Dallas, Texas 75102. 214-749-6516

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product      Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |      Liability    ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &      Pharmaceutical | | ☐ 820 Copyrights | ☐ 450 Commerce |
|      & Enforcement of Judgment |      Slander      Personal Injury | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'      Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted |      Liability    ☐ 368 Asbestos Personal | | |      Corrupt Organizations |
|      Student Loans | ☐ 340 Marine      Injury Product | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
|      (Excl. Veterans) | ☐ 345 Marine Product      Liability | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment |      Liability    **PERSONAL PROPERTY** |      Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
|      of Veteran's Benefits | ☒ 350 Motor Vehicle    ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |      Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract |      Product Liability    ☐ 380 Other Personal | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal      Property Damage |      Leave Act | | ☐ 893 Environmental Matters |
| ☐ 196 Franchise |      Injury    ☐ 385 Property Damage | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury -      Product Liability | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** |      Act |
| |      Med. Malpractice |      Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | |      or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party |      Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting      Sentence | |      26 USC 7609 |      Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    **Habeas Corpus:** | | | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/    ☐ 530 General | | |      State Statutes |
| ☐ 245 Tort Product Liability |      Accommodations    ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| |      Employment    ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | |
| | ☐ 446 Amer. w/Disabilities -    ☐ 555 Prison Condition |      Alien Detainee | | |
| |      Other    ☐ 560 Civil Detainee - |      (Prisoner Petition) | | |
| | ☐ 448 Education      Conditions of | ☐ 465 Other Immigration | | |
| |      Confinement |      Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
This action is removed based on diversity of citizenship pursuant to USC Sections 1332, 1441(b) & 1446.
Brief description of cause:
This action arises from an automobile accident.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 100,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 08/21/2014 | David L. Sargent |

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

APP 185

# UNITED STATES DISTRICT COURT
# EASTERN OF TEXAS
# SHERMAN DIVISION

## SUPPLEMENTAL CIVIL COVER SHEET
## FOR A REMOVED CASE PURSUANT TO LR-CV-81

1. **Style of the Case:**

Please include <u>all</u> Plaintiff(s), Defendant(s), Intervenor(s), Counterclaim(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also please list the attorney(s) of record for each party named, and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| Party | Party Type | Attorney(s) |
|---|---|---|
| BARRY MACLEOD | Plaintiff | CHRISTOPHER REHMET<br>State Bar No. 24035414<br>chrisr@tatelawoffices.com<br>Tate Rehmet Law Office, P.C.<br>2902 North U.S. Highway 75<br>Sherman, Texas  75090<br>(903) 892-4440<br>(903) 893-5558 fax |
| HULL TRUCKING, INC. | Defendant | DAVID L. SARGENT<br>State Bar No. 17648700<br>david.sargent@hsblaw.com<br>ANDREW L. PETERSEN<br>State Bar No. 24059226<br>andrew.petersen@hsblaw.com<br>Hermes Sargent Bates, LLP<br>901 Main Street, Suite 5200<br>Dallas, Texas 75202<br>(214) 749-6516<br>(214) 749.6316 fax |
| MICHAEL CULVER | Defendant | DAVID L. SARGENT<br>State Bar No. 17648700<br>david.sargent@hsblaw.com<br>ANDREW L. PETERSEN<br>State Bar No. 24059226<br>andrew.petersen@hsblaw.com<br>Hermes Sargent Bates, LLP<br>901 Main Street, Suite 5200<br>Dallas, Texas 75202<br>(214) 749-6516<br>(214) 749.6316 fax |

1813466
185.638

**APP 186**

**Supplemental Civil Cover Sheet**
**Page 2**

2.　　**Jury Demand:**
　　　Was Jury Demand made in State Court?　　　　　**YES**

3.　　**Answer:**
　　　Was an Answer made in State Court?　　　　　　**NO**

4.　　**Unserved Parties:**
　　　The following parties have not been served at the time this case was removed:
　　　　　<u>Party</u>　　　　　　　　　　　<u>Reason(s) for No Service</u>
　　　　　N/A

5.　　**Nonsuited, Dismissed or Terminated Parties:**

　　　Please indicate any changes from the style on the state court papers and the reason for
that change:
　　　　　<u>Party</u>　　　　　　　　　<u>Reason</u>
　　　　　None

6.　　**Name & Address of Court from which Case is Being Removed:**
　　　　　429th District Court
　　　　　Collin County, Texas
　　　　　Hon. Jill Willis
　　　　　Collin County Courthouse
　　　　　2100 Bloomdale Road, Suite 10344
　　　　　McKinney, TX 75071

7.　　**Current Status of the Removed Case**
　　　Pending.

1813466
185.638

APP 187

# Exhibit A-11(2)

APP 188

# Exhibit 2

APP 189

# U.S. District Court [LIVE]
## Eastern District of TEXAS (Sherman)
## CIVIL DOCKET FOR CASE #: 4:14-cv-00550-RAS

Macleod v. Culver et al
Assigned to: Judge Richard A. Schell
Demand: $100,000
Case in other court: 429th District Court, Collin County, 429-02400-2014
Cause: 28:1332 Diversity-Notice of Removal

Date Filed: 08/21/2014
Jury Demand: Both
Nature of Suit: 350 Motor Vehicle
Jurisdiction: Diversity

**Plaintiff**

**Barry Macleod**                    represented by    **Christopher Beall Rehmet**
Tate Rehment Law Offices, PC
2902 North US Highway 75
Sherman, TX 75090
903-892-4440
Fax: 972-387-2725
Email: service@tatelawoffices.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Michael Culver**                   represented by    **David Lynn Sargent**
Hermes Sargent Bates LLP
901 Main St
Suite 5200
Dallas, TX 75202
214/7496000
Fax: 214/7496100
Email: david.sargent@hsblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Loren Petersen**
Hermes Sargent Bates LLP
901 Main St
Suite 5200
Dallas, TX 75202
214-749-6513
Fax: 214-749-6313
Email: andrew.petersen@hsblaw.com
*ATTORNEY TO BE NOTICED*

APP 190

**Defendant**

**Hull Trucking, Inc.**                                      represented by   **David Lynn Sargent**
                                                                              (See above for address)
                                                                              *LEAD ATTORNEY*
                                                                              *ATTORNEY TO BE NOTICED*

                                                                              **Andrew Loren Petersen**
                                                                              (See above for address)
                                                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/21/2014 | 1 | NOTICE OF REMOVAL by Hull Trucking, Inc., Michael Culver *Defendants* from 429th District Court, Collin County, TX, case number 429-02400-2014. (Filing fee $ 400 receipt number 0540-4799593), filed by Hull Trucking, Inc., Michael Culver. (Attachments: # 1 Exhibit A - Hull Trucking, Inc.'s Consent to and Joinder in Removal, # 2 Exhibit B - Certified Copy of State Court File, # 3 Civil Cover Sheet, # 4 Supplement Civil Cover Sheet)(Petersen, Andrew) (Entered: 08/21/2014) |
| 08/21/2014 | 2 | NOTICE by Michael Culver, Hull Trucking, Inc. re 1 Notice of Removal, *of Defendants' Certificate of Interested Persons* (Petersen, Andrew) (Entered: 08/21/2014) |
| 08/21/2014 | 3 | CORPORATE DISCLOSURE STATEMENT filed by Hull Trucking, Inc. identifying Corporate Parent HTI Logistics, L.L.C. for Hull Trucking, Inc.. (Petersen, Andrew) (Entered: 08/21/2014) |
| 08/21/2014 | 4 | NOTICE by Michael Culver, Hull Trucking, Inc. re 1 Notice of Removal, *Certificate of Notice of Filing of Removal* (Petersen, Andrew) (Entered: 08/21/2014) |
| 08/21/2014 | 5 | NOTICE by Michael Culver, Hull Trucking, Inc. re 1 Notice of Removal, *Notice of Removal to Plaintiff* (Petersen, Andrew) (Entered: 08/21/2014) |
| 08/21/2014 |  | Case Assigned to Judge Richard A. Schell. (cm, ) (Entered: 08/21/2014) |
| 08/21/2014 |  | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form Consent to Proceed Before Magistrate Judge is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Notice Regarding Consent to Proceed Before Magistrate Judge.* (cm, ) (Entered: 08/21/2014) |
| 08/21/2014 | 6 | ***PREVIOUSLY FILED IN STATE COURT***COMPLAINT against Michael Culver, Hull Trucking, Inc., filed by Barry Macleod.(cm, ) (Entered: 08/21/2014) |
| 08/21/2014 | 7 | *Defendants Michael Culver and Hull Trucking, Inc.'s Original* ANSWER to 6 Complaint *Plaintiff's Original Petition* by Michael Culver, Hull Trucking, Inc.. (Petersen, Andrew) (Entered: 08/21/2014) |
| 08/21/2014 | 8 | DEMAND for Trial by Jury by Michael Culver, Hull Trucking, Inc.. (Petersen, |

**APP 191**

| | | Andrew) (Entered: 08/21/2014) |
|---|---|---|
| 08/22/2014 | | Notified Attorney, Christopher Rehmet, Per GO 04-12 this court no longer accepts pleadings in paper form. The Clerk will no longer mail or fax notices or orders to parties. All notices and orders generated by this court shall be sent electronically. (cm, ) (Entered: 08/22/2014) |
| 08/26/2014 | 9 | ORDER TO CONDUCT RULE 26(f) CONFERENCE, ( Rule 26 Meeting Report due by 10/20/2014.). Signed by Judge Richard A. Schell on 8/26/14. (cm, ) (Entered: 08/26/2014) |
| 09/09/2014 | 10 | NOTICE of Attorney Appearance by Christopher Beall Rehmet on behalf of Barry Macleod (Rehmet, Christopher) (Entered: 09/09/2014) |
| 10/14/2014 | 11 | NOTICE of Voluntary Dismissal by Barry Macleod (Attachments: # 1 Text of Proposed Order proposed Order of Dismissal without Prejudice)(Rehmet, Christopher) (Attachment 1 replaced on 10/15/2014) (cm, ). (Entered: 10/14/2014) |

<table>
<tr><th colspan="4">PACER Service Center</th></tr>
<tr><th colspan="4">Transaction Receipt</th></tr>
<tr><td colspan="4">01/19/2015 11:39:54</td></tr>
<tr><td>PACER Login:</td><td>hs0210:2563259:0</td><td>Client Code:</td><td>185-638</td></tr>
<tr><td>Description:</td><td>Docket Report</td><td>Search Criteria:</td><td>4:14-cv-00550-RAS</td></tr>
<tr><td>Billable Pages:</td><td>2</td><td>Cost:</td><td>0.20</td></tr>
</table>

# Exhibit A-11(3)

APP 193

# Exhibit 3

APP 194

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **BARRY MACLEOD**<br>    *PLAINTIFF*<br><br>**VS.**<br><br>**MICHAEL CULVER AND**<br>**HULL TRUCKING, INC.**<br>    *DEFENDANTS* | **NOTICE OF VOLUNTARY**<br>**DISMISSAL PURSUANT TO**<br>**F.R.C.P. 41(A)(1)(A)(I)**<br><br>**CIVIL ACTION NO. 4:14-cv-00550** |

### NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. 41(a)(1)(A)(i)

Pursuant to F.R.C.P. 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Plaintiff BARRY MACLEOD and/or his counsel, hereby give notice that the above-captioned action is voluntarily dismissed, without prejudice against the Defendants, MICHAEL CULVER and HULL TRUCKING, INC.

1.     This case was removed to Federal Court by the Defendants on August 21, 2014.

2.     The Defendants answered in this cause of action on August 21, 2014.

3.     No motion for summary judgment or counterclaim has been filed by either Defendant.

**DATE:      October 14, 2014.**

Respectfully submitted,

**TATE REHMET LAW OFFICE, P.C.**
2902 N. Highway 75
Sherman, Texas  75090
Phn:  (903) 892-4440
Fax:  (972) 387-2725
Email: service@tatelawoffices.com

By:      **/s/ Christopher Rehmet**
**CHRISTOPHER REHMET**
State Bar No.:  24035414
**ATTORNEY FOR PLAINTIFF**

**APP 195**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this the 14th day of October 2014, a true and correct copy of the foregoing document was sent to the following via the means indicated below:

**<u>Via Fax Nos. (214) 749-6316</u>**
**<u>& Via ECF Filing</u>**
David L. Sargent
Andrew L. Petersen
Hermes Sargent Bates
901 Main Street, Suite 5200
Dallas, Texas 75202

*Attorneys for Defendants*


                       __/s/ Christopher Rehmet_____
                       CHRISTOPHER REHMET

**APP 196**