IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BARRY MACLEOD | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civ. A. 4:15-cv-00239-RC-CMC |
| | § | |
| MICHAEL CULVER and | § | |
| HULL TRUCKING, INC. | § | |
|     Defendants. | § | |

**AGREED MOTION TO DISMISS OR ALTERNATIVELY
CONSOLIDATE AND BRIEF IN SUPPORT**

COME NOW, Plaintiff BARRY MACLEOD ("MacLeod") and Defendants MICHAEL CULVER ("Culver") and HULL TRUCKING, INC. ("Hull Trucking") (collectively "the Parties") and file this *Agreed Motion to Dismiss or Alternatively Consolidate and Brief in Support*, submitting the following to the Court:

### I.     BACKGROUND AND PROCEDURAL HISTORY

Two cases currently pending in this district involve the exact same claims brought by Plaintiff Barry MacLeod against exactly the same Defendants. Because the two pending cases are identical, the most-recently-filed lawsuit should be dismissed, or alternatively should be consolidated with the first-filed lawsuit. The first-filed case was filed June 27, 2014 and is styled *Barry MacLeod v. Michael Culver and Hull Trucking, Inc.*, Civ. A. 4:14-cv-00550-RAS. The second-filed case is the case at bar, which was filed January 2, 2015 and is styled *Barry MacLeod v. Michael Culver and Hull Trucking, Inc.*, Civ. A. 4:15-cv-00239-RC-CMC.

The first-filed lawsuit was filed by Barry MacLeod in Collin County Court against diverse defendants Culver and Hull Trucking,[1] who then removed the case to United States District Court for the Eastern District of Texas where the case was assigned Civil Action No. 4:14-cv-00550-RAS. Plaintiff MacLeod then unsuccessfully attempted to dismiss that first-filed case.

Believing the first-filed case had been dismissed, MacLeod then filed a second case in Dallas County Court. Culver and Hull Trucking removed that lawsuit from Dallas County Court to the United States District Court for the Northern District of Texas based on diversity jurisdiction and improper joinder.[2] Defendants Culver and Hull Trucking then moved to sever the improperly joined claims and transfer MacLeod's claims against Culver and Hull Trucking to the Eastern District, where the first-filed case already existed. On April 7, 2015, the Northern District Court granted the motion to sever and transfer, and entered an order severing the two unrelated claims and transferring the severed MacLeod-Culver-Hull Trucking lawsuit to this Sherman Division of United States District Court for the Eastern District of Texas. The severed and transferred case was assigned Civil Action No. 4:15-cv-00239-RC-CMC.

The Parties now seek dismissal of the case at bar (the second-filed lawsuit assigned Civil Action No. 4:15-cv-00239-RC-CMC), or alternatively consolidation with the first-filed case (Civil Action No. 4:14-cv-00550-RAS) with the matter proceeding as the first-filed case before The Honorable Richard A. Schell as Civil Action No. 4:14-cv-00550-RAS.

---

[1] Plaintiff MacLeod resides in Plano, Collin County, Texas, and Defendants Culver and Hull Trucking are citizens of Missouri.

[2] The litigation arose from two separate and unrelated motor vehicle accidents—the one involving Culver and Hull Trucking occurring in Collin County and another subsequent wreck which occurred in Denton County.

## II. ARGUMENT & AUTHORITIES

When dealing with a duplicative or repetitive suit that remains pending and has not yet been dismissed, the Court may either consolidate the two actions or dismiss the action without prejudice to plaintiff pursuing his other case. *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir.1993); *McGill v. Juanita Kraft Postal Serv.*, 3:03-CV-1113-K, 2003 WL 21355439, at *2 (N.D. Tex. June 6, 2003), *report and recommendation adopted*, 3:03-CV-1113-K, 2003 WL 21467745 (N.D. Tex. June 18, 2003). Ordinarily, the courts dismiss the later-filed action in favor of the case that was filed earlier. *Pittman*, 980 F.2d at 995; *McGill*, 2003 WL 21355439, at *2.

Under the Federal Rules, district courts are vested with broad discretionary authority to consolidate cases in the interests of efficiency and judicial economy. *Pittman v. Mem'l Herman Healthcare*, 124 F. Supp. 2d 446, 449 (S.D. Tex. 2000). The trial court's managerial power is especially strong and flexible in matters of consolidation. *Center for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 432 (5th Cir. 2013). The district court has broad discretion under this rule to consolidate cases pending in the same district, even if before different judges. *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777 (9th Cir. 1989). The cases to be consolidated must involve common questions of law or fact. FED. R. CIV. P. 42(a); *Frazier v. Garrison ISD*, 980 F.2d 1514, 1531 (5th Cir. 1993).

Plaintiff MacLeod has two identical lawsuits now pending in the Sherman Division of the Eastern District of Texas. *Compare* Exhibit A (First-Filed Original Petition in Collin County Court) *with* Exhibit B (Second-Filed Original Petition in Dallas County Court). In both complaints, Plaintiff MacLeod alleges (1) negligence against Defendant Culver; (2) negligence per se against Defendant Culver; (3) negligent

entrustment against Defendant Hull Trucking; (4) negligent hiring, supervision, training and retention against Hull Trucking; and (5) respondeat superior with regard to Defendant Hull Trucking for the alleged negligence of Defendant Culver. *See* Ex. A, pp. 3-4, ¶¶ 5.1-9.1; Ex. B, pp. 4-7, ¶¶ 5.1, 7.1, 8.1, 9.1, 10.1. Both causes of action are related to the same motor vehicle accident that occurred on January 30, 2014 in Frisco, Collin County, Texas. *See* Ex. A, p. 2, ¶ 4.1; Ex. B, p. 3, ¶ 4.1. In both causes of action, Plaintiff MacLeod seeks the same tort-type damages for injuries MacLeod allegedly sustained in that motor vehicle accident. *See* Ex. A, p. 5, ¶ 10.1; Ex. B, pp. 7-8, ¶ 12.1. Clearly, both lawsuits are identical, and the case at bar should be either dismissed or consolidated with the first-filed action.

The benefits of dismissal or consolidation outweigh any burden, and dismissal or alternatively consolidation will also conserve judicial resources. Through dismissal or consolidation, these identical lawsuits will proceed as one lawsuit, with the same pleading and motion practice and with the same discovery via disclosures, written discovery, and depositions. Moreover, witnesses will not need to appear twice for trial, and there will be no race to see which lawsuit becomes res judicata. Finally, the attorneys and this Court will not try the matter twice, risking conflicting results, but will try the matter only once before a jury in the first-filed case before The Honorable Richard A. Schell as Civil Action No. 4:14-cv-00550-RAS.

### III.     CONCLUSION AND PRAYER

For the reasons set forth above, the Parties seek dismissal of the case at bar (the second-filed lawsuit assigned Civil Action No. 4:15-cv-00239-RC-CMC), or alternatively consolidation of the case at bar with the first-filed case (Civil Action No. 4:14-cv-00550-RAS).

WHEREFORE, PREMISES CONSIDERED, Plaintiff Barry MacLeod and Defendants Michael Culver and Hull Trucking, Inc. respectfully pray that the Court grant their *Agreed Motion to Dismiss or Alternatively Consolidate* and enter an order dismissing Civil Action No. 4:15-cv-00239-RC-CMC, or alternatively enter an order consolidating Civil Action No. 4:15-cv-00239-RC-CMC with Civil Action No. 4:14-cv-00550-RAS to proceed before The Honorable Richard A. Schell as *Barry MacLeod v. Michael Culver and Hull Trucking, Inc.*, Civil Action No. 4:14-cv-00550-RAS.

Respectfully submitted,

By: /s/ Christopher Rehmet
**CHRISTOPHER REHMET**
State Bar No. 24035414
service@tatelawoffices.com
**TATE REHMET LAW OFFICE, P.C.**
2902 N. Highway 75
Sherman, Texas  75090
Telephone: (903) 892-4440
Facsimile: (972) 387-2725
**ATTORNEY FOR PLAINTIFF
BARRY MACLEOD**

                         By: */s/ Christina Gratke Nason*
                             **DAVID L SARGENT**
                             State Bar No. 17648700
                             david.sargent@hsblaw.com
                             **CHRISTINA GRATKE NASON**
                             State Bar No. 00798012
                             christina.nason@hsblaw.com
                             **ANDREW L. PETERSEN**
                             State Bar No. 24059226
                             andrew.petersen@hsblaw.com
                             **HERMES SARGENT BATES, LLP**
                             901 Main Street, Suite 5200
                             Dallas, Texas 75202
                             Telephone: 214.749.6516
                             Facsimile: 214.749.6316
                             **ATTORNEYS FOR DEFENDANTS MICHAEL CULVER AND HULL TRUCKING, INC.**

## CERTIFICATE OF SERVICE

      The undersigned certifies that on the 14th day of May 2015, a true and correct copy of the foregoing document was forwarded electronically via PACER/ECF to the following counsel of record:

Christopher Rehmet
Tate Rehmet Law Office, P.C.
2902 North U.S. Highway 75
Sherman, TX  75090
service@tatelawoffices.com

                             */s/ Christina Gratke Nason*
                             **CHRISTINA GRATKE NASON**